UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLON COLKER, M.D., ET AL<br>      Plaintiff<br><br>v.<br><br>ANN CALLIS, ET AL<br>      Defendant | CASE #: 3:25-cv-00711<br><br>JULY 29, 2025 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ANN CALLIS AND HOLLAND LAW FIRM, LLC'S MOTION TO SEAL

Pursuant to Local Rule of Civil Procedure 5(e), Defendants Ann Callis and Holland Law Firm, LLC ("Callis" or "Holland"; collectively "Defendants") hereby move for an Order sealing portions of their Memorandum of Law in support of their Motion to Dismiss, filed contemporaneously herewith, as well as Exhibit A attached to the accompanying Affidavit of Timothy Gondek. The documentation and information to be sealed contains personal information contained within the medical records of a non-party, Janel Grant ("Grant") including but not limited to protected health information which necessarily should be protected from public view.

### I.    BACKGROUND

Plaintiffs Dr. Carlon Colker and Peak Wellness, Inc. ("Plaintiffs") brought this action against Defendants alleging defamation per se. Plaintiffs allege that Callis, while representing Colker's former patient Grant in a separate legal matter, made defamatory statements about

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
185 Asylum Street, Suite 2603
Hartford, CT 06103
**Juris No. 427824**
**PHONE:** 860.566.8045
**FAX:** 860.748.4857

Plaintiffs. Specifically, Plaintiffs allege that Callis made false and defamatory statements concerning the medical treatment provided to Grant by the Plaintiffs. Within the Complaint, Plaintiffs allege that the statements made by the Defendants were knowingly and demonstrably false as proven by Grant's medical records, which Plaintiffs contend were in the possession of the Defendants at the time the statements were made. The only basis cited by the Plaintiffs in support of their contention that the statements were made with actual malice is that Callis was in possession of Grant's medical records from Peak Wellness, which allegedly disprove the statements she made. But this is demonstrably not true.

Defendants have prepared and filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), in which Defendants argue that the Complaint should be dismissed for failing to allege any plausible basis to support an allegation of actual malice. The crux of Defendants' argument is that Grant's medical records, which are relied upon by the Plaintiffs within their Complaint, do not contradict the statements at issue but instead are either irrelevant or otherwise verify and confirm the statements. Defendants have filed a redacted Memorandum in Support of the Motion to Dismiss which redacts a paragraph of the brief that discusses specific information from those medical records, and omits the records themselves as an exhibit. The medical records at issue, heavily relied upon as a basis for the Plaintiffs' allegations, support the Motion to Dismiss and critically establish that the Complaint fails to plausibly allege actual malice. Defendants therefore move to submit an unredacted version of their Memorandum of Law in support of their motion to dismiss under seal, as well as the medical records attached to the Memorandum as Exhibit A.

## II. LAW AND ARGUMENT

Pursuant to Local Rule of Civil Procedure 5(e) for the U.S. District Court: District of Connecticut, judicial documents can only be sealed when supported by clear and compelling reasoning. A statute mandating or permitting the non-disclosure of a class of documents (e.g. health care records) provides sufficient authority to support an order sealing such documents. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), for example, provides one such piece of federal legislation aimed at protecting patients' private health information.

Courts typically determine if sealing is necessary and appropriate "on the basis of a careful document-by-document review of the particular portions of the document that a party wishes to be kept under seal and after considering whether the requested order is no broader than necessary to serve the interests that require protection." *Von Spee v. von Spee*, No. 3:05-CV-1488, 2007 U.S. Dist. LEXIS 110032. Courts in the Second Circuit have held that highly personal and detailed medical records should be filed under seal and out of the public eye. *Id*. "HIPAA protects from disclosure 'protected health information' related to the 'treatment, payment, or healthcare operations.' 45 C.F.R. § 164.502(a). The term 'health information' covers, among other things, 'past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual.' *Id.* at § 160.103. 'Courts in this Circuit have repeatedly held that information protected by HIPAA is not subject to a First Amendment or common-law right of access and thus have sealed docket entries and redacted documents that contain such information.' *Offor v. Mercy*

*Med. Ctr.*, 167 F. Supp. 3d 414, 445-46 (E.D.N.Y. 2016)" *Popat v. Levy*, No. 1:15-CV-01052 EAW, 2024 WL 2149038, at *1 (W.D.N.Y. May 14, 2024) "[S]ealing is warranted to protect personal privacy of personal health information . . . . " *Vanguard Dealer Servs., LLC v. Bottom Line Driven, LLC*, No. 3:21-CV-659 (JAM), 2023 WL 4746180, at *1 (D. Conn. Apr. 27, 2023).

Here, the medical records sought to be sealed (along with one paragraph discussing the medical records in the Memorandum of Law) are highly personal in nature and include Grant's private health and medical information. Grant's privacy interests clearly outweigh the interest of public access; indeed, there is no conceivable reason why the public would, or should, have any interest in access to a private individual's medical records. These records are also properly submitted in support of the Motion to Dismiss; they are referenced numerous times within the Complaint, and serve as the sole basis for the Plaintiffs' allegation that the statements made by the Defendants were made with actual malice. As addressed in the Motion to Dismiss, this court may consider the medical records in connection with the motion.[1] And indeed, given the substance of the allegations within the Complaint, consideration of the medical records will greatly assist the court in deciding whether the Plaintiffs have plausibly pled their claim. Put simply, the medical

---

[1] "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991). The Court may take into consideration a document that is "integral to the complaint" in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment. *Id.* at 47–48. *See e.g. Collins v. Feder,* No. 3:23-CV-71 (KAD), 2024 WL 1658442, at *4 (D. Conn. Apr. 17, 2024)("The medical records, which the Court has determined were relied upon in crafting the Second Amended Complaint and can be considered in assessing this motion to dismiss. . .").

records at issue will be of assistance to this court in adjudicating the Motion to Dismiss, and given the inherently private and protected nature of personal health information, should properly be submitted under seal.

### III.  CONCLUSION

The undersigned Defendants respectfully request that their Motion to Seal both the medical records containing protected health information of Janel Grant as well an unredacted copy of the Motion to Dismiss discussing the contents of those records be granted.

Respectfully submitted,
ANN CALLIS
HOLLAND LAW FIRM LLC

By: */s/ Timothy Gondek / Juris #ct29190*
Timothy Gondek
Hannah Meyers
LEWIS BRISBOIS BISGAARD & SMITH, LLP
185 Asylum Street
Suite 2603
Hartford, Connecticut 06103
Timothy.Gondek@LewisBrisbois.com
Hannah.Meyers@LewisBrisbois.com
hartfordservice@lewisbrisbois.com
Tel: (860) 748-4806
Fax: (860) 748-4857

Alexa T. Millinger
William S. Fish, Jr.
HINCKLEY ALLEN & SNYDER LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
amillinger@hinckleyallen.com
wfish@hinckleyallen.com
Tel: (860) 725-6200
Fax: (860) 278-3802

## **CERTIFICATION OF SERVICE**

This is to certify that on this 29th day of July, 2025, a copy of the foregoing was filed electronically on the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record for viewing via the Court's ECF system.

                                                 */s/ Timothy M. Gondek*
                                                  Timothy M. Gondek