UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLON M. COLKER, M.D., ET AL<br>　　　Plaintiff<br><br>v.<br><br>ANN CALLIS, ET AL<br>　　　　Defendant | CASE No.: 3:25-cv-00711<br><br><br>AUGUST 15, 2025 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STAY DISCOVERY**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Defendants Ann Callis and the Holland Law Firm (collectively the "Defendants") move to stay all discovery until resolution of the Defendants' pending Motion to Dismiss.

The Defendants filed a Motion to Dismiss on July 29, 2025. (ECF No. 37). The Motion seeks dismissal of the entire complaint based on the Plaintiffs' Carlon Colker and Peak Wellness, Inc. (the "Plaintiffs") failure to plead actual malice. The Court has given the Plaintiffs until August 19 to file a response to the Motion to Dismiss, either in the form of an Amended Complaint or an opposition. Meanwhile, Plaintiffs served discovery on both Defendants on August 7, 2025 consisting of requests for production of documents, interrogatories, and requests for admission directed at each Defendant. Because there is a substantial likelihood the Defendants will prevail on their Motion to Dismiss, and the discovery served raises serious privilege issues that will inevitably engender significant motion practice, the Defendants request that the Court stay any discovery until after resolution of the Motion to Dismiss.

1

**Relevant Background**

This action is intertwined with several other legal actions in which Defendants serve as legal counsel to Janel Grant, and in which the Plaintiffs are either parties or material witnesses, including *Janel Grant v. World Wrestling Entertainment, Inc., et al.*, 3:24-cv-00090 (the "WWE Lawsuit") and two bill of discovery actions filed in Connecticut state court. (*See* summary at ECF 37 at 4-8). The Plaintiffs' attempt to conjure a defamation claim against the Defendants is merely the latest in a series of tactics designed to hinder Grant from a fair adjudication of her serious claims.

In this action, the Plaintiffs have alleged that Callis made a series of public statements relating to the litigation involving the Plaintiffs that Callis "knew" to be false because the statements were "directly contradicted" by medical records that Callis had. But those medical records not only <u>do not</u> contradict Callis' statements, but instead often verify and confirm them. Significantly, this reference to medical records is the <u>only allegation of actual malice in the Complaint</u>. Because the Plaintiffs are public figures and therefore need to meet the heightened actual malice standard, they have not stated a proper defamation claim. As a result, the Complaint should be dismissed in its entirety for its failure to allege any plausible basis to support the necessary allegation of actual malice.

Specifically, the Complaint here centers entirely upon allegedly false and defamatory statements Callis made on October 15, 2024 in a press release and press conference related to the WWE Lawsuit. (Compl. ¶¶ 2, 54).

The Plaintiffs identify the allegedly false and defamatory statements (collectively referred to as the "Statements") within the Complaint. First, paragraph 56 identifies the alleged defamation in the October 15, 2024 Press Release. Presumably the emphasis (supplied by Plaintiffs) highlights the allegedly defamatory portions of the excerpts:

2

> "Imagine being at your most vulnerable, and the doctor you are told to see only makes you feel worse. ***Our filing today*** makes clear that Dr. Colker violated ethical and medical standards when ***he injected unknown substances*** into [Patient's] body and ***directed her to take unlabeled pills*** while dismissing her basic questions about those drugs. Peak Wellness owes [Patient] answers, and the clinic's secrecy and evasion must come to an end."

(*Id.* ¶ 56). The Plaintiffs next identify five statements allegedly made by Callis during the Press Conference which Plaintiffs contend are false and defamatory:

- "Due to the abuse she suffered, [Patient] was desperate for medical help, and she trusted licensed professionals to approach her care with the utmost seriousness. Dr. ***Colker instead violated ethical and medical standards and routinely broke the doctor-patient trust*** integral to proper treatment."
- "At Peak Wellness, Dr. Colker who runs the clinic ***also directed [Patient] to take mystery pills*** daily and ***forced her to accept intravenous infusions of unknown contents.***"
- "***Dr. Colker was on McMahon's payroll and obtained access to [Patient's] private medical records***, dictated her treatment and often ***coerced [Patient] into continuing her treatment*** at Peak Wellness."
- "We also know that she was ***getting progressively worse***. Even the records we received that are incomplete show that ***she was not getting any better*** with these treatments, with these infusions, with ***these unknown pills***."
- "Imagine, you know, trying to seek medical attention for feeling emotionally and physically drained and headaches and everything else that comes with trauma to your body and ***you just get worse***."

(*Id*. ¶ 58).

Plaintiffs go on to allege that these Statements were knowingly and demonstrably false, and that their falsehood was conclusively proven by Grant's medical records. (*Id*. ¶ 64).

To support their allegations of actual malice, the Plaintiffs also allege that the time Callis made the Statements, she was "already in possession of Plaintiffs' complete medical records, and claim that the records contained material that "directly contradicted the falsehoods spread by Callis." (*Id*. ¶¶ 65-66). These medical records are referred to in this brief as the "Medical Records." To be clear, the content of the Medical Records is the only basis given by the Plaintiffs to support their contention that the Statements were knowingly false and defamatory, i.e. with "actual malice."

3

The fatal flaw in the Plaintiffs' Complaint is that the Medical Records <u>do not</u> contradict the Statements. The Plaintiffs are public figures subject to the actual malice standard, as discussed below and in the Motion to Dismiss. Because the Medical Records do not disprove or even cast doubt on the Statements, the Plaintiffs have wholly failed to allege any plausible factual support showing actual malice—a necessary component of their defamation claim.

The Defendants filed their Motion to Dismiss on July 29, 2025. (ECF No. 37). The Motion seeks dismissal of the entire complaint based on the Plaintiffs' failure to plausibly plead actual malice given that the Plaintiffs are public figures. The Plaintiffs served discovery on both Defendants on August 7, 2025 consisting of requests for production of documents, interrogatories, and requests for admission directed at each defendant (the "Requests"). (Attached hereto as Exhibit A).

## **Legal Standard**

Federal Rule 26(c) permits a party to seek a stay of discovery upon a showing of good cause. *Granite Commc'ns, Inc. v. One Commc'ns Corp.,* No. 3:07-CV-1354 (PCD), 2008 WL 11381494, at *1 (D. Conn. Apr. 24, 2008). To determine whether good cause exists, a "court should consider several factors, including the breadth of the discovery sought, the burden of responding to it, and the prejudice that would be suffered by the party opposing the stay." *Id.* (citing *Cuartero v. United States*, No. 3:05CV1161 (RNC), 2006 WL 3190521, at *1 (D. Conn. Nov. 1, 2006) (quoting *Anti-Monopoly, Inc. v. Hasbro, Inc.,* No. 94 Civ. 2120, 1996 U.S. Dist. LEXIS 2684, *7-8 (S.D.N.Y. March 7, 1996)). Judges in this Court will stay discovery pending a motion to dismiss subject to "a strong showing that any such motions to dismiss would be successful[.]" *Id.* (internal citation and quotation marks omitted) (granting motion to stay discovery pending a motion to dismiss where discovery would be burdensome and there was a "likelihood that Defendants' motion to dismiss will be successful.")

Specifically, to determine whether a stay of discovery is appropriate, courts in this District consider "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *United States ex rel. Ameti v. Sikorsky Aircraft Corp.,* No. 3:14-CV-1223(VLB), 2016 WL 10490528, at *1 (D. Conn. Nov. 28, 2016). A stay of discovery is particularly appropriate "pending resolution of a potentially dispositive motion where the motion articulates substantial grounds for dismissal." *Country Club of Fairfield, Inc. v. N.H. Ins. Co.,* No. 3:13-CV-00509 VLB, 2014 WL 3895923, at *3 (D. Conn. Aug. 8, 2014).

## Argument

1. **There is a substantial likelihood Defendants' Motion to Dismiss will dispose of the entire case.**

A stay of discovery is particularly appropriate in this case given the likelihood that the Defendants' claims will be dismissed in whole at the motion-to-dismiss stage.

For a stay to be appropriate, however, the Court need not determine that the motion to dismiss will ultimately be granted. Instead, the Court need only determine that the arguments in favor of dismissal are "substantial and not unfounded in the law." *ITT Corp. v. Travelers Cas. & Sur. Co.,* No. 3:12CV38 RNC, 2012 WL 2944357, at *3 (D. Conn. July 18, 2012)(noting that "[t]he court does not presume to predict the outcome of the motion to dismiss" when it granted the stay); *see also Cuartero v. United States,* No. 3:05CV1161 RNC, 2006 WL 3190521, at *2 (D. Conn. Nov. 1, 2006) (granting stay and noting: "The court expresses no opinion as to the outcome of the Motion to Dismiss, but the defendant's memorandum of law does appear to raise substantial issues based on statutes, caselaw and the facts of this case.").

As detailed in the Defendants' Motion to Dismiss, the Plaintiffs cannot plausibly plead actual malice here. The Plaintiffs' burden is to plead sufficient facts that, if true, could plausibly show by clear and convincing evidence that Defendants published the Statements with actual malice. *Biro v. Conde Nast,* 807 F.3d 541, 544-45 (2015). *See also New York Times Co. v. Sullivan,* 376 U.S. 254, 279-80 (1964)(a plaintiff who is a public figure bears this heightened burden). The Plaintiffs are public figures. (*See* ECF No. 37 at pp. 11-14). The sole allegation that the Plaintiffs rely on to support actual malice is that Callis was allegedly in possession of the "complete" Medical Records (Compl. ¶26), which "prove each of the [alleged defamatory Statements] demonstrably false." (Compl. ¶64). But the Medical Records absolutely do not contradict the Statements. There is nothing in the Medical Records— which the Defendants attached to the Motion to Dismiss and the Court may consider as part of the record—that would establish that Callis knew the Statements were false or acted with "reckless disregard" for the truth. Although the Plaintiffs were invited to amend their Complaint, they cannot amend with any evidence that would show actual malice given that the Medical Records are the entire universe of the allegations and they do not contain any such evidence. Therefore, there is a substantial likelihood that the Plaintiffs cannot plead this critical element and the Defendants will prevail on the Motion to Dismiss.

2. **Undertaking discovery before resolution of the Motion to Dismiss would be particularly burdensome because discovery in this case implicates extensive issues that will require motion practice.**

While this is not a case where a motion to dismiss may narrow the claims if it does not dispose of the entire action—as there is only one claim pled—the discovery sought is extensive and raises significant issues which would likely require extensive motion practice.

First, the Plaintiffs served six sets of discovery: requests for admission, document requests, and interrogatories on each of the Defendants. The document requests broadly seek all

documents and communications related to the allegations of the Complaint, including about 20 categories of documents requested from each Defendant.

But the bigger issue is that the Requests largely seek information which may impact or derive from the underlying WWE Litigation, and which concurrently may be protected by the attorney client privilege and work product protection arising from Defendant's representation of the plaintiff Janel Grant in that case, among other privileges. These issues will raise significant discovery disputes that may be unnecessary if the Complaint is ultimately dismissed. First, the parties are of the understanding that there is presently a discovery stay in the WWE Litigation. To the extent that Plaintiff seeks information which may be implicated by the stay entered by this court in that matter, the parties will certainly need to entertain significant motion practice and court intervention to ascertain the impact of that stay upon the discovery here.

Next, and consequently, the nature of the allegations made by Plaintiff may implicate the attorney client privilege with respect to the Plaintiff's discovery requests. The Defendants are a lawyer and a law firm, therefore there is a baseline high likelihood that a significant portion of their communications with respect to ongoing litigation are subject to a privilege claim. The allegedly defamatory statements that are the basis of the Complaint relate to the Defendants' client, Janel Grant, and tie in closely with the allegations at the center of the WWE Litigation. Additionally, as the Court is aware, and described in the Defendants' Motion to Dismiss (pp. 2-6), there are three other lawsuits that relate to this one and form the impetus for the alleged defamatory statements in this action: the WWE Litigation and two bill of discovery actions. Defendants are or were counsel to Janel Grant in all of those actions, two of which are still ongoing. All of Defendants' communications with Ms. Grant (through Callis and other lawyers at the firm) related to those actions is privileged, and their internal communications and work on those cases are subject to work product protection given the ongoing litigation. The Requests

7

also seek information about preparation of the press release and press conference alleged in the Complaint, which implicate communications with Defendants' public relations firm, which are also subject to privilege.

The Requests directly seek these privileged documents and information. For instance, the majority of the document requests issued to Callis seek her communications about the Medical Records at issue and the basis for her knowledge of the allegedly defamatory statements. But as the Plaintiff is well aware, the alleged defamatory statements are based on Callis' representation of Ms. Grant in the WWE Litigation and statements made in the course of the bill of discovery action against Dr. Colker. For instance, the first document request to Callis seeks "[a]ny documents and communications concerning the receipt, review, or discussion of [Janel Grant's] medical records received from Plaintiffs." This clearly implicates both attorney-client privileged communications and attorney work product. The same is true for the interrogatories, which seek information like "the factual basis for Your statement that Dr. Colker coerced Patient into continuing treatment at Peak Wellness" and "the factual basis for Your statement that Patient was getting progressively worse during her treatment at Peak Wellness." (Interrogatories 16 and 17 to Callis).

If discovery were not stayed, the Defendants would assert appropriate objections to these requests, and potentially seek a protective order, which the Plaintiffs would inevitably challenge, resulting in extensive motion practice. If that fight needs to be had, the Defendants will engage, but it would not be prudent to use the Court and parties' time and resources on an extensive dispute over privilege where the case is likely to be dismissed. *See e.g. Giminez v. L. Offs. of Hoffman & Hoffman,* No. CV 12-0669 JFB ETB, 2012 WL 2861014, at *2 (E.D.N.Y. July 11, 2012)(in granting a motion to stay discovery, citing that discovery is likely to seek attorney-

client privileged information, which will "likely to lead to protracted motion practice, which may end up being moot in the event these actions are dismissed.").

Finally, there is no reason why the Plaintiffs would be prejudiced if discovery were stayed. There is no risk of destruction of any evidence or loss of any witnesses. There is no reason a potentially short delay in seeking discovery would prejudice the Plaintiffs, particularly given that this matter remains in its early stages and is leagues away from trial.

For all the foregoing reasons, the Defendants respectfully request this Court issue an order staying all discovery—including Initial Disclosures— until resolution of the Defendants' Motion to Dismiss.

Respectfully submitted,
ANNE CALLIS
HOLLAND LAW FIRM LLC

By: */s/ Alexa T. Millinger*
Alexa T. Millinger
William S. Fish, Jr.
HINCKLEY ALLEN & SNYDER LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
amillinger@hinckleyallen.com
wfish@hinckleyallen.com
Tel: (860) 725-6200
Fax: (860) 278-3802

Timothy Gondek
Hannah Meyers
LEWIS BRISBOIS BISGAARD & SMITH, LLP
185 Asylum Street
Suite 2603
Hartford, Connecticut 06103
Timothy.Gondek@LewisBrisbois.com
Hannah.Meyers@LewisBrisbois.com
hartfordservice@lewisbrisbois.com
Tel: (860) 748-4806
Fax: (860) 748-4857

**CERTIFICATE OF SERVICE**

      This is to certify that on August 15, 2025, a copy of the foregoing was filed electronically on the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record for viewing via the Court's ECF system.

                                          */s/ Alexa T. Millinger*
                                          Alexa T. Millinger