# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CARLON M. COLKER, M.D., an individual, and PEAK WELLNESS, INC., a Connecticut corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ANNE CALLIS, an individual, and HOLLAND LAW FIRM LLC, a Missouri limited liability company,<br><br>Defendants. | Case No.: 3:25-cv-00711-RNC |

**PLAINTIFFS CARLON M. COLKER, M.D. AND PEAK WELLNESS, INC'S FIRST SET OF INTERROGATORIES TO DEFENDANT HOLLAND LAW FIRM LLC**

Plaintiffs CARLON M. COLKER, M.D. and PEAK WELLNESS, INC., ("Plaintiffs") by and through undersigned counsel and under Fed. R. Civ. P. 33, propounds this First Set of Interrogatories to Defendant, HOLLAND LAW FIRM, LLC., as follows:

**DEFINITIONS AND INSTRUCTIONS**

1.      "You," "Your" or "Holland Law" refers to Defendant Holland Law Firm LLC, and any person or entity who was, or purported to be, acting on its behalf, including, but not limited to, its attorneys, paralegals, employees, agents, media representatives, public relations consultants, co-counsel, and any related or affiliated entity or person.

2.      "Callis" refers to Defendant Anne Callis, and any person or entity who was, or purported to be, acting on her behalf, including, but not limited to, her attorneys, paralegals, employees, agents, media representatives, public relations consultants, co-counsel, and any related or affiliated entity or person.

3.      "Dr. Colker" refers to Plaintiff Carlon M. Colker, M.D., and any person or entity who was, or purported to be, acting on his behalf, including, but not limited to, his attorneys, employees, agents, representatives, and any related or affiliated entity or person.

4.      "Peak Wellness" refers to Plaintiff Peak Wellness, Inc., and any person or entity who was, or purported to be, acting on its behalf, including, but not limited to, its attorneys, employees, agents, representatives, and any related or affiliated entity or person.

5.      The term "Plaintiffs" refers to Dr. Colker and Peak Wellness and any of their agents or representatives.

6.      "WWE Litigation" means the civil action filed on or about January 25, 2024, by Callis, on behalf of Patient, in the United States District Court for the District of Connecticut, styled *Grant v. World Wrestling Entertainment, Inc., et al.,* Case No. 3:24-cv-00090, and any related filings, pleadings, communications, or proceedings.

7.      The term "Patient" means the individual treated by Plaintiffs and referenced under pseudonym in the WWE Litigation, and on whose behalf Holland Law Firm acted in related legal proceedings.

8.      "Patient's medical records" means all documents or data created or maintained by Plaintiffs concerning the diagnosis, care, or treatment of Patient, including clinical notes, prescriptions, lab results, infusion logs, billing records, and documents stored in the DrChrono electronic medical records system, along with any associated metadata.

9.      "McMahon" refers to Vince McMahon, the individual named as a defendant in the WWE Litigation and referenced throughout the Complaint, including any agents, representatives, or persons acting on his behalf.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

10.    "Pre-Suit Discovery Action" means the petition filed on or about July 1, 2024 by Callis, on behalf of Patient, in Connecticut Superior Court seeking pre-suit discovery from Plaintiffs, including but not limited to the Bill of Discovery and any related filings, correspondence, or proceedings.

11.    "Press Release" means the October 15, 2024 written statement issued by Defendants to the media concerning Plaintiffs.

12.    "Press Conference" refers to the October 15, 2024 video presentation on YouTube or any similar public broadcast made by Callis or Holland Law referring to Plaintiffs.

13.    The term "Media" means any journalist, reporter, press outlet, blogger, podcaster, or publisher, whether print, television, radio, online, or social media-based.

14.    The term "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

15.    The term "document" means any medium upon which intelligence or information can be recorded or retrieved and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, article, publication, brochure, manual, periodical, letter, correspondence, journal, memorandum (including any memorandum of report of a meeting or conversation), invoice, bill, order form, receipt, voucher, check, financial statements, accounting entry, instruction, schedule, shop order, diary, calendar, telex, telegram, cable, report, record, minutes, notice, contract, agreement, study, work paper, handwritten note, draft, demand, chart, paper, print, laboratory record, drawing sketch, diagram, form, graph, index list, tape, photograph, microfilm, videotape, motion picture, model, map, plat, data sheet, data proceeding,

card, emails, computer files, back-up tapes, hard disks, litigation data bases, communication, digital message, voice message, voicemail, direct message, WhatsApp message, WeChat message, Facebook message, X/Twitter direct message, iMessage, text message, oral, written or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, email messages, conferences, seminars, or notes, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however, produced and reproduced, that is in your possession, custody or control.

16.    The terms "and" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information which otherwise might be construed to be outside its scope.

17.    The terms "relating to" and "concerning" means containing, constituting, comprising, showing, evidencing, mentioning, reflecting, pertaining to, or referring to in any way, directly or indirectly, and is meant to include, without limitation, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by the request.

18.    "Identify," when used in reference to an individual person, shall be read to call for the following information with regarding to him or her: the full name, including any other names by which such person has been known, the present address, the present business address, the present or last known relationship, association or affiliation with this answering Defendant and, if different, the relationship, association or affiliation at the time referred to in the Complaint.

19.    "Identify," when used in reference to a document, shall be read to call for the following:

4

A.    The date and general nature of the document, *i.e.*, whether it is a letter, a memorandum, a report, etc.

B.    The subject matter(s) of the document's content;

C.    The date the document was executed if different from the date it bears;

D.    The name, address and position or business affiliation of the following:
    (a)    the original author(s);
    (b)    each person who edited, corrected, revised, or amended the document;
    (c)    each person who entered initials, comments or notations on such document; and
    (d)    each recipient of a copy of the document;

E.    The place where any negotiations or conversations leading up to the execution of such document took place;

F.    The place(s) at which the document was negotiated and executed;

G.    The present location of the document and the name, present address and position of person or persons having present custody thereof;

H.    The name, address, and position or business affiliation of any addressee or designated recipient;

I.    Whether the document has been destroyed and, if so, with regard to such destruction, the following:

    (a)    the date thereof;
    (b)    the reason therefor; and
    (c)    the identity of the person or persons who either destroyed the document or directed its destruction; and

J.    A statement as to whether you are willing, upon receipt of a Request for Production, to voluntarily produce such document for inspection and copying by Plaintiff.

20.    "Communication" shall mean any method by which ideas or expressions, whether articulated or nonverbal, are transmitted between persons or entities and shall include by way of

5

illustration, and not by way of limitation, oral statements, conversations, conferences, signs, gestures, and other, non-verbal transmissions of ideas.

21.     "Identify," when used in reference to a communication (as defined herein), shall be read to call for the following information:

       A.     The date and place it was made;

       B.     The identity of each and every person who participated in such conversation or made such oral communication;

       C.     The manner of such conversation or oral communication (i.e., whether by telephone, face-to-face, etc.);

       D.     The verbatim content of or a detailed description of what each person said during the conversation or oral communication; and

       E.     The name, address, and telephone number of each person who overheard or was present to hear such conversation or communication.

22.     "Describe in detail" means to give a full and complete narrative account of the information requested without omission of any relevant facts, whether deemed material by the Plaintiff or not, and without omission of information which could lead to relevant facts, all within the spirit of the discovery rules.

23.     The term "any" means one or more.

24.     The term "Action" shall mean the case identified in the caption herein.

25.     The term "person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

26.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

27.     Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

## INTERROGATORIES

1.     Identify all statements made by You, or on Your behalf, about Plaintiffs that were published or disseminated in the Press Release or Press Conference.

    **Answer:**


2.     Identify all dates on which You, or anyone acting on Your behalf, received or reviewed any of Patient's medical records from Plaintiffs or their counsel.

    **Answer:**


3.     State whether You, or anyone acting on Your behalf, reviewed Patient's medical records prior to any public statements made about Plaintiffs, and identify all such records.

    **Answer:**


4.     Identify all persons, other than the Patient, whom You interviewed, consulted, or otherwise relied upon to verify the accuracy of the statements made about Plaintiffs in the Press Release or Press Conference.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**Answer:**

5.      Describe in detail all independent research or investigation You conducted to verify the accuracy of the statements You made about Plaintiffs in the Press Release or Press Conference, including the nature of the research, the sources consulted, the dates of such efforts, and the identities of all persons involved.

**Answer:**

6.      Identify all persons affiliated with You who were involved in the preparation, review, authorization, or approval of the Press Release or Press Conference.

**Answer:**

7.      Identify all media outlets, reporters, or third parties to whom You, or anyone acting on Your behalf, sent or made available the Press Release or a recording of the Press Conference.

**Answer:**

8.      Describe in detail the factual basis for any statement made by You, or on Your behalf, that Plaintiffs forced Patient to accept intravenous infusions of unknown contents.

**Answer:**

9.      Describe in detail the factual basis for any statement made by You, or on Your behalf, that Plaintiffs allowed unauthorized access to Patient's medical records.

**Answer:**

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

10.    Describe in detail the factual basis for any statement made by You, or on Your behalf, that Plaintiffs improperly withheld medical records from Patient.

**Answer:**


11.    Describe in detail the factual basis for any statement made by You, or on Your behalf, that Plaintiffs routinely broke doctor-patient trust.

**Answer:**


12.    Describe in detail the factual basis for any statement made by You, or on Your behalf, that Plaintiffs injected unknown substances into Patient.

**Answer:**


13.    Describe in detail the factual basis for any statement made by You, or on Your behalf, that Plaintiffs directed Patient to take unlabeled pills and dismissed her questions about them.

**Answer:**


14.    Describe in detail the factual basis for any statement made by You, or on Your behalf, that Dr. Colker violated ethical and medical standards.

**Answer:**

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

15.    Describe in detail the factual basis for any statement made by You, or on Your behalf, that Dr. Colker was on McMahon's payroll and obtained access to Patient's medical records.

**Answer:**

16.    Describe in detail the factual basis for any statement made by You, or on Your behalf, that Dr. Colker coerced Patient into continuing treatment at Peak Wellness.

**Answer:**

17.    Describe in detail the factual basis for any statement made by You, or on Your behalf, that Patient was getting progressively worse during her treatment at Peak Wellness.

**Answer:**

18.    State whether You, or anyone acting on Your behalf, has ever issued, or directed the issuance of, any retraction, correction, or clarification concerning public statements made about Plaintiffs, and if so, describe the content, date, and manner of publication.

**Answer:**

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## **ACKNOWLEDGMENT**

By:_____

Print Name:_____

Title [if applicable]:_____

STATE OF _____

COUNTY OF _____

   BEFORE ME, the undersigned authority personally appeared _____

_____, who, being by me duly sworn, deposes and says under the penalty

of perjury that he/she executed the foregoing answers to interrogatories and that they are true and

correct.

   Sworn to and subscribed before me this ___ day of _____, 2025.

_____

My commission expires:

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Date: August 7, 2025

Respectfully submitted,

By: /s/ *Alejandro Brito*

**Alejandro Brito**
Florida Bar No. 098442
*Pro Hac Vice Admitted*
**Lara Juliette Fernandez**
Florida Bar No. 1059162
*Pro Hac Vice Admitted*
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office: 305-614-4071

**Dennis M. Durao**
KARSTEN & TALLBERG, LLC
500 Enterprise Drive
Suite 4B
Rocky Hill, CT 06067

*Counsel for Plaintiffs*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2025, a true and correct copy of the foregoing was served

upon the following via electronic mail with confirmation copy by regular mail:

Timothy Gondek, Esq.
Hannah Meyers, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP
185 Asylum Street
Suite 2603
Hartford, Connecticut 06103
Timothy.Gondek@LewisBrisbois.com
Hannah.Meyers@LewisBrisbois.com
hartfordservice@lewisbrisbois.com
*Counsel for Defendants*

Alexa T. Millinger
William S. Fish, Jr.
HINCKLEY ALLEN & SNYDER    LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
amillinger@hinckleyallen.com
wfish@hinckleyallen.com
*Counsel for Defendants*

By: /s/ *Alejandro Brito*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| CARLON M. COLKER, M.D., an individual, and PEAK WELLNESS, INC., a Connecticut corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ANNE CALLIS, an individual, and HOLLAND LAW FIRM LLC, a Missouri limited liability company, <br><br> Defendants. | Case No.: 3:25-cv-00711-RNC |

## PLAINTIFFS CARLON M. COLKER, M.D. AND PEAK WELLNESS, INC'S FIRST SET OF INTERROGATORIES TO DEFENDANT ANNE CALLIS

Plaintiffs CARLON M. COLKER, M.D. and PEAK WELLNESS, INC., ("Plaintiffs") by and through undersigned counsel and under Fed. R. Civ. P. 33, propounds this First Set of Interrogatories to Defendant, ANNE CALLIS as follows:

## DEFINITIONS AND INSTRUCTIONS

1.      "You," "Your" or "Callis" refers to Defendant Anne Callis, and any person or entity who was, or purported to be, acting on her behalf, including, but not limited to, her attorneys, paralegals, employees, agents, media representatives, public relations consultants, co-counsel, and any related or affiliated entity or person.

2.      "Holland Law" refers to Defendant Holland Law Firm LLC, and any person or entity who was, or purported to be, acting on its behalf, including, but not limited to, its attorneys, employees, partners, agents, co-counsel, public relations consultants, media representatives, and any related or affiliated entity or person.

3.      "Dr. Colker" refers to Plaintiff Carlon M. Colker, M.D., and any person or entity who was, or purported to be, acting on his behalf, including, but not limited to, his attorneys, employees, agents, representatives, and any related or affiliated entity or person.

4.      "Peak Wellness" refers to Plaintiff Peak Wellness, Inc., and any person or entity who was, or purported to be, acting on its behalf, including, but not limited to, its attorneys, employees, agents, representatives, and any related or affiliated entity or person.

5.      The term "Plaintiffs" refers to Dr. Colker and Peak Wellness and any of their agents or representatives.

6.      "WWE Litigation" means the civil action filed on or about January 25, 2024, by Callis, on behalf of Patient, in the United States District Court for the District of Connecticut, styled *Grant v. World Wrestling Entertainment, Inc., et al.,* Case No. 3:24-cv-00090, and any related filings, pleadings, communications, or proceedings.

7.      The term "Patient" means the individual treated by Plaintiffs and referenced under pseudonym in the WWE Litigation, and on whose behalf Holland Law Firm acted in related legal proceedings.

8.      "Patient's medical records" means all documents or data created or maintained by Plaintiffs concerning the diagnosis, care, or treatment of Patient, including clinical notes, prescriptions, lab results, infusion logs, billing records, and documents stored in the DrChrono electronic medical records system, along with any associated metadata.

9.      "McMahon" refers to Vince McMahon, the individual named as a defendant in the WWE Litigation and referenced throughout the Complaint, including any agents, representatives, or persons acting on his behalf.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

10. "Pre-Suit Discovery Action" means the petition filed on or about July 1, 2024 by Callis, on behalf of Patient, in Connecticut Superior Court seeking pre-suit discovery from Plaintiffs, including but not limited to the Bill of Discovery and any related filings, correspondence, or proceedings.

11. "Press Release" means the October 15, 2024 written statement issued by Defendants to the media concerning Plaintiffs.

12. "Press Conference" refers to the October 15, 2024 video presentation on YouTube or any similar public broadcast made by Callis or Holland Law referring to Plaintiffs.

13. The term "Media" means any journalist, reporter, press outlet, blogger, podcaster, or publisher, whether print, television, radio, online, or social media-based.

14. The term "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

15. The term "document" means any medium upon which intelligence or information can be recorded or retrieved and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, article, publication, brochure, manual, periodical, letter, correspondence, journal, memorandum (including any memorandum of report of a meeting or conversation), invoice, bill, order form, receipt, voucher, check, financial statements, accounting entry, instruction, schedule, shop order, diary, calendar, telex, telegram, cable, report, record, minutes, notice, contract, agreement, study, work paper, handwritten note, draft, demand, chart, paper, print, laboratory record, drawing sketch, diagram, form, graph, index list, tape, photograph, microfilm, videotape, motion picture, model, map, plat, data sheet, data proceeding,

card, emails, computer files, back-up tapes, hard disks, litigation data bases, communication, digital message, voice message, voicemail, direct message, WhatsApp message, WeChat message, Facebook message, X/Twitter direct message, iMessage, text message, oral, written or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, email messages, conferences, seminars, or notes, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however, produced and reproduced, that is in your possession, custody or control.

16.    The terms "and" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information which otherwise might be construed to be outside its scope.

17.    The terms "relating to" and "concerning" means containing, constituting, comprising, showing, evidencing, mentioning, reflecting, pertaining to, or referring to in any way, directly or indirectly, and is meant to include, without limitation, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by the request.

18.    "Identify," when used in reference to an individual person, shall be read to call for the following information with regarding to him or her: the full name, including any other names by which such person has been known, the present address, the present business address, the present or last known relationship, association or affiliation with this answering Defendant and, if different, the relationship, association or affiliation at the time referred to in the Complaint.

19.    "Identify," when used in reference to a document, shall be read to call for the following:

A.    The date and general nature of the document, *i.e.*, whether it is a letter, a memorandum, a report, etc.

B.    The subject matter(s) of the document's content;

C.    The date the document was executed if different from the date it bears;

D.    The name, address and position or business affiliation of the following:
    (a)    the original author(s);
    (b)    each person who edited, corrected, revised, or amended the document;
    (c)    each person who entered initials, comments or notations on such document; and
    (d)    each recipient of a copy of the document;

E.    The place where any negotiations or conversations leading up to the execution of such document took place;

F.    The place(s) at which the document was negotiated and executed;

G.    The present location of the document and the name, present address and position of person or persons having present custody thereof;

H.    The name, address, and position or business affiliation of any addressee or designated recipient;

I.    Whether the document has been destroyed and, if so, with regard to such destruction, the following:

    (a)    the date thereof;
    (b)    the reason therefor; and
    (c)    the identity of the person or persons who either destroyed the document or directed its destruction; and

J.    A statement as to whether you are willing, upon receipt of a Request for Production, to voluntarily produce such document for inspection and copying by Plaintiff.

20.    "Communication" shall mean any method by which ideas or expressions, whether articulated or nonverbal, are transmitted between persons or entities and shall include by way of

illustration, and not by way of limitation, oral statements, conversations, conferences, signs, gestures, and other, non-verbal transmissions of ideas.

21.    "Identify," when used in reference to a communication (as defined herein), shall be read to call for the following information:

        A.    The date and place it was made;

        B.    The identity of each and every person who participated in such conversation or made such oral communication;

        C.    The manner of such conversation or oral communication (i.e., whether by telephone, face-to-face, etc.);

        D.    The verbatim content of or a detailed description of what each person said during the conversation or oral communication; and

        E.    The name, address, and telephone number of each person who overheard or was present to hear such conversation or communication.

22.    "Describe in detail" means to give a full and complete narrative account of the information requested without omission of any relevant facts, whether deemed material by the Plaintiff or not, and without omission of information which could lead to relevant facts, all within the spirit of the discovery rules.

23.    The term "any" means one or more.

24.    The term "Action" shall mean the case identified in the caption herein.

25.    The term "person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

26.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

27.     Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

## INTERROGATORIES

1.     Identify all statements You made about Plaintiffs that were published or disseminated in the Press Release or Press Conference.

**Answer:**


2.     Identify all dates on which You received or reviewed any of Patient's medical records from Plaintiffs or their counsel.

**Answer:**


3.     State whether You reviewed Patient's medical records prior to making any public statements about Plaintiffs, and if so, identify the specific documents reviewed.

**Answer:**


4.     Identify all persons involved in the preparation, review, or approval of the Press Release and Press Conference.

**Answer:**

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

5.      Identify all persons, other than the Patient, whom You interviewed, consulted, or otherwise relied upon to verify the accuracy of the statements made about Plaintiffs in the Press Release or Press Conference.

**Answer:**


6.      Describe in detail all independent research or investigation You conducted to verify the accuracy of the statements You made about Plaintiffs in the Press Release or Press Conference, including the nature of the research, the sources consulted, the dates of such efforts, and the identities of all persons involved.

**Answer:**


7.      Identify all media outlets, reporters, or other third parties to whom You or anyone acting on Your behalf sent or made available the Press Release or a recording of the Press Conference.

**Answer:**


8.      Describe in detail the factual basis for Your statement that Plaintiffs forced Patient to accept intravenous infusions of unknown contents.

**Answer:**


9.      Describe in detail the factual basis for Your statement that Plaintiffs allowed unauthorized access to Patient's medical records.

8

**Answer:**

10.     Describe in detail the factual basis for Your statement that Plaintiffs improperly withheld medical records from Patient.

**Answer:**

11.     Describe in detail the factual basis for Your statement that Plaintiffs routinely broke doctor-patient trust.

**Answer:**

12.     Describe in detail the factual basis for Your statement that Plaintiffs injected unknown substances into Patient.

**Answer:**

13.     Describe in detail the factual basis for Your statement that Plaintiffs directed Patient to take unlabeled pills and dismissed her questions about them.

**Answer:**

14.     Describe in detail the factual basis for Your statement that Dr. Colker violated ethical and medical standards.

**Answer:**

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

15.     Describe in detail the factual basis for Your statement that Dr. Colker was on Vince McMahon's payroll and obtained access to Patient's medical records.

**Answer:**


16.     Describe in detail the factual basis for Your statement that Dr. Colker coerced Patient into continuing treatment at Peak Wellness.

**Answer:**

17.     Describe in detail the factual basis for Your statement that Patient was getting progressively worse during her treatment at Peak Wellness.

**Answer:**


18.     State whether You have ever issued a retraction, correction, or clarification of any public statements made concerning Plaintiffs, and if so, describe the content, date, and manner of publication.

**Answer:**

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## **ACKNOWLEDGMENT**

By:_____

Print Name:_____

Title [if applicable]:_____

STATE OF _____

COUNTY OF _____

   BEFORE ME, the undersigned authority personally appeared _____

_____, who, being by me duly sworn, deposes and says under the penalty

of perjury that he/she executed the foregoing answers to interrogatories and that they are true and

correct.

   Sworn to and subscribed before me this ___day of _____, 2025.

_____

My commission expires:

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Date: August 7, 2025                        Respectfully submitted,

                                            By: /s/ *Alejandro Brito*
                                            **Alejandro Brito**
                                            Florida Bar No. 098442
                                            *Pro Hac Vice Admitted*
                                            **Lara Juliette Fernandez**
                                            Florida Bar No. 1059162
                                            *Pro Hac Vice Admitted*
                                            BRITO, PLLC
                                            2121 Ponce de Leon Boulevard
                                            Suite 650
                                            Coral Gables, FL 33134
                                            Office: 305-614-4071

                                            **Dennis M. Durao**
                                            KARSTEN & TALLBERG, LLC
                                            500 Enterprise Drive
                                            Suite 4B
                                            Rocky Hill, CT 06067
                                            *Counsel for Plaintiffs*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2025, a true and correct copy of the foregoing was

served upon the following via electronic mail with confirmation copy by regular mail:

Timothy Gondek, Esq.
Hannah Meyers, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP
185 Asylum Street
Suite 2603
Hartford, Connecticut 06103
Timothy.Gondek@LewisBrisbois.com
Hannah.Meyers@LewisBrisbois.com
hartfordeservice@lewisbrisbois.com
*Counsel for Defendants*

Alexa T. Millinger
William S. Fish, Jr.
HINCKLEY ALLEN & SNYDER    LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
amillinger@hinckleyallen.com
wfish@hinckleyallen.com
*Counsel for Defendants*

By: /s/ *Alejandro Brito*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLON M. COLKER, M.D., an individual, and PEAK WELLNESS, INC., a Connecticut corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ANNE CALLIS, an individual, and HOLLAND LAW FIRM LLC, a Missouri limited liability company, <br><br> Defendants. | Case No.: 3:25-cv-00711-RNC |

### PLAINTIFFS CARLON M. COLKER, M.D. AND PEAK WELLNESS, INC'S
### FIRST REQUEST FOR PRODUCTION TO DEFENDANT HOLLAND LAW FIRM LLC

Plaintiffs, CARLON M. COLKER, M.D., ("Dr. Colker"), and PEAK WELLNESS, INC. ("Peak Wellness"), by and through undersigned counsel and under Federal Rule of Civil Procedure 34, propounds their First Request for Production to Defendant, HOLLAND LAW FIRM LLC ("Holland Law") and requests that the following documents be produced.

### DEFINITIONS

The following Definitions shall apply to this Request for Production of Documents:

1.    "You," "Your," or "Holland Law" refers to Defendant Holland Law Firm LLC, and any person or entity who was, or purported to be, acting on its behalf, including, but not limited to, its attorneys, employees, partners, agents, co-counsel, public relations consultants, media representatives, and any related or affiliated entity or person.

2.    "Callis" refers to Defendant Anne Callis, and any person or entity who was, or purported to be, acting on her behalf, including, but not limited to, her attorneys, paralegals,

employees, agents, media representatives, public relations consultants, co-counsel, and any related or affiliated entity or person.

3.　　"Dr. Colker" refers to Plaintiff Carlon M. Colker, M.D., and any person or entity who was, or purported to be, acting on his behalf, including, but not limited to, his attorneys, employees, agents, representatives, and any related or affiliated entity or person.

4.　　"Peak Wellness" refers to Plaintiff Peak Wellness, Inc., and any person or entity who was, or purported to be, acting on its behalf, including, but not limited to, its attorneys, employees, agents, representatives, and any related or affiliated entity or person.

5.　　The term "Plaintiffs" refers to Dr. Colker and Peak Wellness and any of their agents or representatives.

6.　　"WWE Litigation" means the civil action filed on or about January 25, 2024, by Callis, on behalf of Patient, in the United States District Court for the District of Connecticut, styled *Grant v. World Wrestling Entertainment, Inc., et al.,* Case No. 3:24-cv-00090, and any related filings, pleadings, communications, or proceedings.

7.　　The term "Patient" means the individual treated by Plaintiffs and referenced under pseudonym in the WWE litigation, and on whose behalf Holland Law Firm acted in related legal proceedings.

8.　　"Patient's medical records" means all documents or data created or maintained by Plaintiffs concerning the diagnosis, care, or treatment of Patient, including clinical notes, prescriptions, lab results, infusion logs, billing records, and documents stored in the DrChrono electronic medical records system, along with any associated metadata.

9.      "McMahon" refers to Vince McMahon, the individual named as a defendant in the WWE Litigation and referenced throughout the Complaint, including any agents, representatives, or persons acting on his behalf.

10.     "Pre-Suit Discovery Action" means the petition filed on or about July 1, 2024 by Callis, on behalf of Patient, in Connecticut Superior Court seeking pre-suit discovery from Plaintiffs, including but not limited to the Bill of Discovery and any related filings, correspondence, or proceedings.

11.     "Press Release" means the October 15, 2024 written statement issued by Defendants to the media concerning Plaintiffs.

12.     "Press Conference" refers to the October 15, 2024 video presentation on YouTube or any similar public broadcast made by Callis or Holland Law referring to Plaintiffs.

13.     The term "Media" means any journalist, reporter, press outlet, blogger, podcaster, or publisher, whether print, television, radio, online, or social media-based.

14.     The term "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

15.     The term "document" means any medium upon which intelligence or information can be recorded or retrieved and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, article, publication, brochure, manual, periodical, letter, correspondence, journal, memorandum (including any memorandum of report of a meeting or conversation), invoice, bill, order form, receipt, voucher, check, financial statements, accounting entry, instruction, schedule, shop order, diary, calendar, telex, telegram, cable, report,

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

record, minutes, notice, contract, agreement, study, work paper, handwritten note, draft, demand, chart, paper, print, laboratory record, drawing sketch, diagram, form, graph, index list, tape, photograph, microfilm, videotape, motion picture, model, map, plat, data sheet, data proceeding, card, emails, computer files, back-up tapes, hard disks, litigation data bases, communication, digital message, voice message, voicemail, direct message, WhatsApp message, WeChat message, Facebook message, X/Twitter direct message, iMessage, text message, oral, written or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, email messages, conferences, seminars, or notes, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however, produced and reproduced, that is in your possession, custody or control.

16.    The terms "relate to" and "relating to" mean to, directly or indirectly, refer to, discuss, describe, reflect, contain, comprise, identify, pertain to, in whole or in part, arise out of or in connection with, or in any way legally, logically, or factually be connected to the specified subject.

17.    The terms "and" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information which otherwise might be construed to be outside its scope.

18.    "Relating to" means containing, constituting, comprising, showing, evidencing, mentioning, reflecting, pertaining to, or referring to in any way, directly or indirectly, and is meant to include, without limitation, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by the request.

19.    The term "any" means one or more.

20.    The term "Action" shall mean the case identified in the caption herein.

21.     The term "person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

22.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

23.     Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

## INSTRUCTIONS

1.     In complying with this Request for Production of Documents, you are required to produce all documents specified herein which are in your possession, custody, or control, including documents in the possession of your attorneys, accountants, advisors or other persons directly or indirectly employed by or connected with you, or your attorneys, and/or anyone else otherwise subject to your control.

2.     Each document produced should be specifically identified with the specific request made herein and should be produced in a form which renders the document susceptible to copying.

3.     If any request cannot be complied with in full, it should be complied with to the extent possible and an explanation provided as to why full compliance is not possible.

4.     If any claim of privilege is asserted as to any requested documents (or any portion thereof), you shall furnish in lieu of any documents withheld, a schedule which specifically states the following information for each document (or portion) withheld:

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

a.   The type of document (*i.e.,* letter, notes, memorandum, work paper);

b.   The date;

c.   The author;

d.   The subject matter of the document;

e.   The basis on which the privilege is claimed;

f.   All persons to whom the document or its contents have been disclosed;

g.   The names and addresses of all persons who received copies of the documents, as reflected on the documents;

h.   The number of pages; and

i.   The number of attachments or appendices.

5.      If you assert the attorney-client privilege, you should also state the name and address of the law firm, if applicable, and identify the attorneys involved, and furnish all bills for legal services (if appropriate), time records, payment ledgers, retainer agreements and all other documents which establish the existence of the attorney-client privilege and describe the scope of the legal services furnished. All segregable portions of any document, as to which no claim of privilege is being asserted, should be produced in redacted form, clearly identifying the portion redacted and the basis for the redaction.

6.      If you assert the work product doctrine, you should state the name(s) of the person(s) who prepared the document, the litigation in anticipation of which the document was prepared, who ordered or requested that the document be prepared and the persons for whom the document was prepared.

7.      The source of each document shall be specifically identified.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 ⎪ Coral Gables, Florida 33134
Telephone: (305) 614-4071

8.      Unless otherwise agreed upon, all documents shall be produced in their original form and in the form in which they are maintained in the ordinary course of business, and should identify the current and any former custodian(s) of such records.

9.      These requests and all subsequent requests shall be deemed to be continuing until and during the course of trial. Documents that you obtain or discover after you serve your answers must be disclosed by supplementary answers to the Plaintiff without further request.

10.     Each request shall be responded to separately. Requests shall not be combined for the purpose of supplying a common response thereto, nor shall portions of one response be incorporated by reference into another response.

11.     In the event that any document called for by this Request has been discarded or destroyed, placed beyond your control or otherwise disposed of, that document shall be identified as follows: (a) preparer(s); (b) addressee(s); (c) recipient(s) of indicated or blind copies; (d) date; (e) type of document; (f) subject matter; (g) number of pages; (h) number and identity of attachments or appendices; (i) all persons to whom distributed, shown or explained; (j) date of disposal or destruction; (k) reason for disposal or destruction; (l) person(s) authorizing disposal or destruction; and (m) person(s) discarding or destroying the document.

12.     Whenever a request is stated in the conjunctive, it shall also be taken in the disjunctive, and vice versa.

13.     Whenever a request is stated in the singular, it shall also be taken in the plural, and vice versa.

14.     The use of any gender includes the other gender, except where circumstances make it inappropriate.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

15.     The use of any tense of any verb includes all other tenses of the verb so used, except where circumstances make it inappropriate.

16.     Unless otherwise stated, the timeframe for the below document requests is from November 2019 until present.

## REQUESTS FOR PRODUCTION

1.     Any documents and communications between You and any Media referencing Plaintiffs.

**Response:**


2.     Any documents and communications related to statements made about Plaintiffs in the WWE litigation.

**Response:**


3.     Any documents and communications reflecting any policy or protocol regarding public statements during pending litigation.

**Response:**


4.     Any documents and communications related to any investigation or review conducted by You concerning Callis's conduct in this matter.

**Response:**


5.     Any documents and communications related to Your preparation for the Press Release and Press Conference.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**Response:**


6.      Any documents and communications related to Callis's preparation for the Press Release and Press Conference.

**Response:**


7.      Any communications with Patient or co-counsel concerning the public dissemination, media coverage, or reputational impact of the Pre-Suit Discovery Action.

**Response:**


8.      Any documents and communications concerning receipt, review, or discussion of Patient's medical records received from Plaintiffs.

**Response:**


9.      Any documents and communications concerning any complaint, inquiry, or comment received from a third party relating to the content, accuracy, or impact of the Press Release or Press Conference.

**Response:**


10.     Any documents and communications reflecting Your knowledge that statements made in the Press Release or Press Conference were inconsistent with Patient's medical records.

**Response:**

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

11.    Any documents and communications reflecting retraction, correction, or clarification of any public statements Callis made concerning Plaintiffs.

**Response:**


12.    Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs forced Patient to accept intravenous infusions of unknown contents.

**Response:**


13.    Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs allowed unauthorized access to Patient's medical records.

**Response:**


14.    Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs improperly withheld medical records from Patient.

**Response:**


15.    Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs routinely broke doctor-patient trust.

**Response:**

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

16.     Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs directed Patient to take unlabeled pills and dismissed her questions about them.

**Response:**


17.     Any documents and communications exchanged between You and any Person concerning allegations that Dr. Colker violated ethical and medical standards.

**Response:**


18.     Any documents and communications exchanged between You and any Person concerning allegations that Dr. Colker was on McMahon's payroll and accessed Patient's private medical records.

**Response:**


19.     Any documents and communications exchanged between You and any Person concerning allegations that Dr. Colker coerced Patient into continuing treatment at Peak Wellness.

**Response:**


20.     Any documents and communications exchanged between You and any Person concerning allegations that Patient was getting progressively worse during her treatment at Peak Wellness.

**Response:**

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Date: August 7, 2025                              Respectfully submitted,

                                                  By: /s/ *Alejandro Brito*
                                                  **Alejandro Brito**
                                                  Florida Bar No. 098442
                                                  *Pro Hac Vice Admitted*
                                                  **Lara Juliette Fernandez**
                                                  Florida Bar No. 1059162
                                                  *Pro Hac Vice Admitted*
                                                  BRITO, PLLC
                                                  2121 Ponce de Leon Boulevard
                                                  Suite 650
                                                  Coral Gables, FL 33134
                                                  Office: 305-614-4071

                                                  **Dennis M. Durao**
                                                  KARSTEN & TALLBERG, LLC
                                                  500 Enterprise Drive
                                                  Suite 4B
                                                  Rocky Hill, CT 06067

                                                  *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on August

7, 2025 upon:

Timothy Gondek, Esq.
Hannah Meyers, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP
185 ASYLUM STREET
Suite 2603
Hartford, Connecticut 06103
Timothy.Gondek@LewisBrisbois.com
Hannah.Meyers@LewisBrisbois.com
hartfordservice@lewisbrisbois.com
*Counsel for Defendants*

Alexa T. Millinger
William S. Fish, Jr.
HINCKLEY ALLEN & SNYDER    LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
amillinger@hinckleyallen.com
wfish@hinckleyallen.com
*Counsel for Defendants*

By:  /s/ *Alejandro Brito*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLON M. COLKER, M.D., an individual, and PEAK WELLNESS, INC., a Connecticut corporation,<br><br>Plaintiffs,<br><br>    v.<br><br>ANNE CALLIS, an individual, and HOLLAND LAW FIRM LLC, a Missouri limited liability company,<br><br>Defendants. | Case No.: 3:25-cv-00711-RNC |

### PLAINTIFFS CARLON M. COLKER, M.D. AND PEAK WELLNESS, INC'S
### FIRST REQUEST FOR PRODUCTION TO DEFENDANT ANNE CALLIS

Plaintiffs, CARLON M. COLKER, M.D., ("Dr. Colker"), and PEAK WELLNESS, INC. ("Peak Wellness"), by and through undersigned counsel and under Federal Rule of Civil Procedure 34, propounds their First Request for Production to Defendant, ANNE CALLIS  ("Defendant") and requests that the following documents be produced.

### DEFINITIONS

The following Definitions shall apply to this Request for Production of Documents:

1.      "You," "Your" or "Callis" refers to Defendant Anne Callis, and any person or entity who was, or purported to be, acting on her behalf, including, but not limited to, her attorneys, paralegals, employees, agents, media representatives, public relations consultants, co-counsel, and any related or affiliated entity or person.

2.      "Holland Law" refers to Defendant Holland Law Firm LLC, and any person or entity who was, or purported to be, acting on its behalf, including, but not limited to, its attorneys,

employees, partners, agents, co-counsel, public relations consultants, media representatives, and any related or affiliated entity or person.

3.      "Dr. Colker" refers to Plaintiff Carlon M. Colker, M.D., and any person or entity who was, or purported to be, acting on his behalf, including, but not limited to, his attorneys, employees, agents, representatives, and any related or affiliated entity or person.

4.      "Peak Wellness" refers to Plaintiff Peak Wellness, Inc., and any person or entity who was, or purported to be, acting on its behalf, including, but not limited to, its attorneys, employees, agents, representatives, and any related or affiliated entity or person.

5.      The term "Plaintiffs" refers to Dr. Colker and Peak Wellness and any of their agents or representatives.

6.      "WWE Litigation" means the civil action filed on or about January 25, 2024, by Callis, on behalf of Patient, in the United States District Court for the District of Connecticut, styled *Grant v. World Wrestling Entertainment, Inc., et al.,* Case No. 3:24-cv-00090, and any related filings, pleadings, communications, or proceedings.

7.      The term "Patient" means the individual treated by Plaintiffs and referenced under pseudonym in the WWE Litigation, and on whose behalf Holland Law Firm acted in related legal proceedings.

8.      "Patient's medical records" means all documents or data created or maintained by Plaintiffs concerning the diagnosis, care, or treatment of Patient, including clinical notes, prescriptions, lab results, infusion logs, billing records, and documents stored in the DrChrono electronic medical records system, along with any associated metadata.

9.      "McMahon" refers to Vince McMahon, the individual named as a defendant in the WWE Litigation and referenced throughout the Complaint, including any agents, representatives, or persons acting on his behalf.

10.     "Pre-Suit Discovery Action" means the petition filed on or about July 1, 2024 by Callis, on behalf of Patient, in Connecticut Superior Court seeking pre-suit discovery from Plaintiffs, including but not limited to the Bill of Discovery and any related filings, correspondence, or proceedings.

11.     "Press Release" means the October 15, 2024 written statement issued by Defendants to the media concerning Plaintiffs.

12.     "Press Conference" refers to the October 15, 2024 video presentation on YouTube or any similar public broadcast made by Callis or Holland Law referring to Plaintiffs.

13.     The term "Media" means any journalist, reporter, press outlet, blogger, podcaster, or publisher, whether print, television, radio, online, or social media-based.

14.     The term "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

15.     The term "document" means any medium upon which intelligence or information can be recorded or retrieved and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, article, publication, brochure, manual, periodical, letter, correspondence, journal, memorandum (including any memorandum of report of a meeting or conversation), invoice, bill, order form, receipt, voucher, check, financial statements, accounting entry, instruction, schedule, shop order, diary, calendar, telex, telegram, cable, report,

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

record, minutes, notice, contract, agreement, study, work paper, handwritten note, draft, demand, chart, paper, print, laboratory record, drawing sketch, diagram, form, graph, index list, tape, photograph, microfilm, videotape, motion picture, model, map, plat, data sheet, data proceeding, card, emails, computer files, back-up tapes, hard disks, litigation data bases, communication, digital message, voice message, voicemail, direct message, WhatsApp message, WeChat message, Facebook message, X/Twitter direct message, iMessage, text message, oral, written or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, email messages, conferences, seminars, or notes, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however, produced and reproduced, that is in your possession, custody or control.

16.     The terms "and" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information which otherwise might be construed to be outside its scope.

17.     The terms "relating to" and "concerning" means containing, constituting, comprising, showing, evidencing, mentioning, reflecting, pertaining to, or referring to in any way, directly or indirectly, and is meant to include, without limitation, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by the request.

18.     The term "any" means one or more.

19.     The term "Action" shall mean the case identified in the caption herein.

20.     The term "person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal

entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

21.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

22.     Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

## INSTRUCTIONS

1.     In complying with this Request for Production of Documents, you are required to produce all documents specified herein which are in your possession, custody, or control, including documents in the possession of your attorneys, accountants, advisors or other persons directly or indirectly employed by or connected with you, or your attorneys, and/or anyone else otherwise subject to your control.

2.     Each document produced should be specifically identified with the specific request made herein and should be produced in a form which renders the document susceptible to copying.

3.     If any request cannot be complied with in full, it should be complied with to the extent possible and an explanation provided as to why full compliance is not possible.

4.     If any claim of privilege is asserted as to any requested documents (or any portion thereof), you shall furnish in lieu of any documents withheld, a schedule which specifically states the following information for each document (or portion) withheld:

    a.   The type of document (*i.e.,* letter, notes, memorandum, work paper);

    b.   The date;

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

    c.    The author;

    d.    The subject matter of the document;

    e.    The basis on which the privilege is claimed;

    f.    All persons to whom the document or its contents have been disclosed;

    g.    The names and addresses of all persons who received copies of the documents, as reflected on the documents;

    h.    The number of pages; and

    i.    The number of attachments or appendices.

5.    If you assert the attorney-client privilege, you should also state the name and address of the law firm, if applicable, and identify the attorneys involved, and furnish all bills for legal services (if appropriate), time records, payment ledgers, retainer agreements and all other documents which establish the existence of the attorney-client privilege and describe the scope of the legal services furnished. All segregable portions of any document, as to which no claim of privilege is being asserted, should be produced in redacted form, clearly identifying the portion redacted and the basis for the redaction.

6.    If you assert the work product doctrine, you should state the name(s) of the person(s) who prepared the document, the litigation in anticipation of which the document was prepared, who ordered or requested that the document be prepared and the persons for whom the document was prepared.

7.    The source of each document shall be specifically identified.

8.    Unless otherwise agreed upon, all documents shall be produced in their original form and in the form in which they are maintained in the ordinary course of business, and should identify the current and any former custodian(s) of such records.

9.      These requests and all subsequent requests shall be deemed to be continuing until and during the course of trial. Documents that you obtain or discover after you serve your answers must be disclosed by supplementary answers to the Plaintiff without further request.

10.     Each request shall be responded to separately. Requests shall not be combined for the purpose of supplying a common response thereto, nor shall portions of one response be incorporated by reference into another response.

11.     In the event that any document called for by this Request has been discarded or destroyed, placed beyond your control or otherwise disposed of, that document shall be identified as follows: (a) preparer(s); (b) addressee(s); (c) recipient(s) of indicated or blind copies; (d) date; (e) type of document; (f) subject matter; (g) number of pages; (h) number and identity of attachments or appendices; (i) all persons to whom distributed, shown or explained; (j) date of disposal or destruction; (k) reason for disposal or destruction; (l) person(s) authorizing disposal or destruction; and (m) person(s) discarding or destroying the document.

12.     Whenever a request is stated in the conjunctive, it shall also be taken in the disjunctive, and vice versa.

13.     Whenever a request is stated in the singular, it shall also be taken in the plural, and vice versa.

14.     The use of any gender includes the other gender, except where circumstances make it inappropriate.

15.     The use of any tense of any verb includes all other tenses of the verb so used, except where circumstances make it inappropriate.

16.     Unless otherwise stated, the timeframe for the below document requests is from November 2019 until present.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## REQUESTS FOR PRODUCTION

1.    Any documents and communications concerning the receipt, review, or discussion of Patient's medical records received from Plaintiffs.

**Response:**


2.    Any documents and communications between You and any person, other than the Patient, whom You interviewed, consulted, or otherwise relied upon concerning the accuracy of any statements made about Plaintiffs in the Press Release or Press Conference.

**Response:**


3.    Any documents and communications concerning any complaint, inquiry, or comment received from a third party relating to the content, accuracy, or impact of the Press Release or Press Conference.

**Response:**


4.    Any documents and communications reflecting Your knowledge that statements made in the Press Release or Press Conference were inconsistent with Patient's medical records.

**Response:**


5.    Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs forced Patient to accept intravenous infusions of unknown contents.

**Response:**

6.      Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs allowed unauthorized access to Patient's medical records.

**Response:**


7.      Any documents and communications concerning allegations that Plaintiffs withheld medical records.

**Response:**


8.      Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs routinely broke doctor-patient trust.

**Response:**


9.      Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs injected unknown substances into Patient.

**Response:**


10.      Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs directed Patient to take unlabeled pills and dismissed her questions about them.

**Response:**


11.      Any documents and communications exchanged between You and any Person concerning allegations that Dr. Colker violated ethical and medical standards.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

**Response:**

12.     Any documents and communications exchanged between You and any Person concerning allegations that Dr. Colker was on McMahon's payroll and accessed Patient's private medical records.

**Response:**


13.     Any documents and communications exchanged between You and any Person concerning allegations that Dr. Colker coerced Patient into continuing treatment at Peak Wellness.

**Response:**


14.     Any documents and communications exchanged between You and any Person concerning allegations that Patient was getting progressively worse during her treatment at Peak Wellness.

**Response:**


15.     Any documents and communications between You and any Media referencing Plaintiffs.

**Response:**


16.     Any documents and communications related to statements made about Plaintiffs in the WWE litigation.

**Response:**

17.     Any documents and communications related to Your preparation for the Press Release and Press Conference.

**Response:**

18.     Any communications with Patient or co-counsel concerning the public dissemination, media coverage, or reputational impact of the Pre-Suit Discovery Action.

**Response:**

Date: August 7, 2025

Respectfully submitted,

By: /s/ *Alejandro Brito*

**Alejandro Brito**
Florida Bar No. 098442
*Pro Hac Vice Admitted*
**Lara Juliette Fernandez**
Florida Bar No. 1059162
*Pro Hac Vice Admitted*
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office: 305-614-4071

**Dennis M. Durao**
KARSTEN & TALLBERG, LLC
500 Enterprise Drive
Suite 4B
Rocky Hill, CT 06067

*Counsel for Plaintiffs*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on August

7, 2025 upon:

Timothy Gondek, Esq.
Hannah Meyers, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP
185 Asylum Street
Suite 2603
Hartford, Connecticut 06103
Timothy.Gondek@LewisBrisbois.com
Hannah.Meyers@LewisBrisbois.com
hartfordservice@lewisbrisbois.com
*Counsel for Defendants*

Alexa T. Millinger
William S. Fish, Jr.
HINCKLEY ALLEN & SNYDER    LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
amillinger@hinckleyallen.com
wfish@hinckleyallen.com
*Counsel for Defendants*

By:  /s/ *Alejandro Brito*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLON M. COLKER, M.D., an individual, and PEAK WELLNESS, INC., a Connecticut corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ANNE CALLIS, an individual, and HOLLAND LAW FIRM LLC, a Missouri limited liability company, <br><br> Defendants. | Case No.: 3:25-cv-00711-RNC |

## PLAINTIFFS CARLON M. COLKER, M.D. AND PEAK WELLNESS, INC'S FIRST REQUEST FOR ADMISSIONS DIRECTED TO <u>DEFENDANT HOLLAND LAW FIRM LLC</u>

Plaintiffs, CARLON M. COLKER, M.D., ("Dr. Colker"), and PEAK WELLNESS, INC. ("Peak Wellness"), by and through undersigned counsel and pursuant to Rule 36 of the Federal Rules of Civil Procedure serve its First Request for Admissions upon Defendant, HOLLAND LAW FIRM LLC ("Holland Law"), as follows:

### DEFINITIONS

1. "You," "Your" or "Holland Law" refers to Defendant Holland Law Firm LLC, and any person or entity who was, or purported to be, acting on its behalf, including, but not limited to, its attorneys, paralegals, employees, agents, media representatives, public relations consultants, co-counsel, and any related or affiliated entity or person.

2. "Callis" refers to Defendant Anne Callis, and any person or entity who was, or purported to be, acting on her behalf, including, but not limited to, her attorneys, paralegals, employees, agents, media representatives, public relations consultants, co-counsel, and any related or affiliated entity or person.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

3.      "Dr. Colker" refers to Plaintiff Carlon M. Colker, M.D., and any person or entity who was, or purported to be, acting on his behalf, including, but not limited to, his attorneys, employees, agents, representatives, and any related or affiliated entity or person.

4.      "Peak Wellness" refers to Plaintiff Peak Wellness, Inc., and any person or entity who was, or purported to be, acting on its behalf, including, but not limited to, its attorneys, employees, agents, representatives, and any related or affiliated entity or person.

5.      The term "Plaintiffs" refers to Dr. Colker and Peak Wellness and any of their agents or representatives.

## Specific Requests

1.      Admit that Anne Callis was acting within the scope of her employment or agency with You when she issued the October 15, 2024 Press Release.

**Response:**


2.      Admit that Anne Callis was acting within the scope of her employment or agency with You when she participated in the October 15, 2024 Press Conference.

**Response:**


3.      Admit that You did not have any written policy in place at the time governing attorney communications with the Media concerning pending litigation.

**Response:**


4.      Admit that the Press Release and Press Conference were not part of any judicial proceeding.

**Response:**


5.      Admit that You did not conduct any independent research or investigation to verify the accuracy of the statements You made about Plaintiffs in the Press Release or Press Conference.

**Response:**


6.      Admit that You received Patient's medical records from Plaintiffs or their counsel prior to the filing of the Pre-Suit Discovery Action.

**Response:**


7.      Admit that You received Patient's medical records from Plaintiffs or their counsel prior to the Press Release and Press Conference.

**Response:**


8.      Admit that You received metadata or electronic versions of Patient's medical records from Plaintiffs or their counsel prior to the filing of the Pre-Suit Discovery Action.

**Response:**


9.      Admit that You received metadata or electronic versions of Patient's medical records from Plaintiffs or their counsel prior to the filing of the Press Release and Press Conference.

**Response:**

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

10.    Admit that You did not issue any retraction, correction, or clarification of the statements made about Plaintiffs in the Press Release or Press Conference.

**Response:**


Date: August 7, 2025                                    Respectfully submitted,

                                                        By: /s/ *Alejandro Brito*_____
                                                        **Alejandro Brito**
                                                        Florida Bar No. 098442
                                                        *Pro Hac Vice Admitted*
                                                        **Lara Juliette Fernandez**
                                                        Florida Bar No. 1059162
                                                        *Pro Hac Vice Admitted*
                                                        BRITO, PLLC
                                                        2121 Ponce de Leon Boulevard
                                                        Suite 650
                                                        Coral Gables, FL 33134
                                                        Office: 305-614-4071

                                                        **Dennis M. Durao**
                                                        KARSTEN & TALLBERG, LLC
                                                        500 Enterprise Drive
                                                        Suite 4B
                                                        Rocky Hill, CT 06067

                                                        *Counsel for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on August

7, 2025 upon:


Timothy Gondek
Hannah Meyers
LEWIS BRISBOIS BISGAARD & SMITH,
LLP
185 Asylum Street, Suite 2603
Hartford, Connecticut 06103
Timothy.Gondek@LewisBrisbois.com
Hannah.Meyers@LewisBrisbois.com
hartfordeservice@lewisbrisbois.com
Tel: (860) 748-4806
Fax: (860) 748-4857

Alexa T. Millinger
William S. Fish, Jr.
HINCKLEY ALLEN & SNYDER LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
amillinger@hinckleyallen.com
wfish@hinckleyallen.com
Tel: (860) 725-6200
Fax: (860) 278-3802

*Counsel for Defendants*


By: /s/ *Alejandro Brito*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLON M. COLKER, M.D., an individual, and PEAK WELLNESS, INC., a Connecticut corporation, | Case No.: 3:25-cv-00711-RNC |
| Plaintiffs, | |
| v. | |
| ANNE CALLIS, an individual, and HOLLAND LAW FIRM LLC, a Missouri limited liability company, | |
| Defendants. | |

## PLAINTIFFS CARLON M. COLKER, M.D. AND PEAK WELLNESS, INC'S FIRST REQUEST FOR ADMISSIONS DIRECTED TO DEFENDANT ANNE CALLIS

Plaintiffs, CARLON M. COLKER, M.D., ("Dr. Colker"), and PEAK WELLNESS, INC. ("Peak Wellness"), by and through undersigned counsel and pursuant to Rule 36 of the Federal Rules of Civil Procedure serve its First Request for Admissions upon Defendant, ANNE CALLIS ("Defendant"), as follows:

### DEFINITIONS

1.      "You," "Your" or "Holland Law" refers to Defendant Holland Law Firm LLC, and any person or entity who was, or purported to be, acting on its behalf, including, but not limited to, its attorneys, paralegals, employees, agents, media representatives, public relations consultants, co-counsel, and any related or affiliated entity or person.

2.      "Callis" refers to Defendant Anne Callis, and any person or entity who was, or purported to be, acting on her behalf, including, but not limited to, her attorneys, paralegals, employees, agents, media representatives, public relations consultants, co-counsel, and any related or affiliated entity or person.

3.      "Dr. Colker" refers to Plaintiff Carlon M. Colker, M.D., and any person or entity who was, or purported to be, acting on his behalf, including, but not limited to, his attorneys, employees, agents, representatives, and any related or affiliated entity or person.

4.      "Peak Wellness" refers to Plaintiff Peak Wellness, Inc., and any person or entity who was, or purported to be, acting on its behalf, including, but not limited to, its attorneys, employees, agents, representatives, and any related or affiliated entity or person.

5.      The term "Plaintiffs" refers to Dr. Colker and Peak Wellness and any of their agents or representatives.

## Specific Requests

1.      Admit that, other than the Patient, You did not interview, consult, or rely upon any other person concerning the accuracy of any statements You made about Plaintiffs in the Press Release or Press Conference.

**Response:**


2.      Admit that You did not conduct any independent research or investigation to verify the accuracy of the statements You made about Plaintiffs in the Press Release or Press Conference.

**Response:**


3.      Admit that You received Patient's medical records from Plaintiffs or their counsel prior to the filing of the Pre-Suit Discovery Action.

**Response:**

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

4.      Admit that You received Patient's medical records from Plaintiffs or their counsel prior to the Press Release and Press Conference.

**Response:**

5.      Admit that You received metadata or electronic versions of Patient's medical records from Plaintiffs or their counsel prior to the filing of the Pre-Suit Discovery Action.

**Response:**

6.      Admit that You received metadata or electronic versions of Patient's medical records from Plaintiffs or their counsel prior to the filing of the Press Release and Press Conference.

**Response:**

7.      Admit that the Press Release and Press Conference were not part of any judicial proceeding.

**Response:**

8.      Admit that You did not issue any retraction, clarification, or correction of Your statements concerning Plaintiffs.

**Response:**

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Date: August 7, 2025

Respectfully submitted,

By: /s/ *Alejandro Brito*
**Alejandro Brito**
Florida Bar No. 098442
*Pro Hac Vice Admitted*
**Lara Juliette Fernandez**
Florida Bar No. 1059162
*Pro Hac Vice Admitted*
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office: 305-614-4071

**Dennis M. Durao**
KARSTEN & TALLBERG, LLC
500 Enterprise Drive
Suite 4B
Rocky Hill, CT 06067

*Counsel for Plaintiffs*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on August

7, 2025 upon:


Timothy Gondek
Hannah Meyers
LEWIS BRISBOIS BISGAARD & SMITH,
LLP
185 Asylum Street, Suite 2603
Hartford, Connecticut 06103
Timothy.Gondek@LewisBrisbois.com
Hannah.Meyers@LewisBrisbois.com
hartfordeservice@lewisbrisbois.com
Tel: (860) 748-4806
Fax: (860) 748-4857

Alexa T. Millinger
William S. Fish, Jr.
HINCKLEY ALLEN & SNYDER LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
amillinger@hinckleyallen.com
wfish@hinckleyallen.com
Tel: (860) 725-6200
Fax: (860) 278-3802

*Counsel for Defendants*


By: /s/ *Alejandro Brito*_____

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071