**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CARLON COLKER, M.D., ET AL<br>　　　　Plaintiff<br><br>v.<br><br>ANN CALLIS, ET AL<br>　　　　Defendant | CASE #: 3:25-cv-00711<br><br><br><br>AUGUST 20, 2025 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO SEAL DOCUMENT NO. #44

Pursuant to Local Rule of Civil Procedure 5(e), Defendants Ann Callis and Holland Law Firm, LLC ("Callis" or "Holland"; collectively "Defendants hereby move to seal the Memorandum in Opposition filed on August 19, 2025 by Plaintiffs Carlon Colker, M.D. and Peak Wellness (document no. 44), on the grounds that it includes highly personal information of non-party Janel Grant including but not limited to protected health information.

The document to be sealed contains excerpts of personal information contained within the medical records of a non-party, Janel Grant ("Grant") including but not limited to protected health information which necessarily should be protected from public view.

### I.    BACKGROUND

Plaintiffs Dr. Carlon Colker and Peak Wellness, Inc. ("Plaintiffs") brought this action against Defendants alleging defamation per se. Plaintiffs allege that Callis, while representing

Colker's former patient Grant in a separate legal matter, made defamatory statements about Plaintiffs.  Specifically, Plaintiffs allege that Callis made false and defamatory statements concerning the medical treatment provided to Grant by the Plaintiffs.  Within the Complaint, Plaintiffs allege that the statements made by the Defendants were knowingly and demonstrably false as proven by Grant's medical records, which Plaintiffs contend were in the possession of the Defendants at the time the statements were made.  The only basis cited by the Plaintiffs in support of their contention that the statements were made with actual malice is that Callis was in possession of Grant's medical records from Peak Wellness, which allegedly disprove the statements she made.

On July 29, 2025, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), in which Defendants argue that the Complaint should be dismissed for failing to allege any plausible basis to support an allegation of actual malice, based in part on an argument that Grant's medical records  (relied upon by the Plaintiffs within their Complaint) do not disprove the statements at issue as alleged within the Complaint.  Defendants publicly filed a redacted Memorandum in Support of the Motion to Dismiss which redacted a paragraph of the brief that discusses specific information from those medical records, and omits the records  themselves as an exhibit.  However, Defendants also filed, subject to a Motion to Seal, a version of their Memorandum which was unredacted and which contained the records at issue for the court's eyes only.

On August 19, 2025, at approximately 6:18 p.m., Plaintiffs filed a Memorandum in Opposition to the Motion to Dismiss.  On pages 16 through 20 of that Memorandum, Plaintiffs

include "examples" of Grant's medical records, which appear to be scans or photographs of the actual records themselves. These records contain Grant's full name, date of birth, and information regarding her health condition, medications, treatment details, and other highly sensitive and protected health information. The Plaintiffs' Memorandum was not filed under seal, nor filed with a redacted version, nor was it accompanied by a Motion to Seal.

## II. LAW AND ARGUMENT

Pursuant to Local Rule of Civil Procedure 5(e) for the U.S. District Court: District of Connecticut, judicial documents can only be sealed when supported by clear and compelling reasoning. A statute mandating or permitting the non-disclosure of a class of documents (e.g. health care records) provides sufficient authority to support an order sealing such documents. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), for example, provides one such piece of federal legislation aimed at protecting patients' private health information.

Courts typically determine if sealing is necessary and appropriate "on the basis of a careful document-by-document review of the particular portions of the document that a party wishes to be kept under seal and after considering whether the requested order is no broader than necessary to serve the interests that require protection." *Von Spee v. von Spee*, No. 3:05-CV-1488, 2007 U.S. Dist. LEXIS 110032. Courts in the Second Circuit have held that highly personal and detailed medical records should be filed under seal and out of the public eye. *Id*. "HIPAA protects from disclosure 'protected health information' related to the 'treatment, payment, or healthcare operations.' 45 C.F.R. § 164.502(a). The term 'health information' covers, among other things,

'past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual.' *Id.* at § 160.103. 'Courts in this Circuit have repeatedly held that information protected by HIPAA is not subject to a First Amendment or common-law right of access and thus have sealed docket entries and redacted documents that contain such information.' *Offor v. Mercy Med. Ctr.*, 167 F. Supp. 3d 414, 445-46 (E.D.N.Y. 2016)" *Popat v. Levy*, No. 1:15-CV-01052 EAW, 2024 WL 2149038, at *1 (W.D.N.Y. May 14, 2024) "[S]ealing is warranted to protect personal privacy of personal health information . . . . " *Vanguard Dealer Servs., LLC v. Bottom Line Driven, LLC*, No. 3:21-CV-659 (JAM), 2023 WL 4746180, at *1 (D. Conn. Apr. 27, 2023).

Here, Plaintiffs have filed a public document containing the medical records of non-party, where such records are not only highly personal in nature and include Grant's private health and medical information, *but which are already the subject of a pending Motion to Seal*. There should be no question that Grant's medical records should not be made public; there is quite simply no public interest in a private person's medical records. Additionally, it is beyond question that the rules of procedure mandate at the very least the redaction or omission of certain details with respect to public filings. Indeed, even when logging in PACER, users are greeted with a message instructing them to redact or omit sensitive personal information from public filings.

As addressed in the Defendants' Motion to Dismiss, this court may consider the medical records in connection with the motion, and certainly, Plaintiffs would have the right to similarly cite to those records in opposition to the pending Motion to Dismiss. However, if Plaintiffs wished

to do so, they should have filed their Memorandum under seal, using the same procedures as did Defendants. Where they did not, Defendants are now forced to file the instant Motion to Seal in order to protect the sensitive personal medical information of non-party Janel Grant.

## III.    CONCLUSION

The undersigned Defendants respectfully request that their Motion to Seal the Plaintiff's Memorandum in Opposition found at document no. 44 be granted.

161827083.1                                            5

Respectfully submitted,
ANN CALLIS
HOLLAND LAW FIRM LLC

By: */s/ Timothy Gondek / Juris #ct29190*
Timothy Gondek
Hannah Meyers
LEWIS BRISBOIS BISGAARD &
SMITH, LLP
185 Asylum Street
Suite 2603
Hartford, Connecticut 06103
Timothy.Gondek@LewisBrisbois.com
Hannah.Meyers@LewisBrisbois.com
hartfordeservice@lewisbrisbois.com
Tel: (860) 748-4806
Fax: (860) 748-4857

Alexa T. Millinger
William S. Fish, Jr.
HINCKLEY ALLEN & SNYDER LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
amillinger@hinckleyallen.com
wfish@hinckleyallen.com
Tel: (860) 725-6200
Fax: (860) 278-3802

161827083.1                                    6

## CERTIFICATION OF SERVICE

This is to certify that on this 20th day of August, 2025, a copy of the foregoing was filed electronically on the Court's CM/ECF system.  Notice of this filing will be sent to all counsel of record for viewing via the Court's ECF system.


_/s/ Timothy M. Gondek_
Timothy M. Gondek