UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLON M. COLKER, M.D., an individual, and PEAK WELLNESS, INC., a Connecticut corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ANNE CALLIS, an individual, and HOLLAND LAW FIRM LLC, a Missouri limited liability company, <br><br> Defendants. | Case No.: 3:25-cv-00711-RNC |

**PLAINTIFFS' MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, CARLON M. COLKER, M.D., ("Dr. Colker"), and PEAK WELLNESS, INC.

("Peak Wellness"), by and through undersigned counsel, hereby file this Memorandum of Law in

Opposition to Defendants, ANNE CALLIS ("Callis"), and HOLLAND LAW FIRM LLC's

("Holland Law") (collectively, the "Defendants") Motion to Dismiss ("Motion"), and in support

thereof, state as follows[1]:

**INTRODUCTION**

This case involves outrageous, false and defamatory statements made by Callis—a

seasoned attorney and former judge—and her firm, Holland Law, wherein they maliciously

attacked the business, character, and reputation of Dr. Colker, a respected physician, and Peak

Wellness, a reputable medical clinic. As explained in further detail in Plaintiffs' Complaint,

Defendants publicly and maliciously falsely accused Dr. Colker and Peak Wellness of unethical

---

[1] Pursuant to Local Rule 7(a)(2), Plaintiffs hereby respectfully request oral argument on the Motion.

and unlawful conduct in their medical treatment of Defendants' client, Janel Grant ("Grant"). As a result, Plaintiffs filed this instant action against Defendants alleging a single claim for defamation *per se*. *See* D.E. 1, ¶¶ 106-119.

In response, Defendants have filed a Motion to Dismiss [D.E. 36], together with their Memorandum of Law In Support of Their Motion to Dismiss [D.E. 37], seeking dismissal on the **sole** basis that Plaintiffs have not properly alleged that Callis's statements were made with actual malice. In making this argument, Defendants mischaracterize the plain factual allegations in the Complaint and egregiously inject matters from outside the four corners of the Complaint in order to further smear Defendants in an effort to undermine Plaintiffs' claim and sway this Court into dismissing Plaintiffs' well-pled, well-founded claim.

***First***, Defendants' argument presupposes that both Plaintiffs are public figures, which Plaintiffs neither allege they are, nor do they allege any facts whatsoever that could possibly support the notion that they are public figures. Instead, Defendants improperly invite this Court to make this determination based on unsupported conclusory arguments and matters outside the four corners of the Complaint.

***Second***, Defendants also improperly seek to inject matters from the other legal proceedings in which Defendants serve as counsel to Grant – which are clearly outside the four corners of the Complaint – under the misguided notion that this action is "intertwined" with those legal proceedings, which should be disregarded as pure sophistry. Defendants' reason is simple – to shift the Court's focus away from the specific defamatory statements at issue here. Those other proceedings – and, more specifically, the allegations in those proceedings, which are not subject to judicial notice for the truth of the matter asserted – have absolutely no bearing on the sufficiency

of Plaintiffs' allegations here and cannot be used to contradict or otherwise undermine Plaintiffs' well-pled factual allegations.

**Third**, Defendants falsely argue that the Complaint's reference to Grant's medical records constitutes the *only* basis for actual malice. In doing so, Defendants clearly ignore Plaintiffs' allegations that Callis is a seasoned attorney and former judge who possesses the legal training and professional responsibility to distinguish between permissible legal advocacy and reckless public defamation, that Callis was in possession of the medical records that contradicted her statements, yet went ahead and made the defamatory statements anyways, that Callis violated her professional ethical standards, and the inferences that can be drawn from these allegations that certainly support a plausible inference of reckless disregard for the truth.

**Lastly**, Defendants improperly invite the Court to engage in factual and credibility determinations as to whether the medical records support Plaintiffs' allegations. While the Court should not—and need not—consider Grant's medical records at this stage, a mere cursory review of the medical records and drawing all factual inferences from them in Plaintiffs' favor, clearly support Plaintiffs' allegations of actual malice.

Accordingly, for the reasons further set forth herein, Defendants' Motion should be summarily denied.

## **ARGUMENT**

### I.    **LEGAL STANDARD**

"The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." *Cavi v. Evolving Systems, Inc.,* C.A. No. 15-1211-RGA/MPT, 2017 WL 658470, * 3 (D. Conn. Feb. 17, 2017).

When a complaint is challenged under Fed. R. Civ. P. 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 91 (2d Cir.2007). A complaint is well-pleaded if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015) ("To survive [a motion to dismiss], a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'") (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim is plausible if it contains enough factual allegations to allow a "reasonable inference that the defendant is liable for the misconduct alleged.'" *Biro,* 807 F.3d at 544. "Factual disputes do not factor into a plausibility analysis under *Iqbal* and its progeny." *Knapp v. Am. Cruise Lines, Inc.,* No. 3:17-CV-2130 (CSH), 2018 WL 5263275, *13 (D. Conn. Oct. 23, 2018).

Further, a well-pleaded complaint will survive a motion to dismiss even if it appears that recovery is remote and unlikely. *See Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984) ("[T]he district court should not be swayed into granting the motion [to dismiss] because the possibility of ultimate recovery is remote."); *Gibson v. First Mercury Ins. Co.,* 633 F. Supp. 3d 627, 638 (D. Conn. 2022) (same). "[I]t is not the district court's province to dismiss a plausible complaint because it is not as plausible as the defendant's theory. The test is whether the complaint is plausible, not whether it is less plausible than an alternative explanation." *Palin v. New York Times Co.,* 940 F.3d 804, 815 (2d Cir. 2019).

Lastly, "[o]n a motion to dismiss, the Court is limited to considering the allegations of the complaint, facts of which it can judicially notice, documents incorporated by reference into the complaint, and documents considered 'integral' because of the complaint's *heavy* reliance upon

them." *Collymore v. Commissioner of D.O.C.,* Civil No. 3:21-cv-303 (SVN), 2024 WL 4564579, *4 (D. Conn. Oct. 24, 2024) (emphasis added) (citing *Chambers v. Time Warner, Inc,* 282 F.3d 147, 152-53 (2d Cir. 2002); *see also Eccleston v. City of Waterbury,* No. 3:19-cv-1614 (SRU), 2021 WL 1090754, *1 (D. Conn. Mar. 22, 2021) ("A court deciding a motion brought under Rule 12(b)(6) is limited to considering facts alleged in the complaint, and generally may not consider evidence outside the complaint."). Only when a complaint makes a "clear, definite, and substantial" reference to a document, such as quoting from it, is the entire document deemed to be part of the complaint. *Trump v. Vance,* 998 F.3d 198, 210 n. 8 (2d Cir. 2010). When it comes to judicial notice, "[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings." *Global Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 157 (2d Cir. 2006).

## II. PLAINTIFFS HAVE MORE THAN SUFFICIENTLY ALLEGED A DEFAMATORY *PER SE* CLAIM.

Under Connecticut law, "[t]o establish a prima facie case of defamation, the plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement." *Skakel v. Grace,* 5 F. Supp. 3d 199, 206 (D. Conn. 2014). Importantly, here, Defendants do not challenge—and effectively concede—that Plaintiffs have adequately alleged *all* of the elements of a defamation claim under Connecticut law. This in and of itself supports denial of Defendants' Motion in its entirety.

Defendants' sole challenge to the Complaint is that Plaintiffs have not alleged a plausible basis to support the necessary allegations of actual malice, which, as further demonstrated below, is demonstrably false.

### A.     The Complaint Does Not Establish That Plaintiffs Are Public Figures.

Only *public* figure plaintiffs are required to plead and prove that the defamatory statements were made with actual malice, *i.e.,* that the statements, "when made, [were] made with actual knowledge that it was false or with reckless disregard of whether [they] were false." *See Skakel,* 5 F. Supp. 3d at 206 (quoting *Gambardella v. Apple Health Care, Inc.,* 969 A.2d 736 (Conn. 2009)). Because Plaintiffs ***do not*** allege that they are public figures, nor do they allege any facts whatsoever which could possibly support the notion that they are public figures (*see* D.E. 1 at ¶¶ 17, 18), they are not required to plead actual malice, and, as a result, Defendants' Motion should be denied.

Defendants improperly invite the Court to determine whether Plaintiffs are public figures. But as the very case Defendants rely on makes clear, *only* when the determination of whether a plaintiff is a public figure can be made from the pleadings *alone* – which is not the case here – may the Court decide this issue at the motion to dismiss stage. *See Prince v. Intercept,* 634 F. Supp. 3d 114, 134 (S.D.N.Y. 2022) ("Where the question whether a plaintiff is a public figure can be determined based upon the pleadings alone, the Court may deem a plaintiff a public figure at the motion to dismiss stage."). Plaintiffs, nonetheless, will address Defendants' arguments as to whether they are public figures in the event the Court decides to make such a determination. Plaintiffs, however, are not waiving their argument that this issue should not be decided by the Court at this stage of the proceedings, but Plaintiffs cannot allow the proverbial bell that has been improperly rung by Defendants to go unaddressed.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

Even though there is not a single allegation in the Complaint that would support a determination that Plaintiffs are public figures, Defendants try avail themselves of Plaintiffs' sporadic use the term "actual malice" in their Complaint to incredulously claim that Plaintiffs have "effectively conced[ed]" they are public figures. *See* D. E. 37 at p. 11, n. 12.[2] Defendants, however, ignore the fact that Plaintiffs alleged that "Callis published such statements ***negligently***, with knowledge of the falsity of the statements, and/or with reckless disregard of their truth or falsity," (*see* D.E. 1 at ¶ 110) (emphasis added), *i.e.,* clearly pleading in the alternative, and that Plaintiffs are seeking punitive damages (*see id.* at p. 18), which, under Connecticut law, requires proof of malice. *See Skakel,* F. Supp. 3d at 206 ("To recover punitive damages, a plaintiff must prove malice, regardless of whether the plaintiff is a public figure.") (citing *Gambardella,* 969 A.2d 736). In other words, Plaintiffs have not, in any way, conceded that they are public figures.

Defendants also improperly attempt to avail themselves of the judicial notice doctrine in order to inject matters from outside the four corners of the Complaint for the Court to make this determination. Notably, while Defendants cite to several cases out of the Southern District of New York where the Courts have taken judicial notice of ***actual*** news articles and television news appearances that reference a plaintiff in making this determination,[3] Defendants do not cite to any

---

[2]     The primary reason why Plaintiffs have utilized the term actual malice in the Complaint is not for purposes of conceding that they are public figures, but rather for purposes of availing themselves, at a later time in these proceedings, to the presumption of damages in the event that the Court finds that Defendants did, indeed, act with actual malice. *See Skakel,* 5 F. Supp. 3d at 207 ("In the case of a statement that is defamatory per se, injury to a plaintiff's reputation is conclusively presumed such that a plaintiff need neither plead nor prove it. . . . [and] '[t]he individual plaintiff is entitled to recover, as general damages, for the injury to his reputation and for the humiliation and mental suffering which the [defamation] caused him.'")

[3]     *See Prince v. Intercept,* 634 F. Supp. 3d 114, 136 (S.D.N.Y. 2022) (taking judicial notice of news articles) (citing *Biro v. Conde Nast,* 963 F. Supp. 2d 255, 271 (S.D.N.Y. 2013)); *McCollum v. Baldwin,* 688 F. Supp. 3d 117, 123 (S.D.N.Y. 2023) (taking judicial notice of television news

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

such news articles or television show appearances here. Instead, Defendants cite an excerpt of Dr. Colker's profile on Peak Wellness' website that makes passing references to some of Dr. Colker's endeavors and achievements. But even if the Court were to take judicial notice of these statements, which, importantly, the Court cannot take judicial notice of their truth, they are simply not enough to support a finding that Plaintiffs are public figures. *See, e.g., Skakel,* 5 F. Supp. 3d at 212 (finding that Defendants' conclusory statements that Plaintiff is a public figure without any support for these assertions was insufficient to support the conclusion that Plaintiff is a public figure, and further stating that the "court cannot rely on extra-judicial facts to conclude at the motion to dismiss stage that the Defendants have carried their burden).

"In determining whether an individual is a public figure, courts must look to 'the nature and extent of an individual's participation in the particular controversy giving rise to the defamation.'" *Skakel,* 5. F. Supp. 3d at 210-11 (citing *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 351 (1974)). In *Gertz,* the Supreme Court specified that there are two (2) types of public figures in defamation cases: those individuals who are public figures for all purposes and those public figures for a limited purpose. 418 U.S. 323, 351 (1974).

An individual who should be classified as a general public figure "*is a rare creature.*" *Waldman v. Fairchild Publ'ns,* 627 F.2d 1287, 1292 (D.C. 1980) (internal citations omitted). A general public figure is one who occupies a position "of such persuasive power and influence" and "pervasive fame or notoriety" in the community that he assumes "special prominence in the resolution of public questions" and "in the affairs of society." *See Gertz,* 418 U.S. at 351. The attainment of general public figure status is not to be lightly assumed, even if the plaintiff is

---

appearances and social media content); *Khalil v. Fox Corp.,* 630 F. Supp. 3d 568, 583 (S.D.N.Y. 2022) (taking judicial notice of news articles that reference the plaintiff).

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

involved in community affairs, and requires clear evidence of such stature. *See id.* at 352. [T]he Court requires a clear showing of fame, asking whether he is a well-known celebrity whose name is a household word." *Coleman v. Grand,* 523 F. Supp. 3d 244, 256 (E.D.N.Y. 2021) (stating that "[t]o classify [plaintiff] as a general purpose public figure, however, his celebrity must be greater than that of a successful musician 'well known in some circles.'").

By contrast, a limited public figure arises where an individual "voluntarily injects himself or is drawn into a particular controversy and thereby becomes a public figure for a limited range of issues." *Gertz,* 418 U.S. at 351. But, as the Supreme Court has made clear, "[a] private individual is not automatically transformed into a public figure just by becoming involved in or associated with a matter that attracts public attention." *Wolston v. Reader's Digest Assn., Inc.,* 443 U.S. 157, 167 (1979). Rather, the Supreme Court cautions that:

> . . . while participants in some litigation may be legitimate 'public figures,' either generally or for the limited purpose of that litigation, the majority will more likely resemble respondent, drawn into a public forum largely against their will in order to attempt to obtain the only redress available to them or to defend themselves again actions brought by the State or by others. There appears little reason why these individuals should substantially forfeit that degree of protection which the law of defamation would otherwise afford them simply by virtue of their being drawn into a courtroom. The public interest in accurate reports of judicial proceedings is substantially protected by *Cox Broadcasting* [*v. Cohn,* 420 U.S. 469, 95 S. Ct. 1029, 43 L.Ed.2d 328 (1975)]. As to inaccurate and defamatory reports of facts, matters deserving no First Amendment protection, [] we think *Gertz* [*v. Robert Welch, Inc.,* 418 U.S. 323, 345, 94 S. Ct. 2997, 41 L.Ed.2d 789 (1974)] provides an adequate safeguard for the constitutionally protected interests of the press and affords it a tolerable margin for error by requiring some type of fault.

*Time, Inc. v. Firestone,* 424 U.S. 448, 457 (1976). "To hold otherwise would create an 'open season' for all who sought to defame persons convicted of a crime," or worse, accused of a crime. *See Wolston,* 443 U.S. at 169.

Here, as previously set forth, there is simply nothing within the four corners of the Complaint, or even the excerpt of Dr. Colker's profile (should the Court take judicial notice of it),

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

that would support the notion that both Dr. Colker and Peak Wellness are general public figures or limited public figures. While Dr. Colker may be well-known in some circles, this, in and of itself, does not make him a general public figure *for all purposes*. This is certainly less so when it comes to Peak Wellness, Dr. Colker's company.

Moreover, Plaintiffs have not thrust themselves into the vortex of any litigation involving Grant. On the contrary, their names have been dragged through the mud against their will. They should not be forced to forfeit the protections they are otherwise entitled if it had not been for the sensationalized, defamatory statements Defendants made about Plaintiffs.

In any event, even if the Court finds that Plaintiffs are public figures, as further demonstrated below, Plaintiffs' Complaint contains sufficient allegations to support a plausible inference that Defendants acted with actual malice.

### B.    Plaintiffs Have More Than Sufficiently Alleged Actual Malice.

"The hurdles to plausibly pleading actual malice . . . are by no means insurmountable." *Nunes v. NBCUniversal Media, LLC,* 643 F. Supp. 3d 403, 419 (S.D.N.Y. 2022) (quoting *Biro,* 807 F.3d at 545); *see also Palin,* 940 F.3d at 817 (stating that while a plaintiff's evidentiary burden at trial to show a defendant acted with actual malice is high, "[a]t the pleading stage, however, [plaintiff's] only obstacle is the plausibility standard of *Twombly* and *Iqbal.*") . Actual malice is plausibly alleged when the complaint contains sufficient specific factual allegations to allow the court to draw a reasonable inference that the defendant acted with actual malice—that is, with knowledge of falsity or reckless disregard for truth. *Biro,* 807 F.3d at 546 (holding that a plaintiff pleads plausible grounds to infer actual malice by alleging "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" actual malice (quoting *Twombly* at 556)). "As a general rule, any competent evidence, either direct or circumstantial, can be resorted to, and all

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

the relevant circumstances surrounding the transaction may be shown" to infer actual malice. *Herbert v. Lando*, 441 U.S. 153, 164 (1979). Further, "[a]lthough actual malice is subjective, a 'court typically will infer actual malice from objective facts.'" *Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 183 (2d Cir. 2000) (citation omitted). "These facts should provide evidence of 'negligence, motive and intent such that *an accumulation of the evidence and appropriate inferences* supports the existence of actual malice." *Id.* (citation omitted) (emphasis in original). Lastly, "[a] court does not weigh competing, plausible theories of actual malice on a motion to dismiss." *Nunes,* 643 F. Supp. 3d at 420-21); *see also Palin,* 940 F.3d at 815 ("[I]t is not the district court's province to dismiss a plausible complaint because it is not as plausible as defendant's theory.").

Indeed, awareness of facts prior to the defamatory statements being made which strongly suggest the innocence of the plaintiff from the published accusations, a failure to investigate, reliance on anonymous or unreliable sources, ill will or "a personal connection . . . that animate[s] [the speaker's] hostility" ***can*** support an inference of actual malice. *See Nunes,* 643 F. Supp. 3d at 419 (finding plaintiff plausibly alleged actual malice and denying motion to dismiss); *Palin,* 940 F.3d at 817 (reversing dismissal of defamation claim, finding that plaintiff plausibly alleged actual malice); *Khalil v. Fox Corp.,* 630 F. Supp. 3d 568, 585 (S.D.N.Y. 2022) (finding that the complaint adequately alleged that the defendants purposefully avoided the truth given the amount of information available "to survive a motion to dismiss and obtain discovery"); *see also Goldfarb v. Channel One Russia,* 663 F. Supp. 3d 280, 311 (S.D.N.Y. 2023) (denying summary judgment after previously denying motion to dismiss and stating that "a reasonable factfinder could infer that Channel One doubted its informant's credibility . . . but recklessly broadcast his accusations anyway"); *Celle,* 209 F. 3d at 190 ("Considering the evidence of ill will [defendant] felt towards

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

[plaintiff], a reasonable juror could conclude that [defendant] knowingly and recklessly ignored the probable falsity of the story and printed it.") . Further, as set forth by the Supreme Court in *Harte-Hanks Communications v. Connaughton,* the "purposeful avoidance of truth" can show actual malice. 491 U.S. 657, 692 (1989). A purposeful avoidance of truth can be found upon consideration of all the circumstances, including the profession of the speaker and the speaker's departure from his or her professional norms.

For instance, in *Curtis Publishing Co. v. Butts*, the Court found actual malice where a magazine published serious allegations relying on a questionable source, while failing to interview accessible, relevant witnesses or review available evidence that could confirm or rebut the story, stating that the publication's "extreme departure from standards of investigation and reporting ordinarily adhered to by responsible publishers" supported a finding of actual malice. 388 U.S. 130, 155 (1967).

Similarly, in *Harte-Hanks Communications, Inc.,* the Court found that the newspaper's failure to interview a key witness and refusal to listen to an exculpatory tape easily accessible to it, reflected a "deliberate decision not to acquire knowledge of facts that might confirm the probable falsity" of the publication. 491 U.S. at 692–93.

Here, the Complaint contains more than sufficient specific factual allegations – that the Court must accept as true – to allow the Court to draw a reasonable inference that Defendants acted with actual malice, *i.e.,* with knowledge of the falsity of Callis' statements or with reckless disregard for the truth. Specifically, the Complaint alleges that:

- Dr. Colker is a licensed medical professional and practicing physician (*see* D.E. 1 at ¶ 17);

- Peak Wellness is a fully accredited medical practice that operates in full compliance with state and federal medical regulations and adheres to the highest professional and ethical standards in the field (*see id.* at ¶ 18);

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

- Peak Wellness uses an electronic medical records (EMR) platform that ensures that patient medical records are accurate and complete and securely maintained in compliance with applicable legal and regulatory standards (*see id.* at ¶ 19);

- Over the course of approximately two and half years, Grant received medical care at Peak Wellness and throughout the duration of her treatment, she "actively participated in her treatment decisions and was consistently provided with comprehensive explanations of each treatment, including its purpose, ingredients, expected outcomes, and detailed instructions for all supplements and medications (*see id.* at ¶¶ 22-23);

- Prior to entering private practice, Callis served as the Chief Judge of the Third Judicial Circuit in Madison County, Illinois (*see id.* at ¶ 32);

- Callis, acting as legal counsel for Grant, initiated a lawsuit against WWE and McMahon in the United States District of Connecticut asserting multiple causes of action, including violations of the Trafficking Victims Protection Act, sexual battery, assault, and related claims (*see id.* at ¶¶ 34-35);

- Neither Dr. Colker nor Peak Wellness are named as defendants in this lawsuit (*see id.* at ¶ 37);

- In relation to the lawsuit, Defendants requested, and Plaintiffs provided, Grant's medical records on four (4) occasions, including on March 5, 2024, April 17, 2024, and July 16, 2024, and August 30, 2024 (*see id.* at ¶¶ 39, 42, 44, 51);

- Despite having these records, Defendnats issued a press release falsely accusing Plaintiffs of engaging in unethical and unlawful medical practices, including forcibly administering unidentified substances to her, coercing her into ingesting unlabeled medication, and wrongfully withhold medical records (*see id.* at ¶¶ 56, 58, 59);

- Callis presented these statements as definitive factual assertions rather than as legal arguments or opinions (*see id.* at ¶ 60);

- Had these allegations been true, Dr. Colker would have faced immediate and severe criminal, regulatory, and professional consequences (*see id.* at ¶ 63);

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

- Had these statements had any legal merit, Defendants would have included them in her court filings, but they didn't and, instead, deliberately omitted them from any court filings (*see id.* at ¶¶ 69, 70, 71, 72);

- "As a seasoned attorney and former judge, Callis possesses the legal training and professional responsibility to distinguish between permissible legal advocacy and reckless public defamation (*see id.* at ¶ 74);

- Callis' status and experience only heighten the gravity of her misconduct, as she knowingly disregarded the truth despite having access to records that contradicted her statements (*see id.* at ¶ 75);

- Callis' public statements violated professional ethical standards (*see id. at* ¶ 79); and

- Callis' intentional dissemination of inflammatory and false claims ensured that the public, including potential jurors, would be exposed to prejudicial information outside the courtroom (*see id.* at ¶ 80).

In disseminating her statements, Callis did not attribute her statements to any objective source. Rather, her only source appears to have been her client – Grant – on whose behalf Defendants have filed a civil lawsuit against the WWE and McMahon seeking millions of dollars. Amplifying her abhorrent and false accusations, Callis lends credibility to her statements by virtue of her status as a *seasoned attorney and former judge*. But as a seasoned attorney and former judge, she should have been aware of several red flags in the medical records which do not support – and actually contradict – the statements she made, and that should have – at the very least – alerted her to further investigate Grant's accusations of Dr. Colker before disseminating such repulsive defamatory statements. She deliberately chose not to, and, instead, chose to draw attention toward her client's claims against the WWE and McMahon, hoping to reach potential jurors.

Defendants' obvious ex-post facto attempts to try to justify their statements by claiming that Plaintiffs' defamation claim is an attempt to intimidate and silence Defendants, is nothing but a red herring designed to distract the Court. There is just no way of getting around the fact that

Defendants published vile, defamatory, and false statements accusing Plaintiffs of committing serious crimes and unethical practices (for which they have not even been charged) with actual malice, which are clearly defamatory *per se*.

### C.    Defendants' Attempt to Refute Actual Malice Using the Medical Records Improperly Invites the Court to Resolve Issues of Disputed Facts on a Motion to Dismiss.

Defendants also wrongfully invite the Court to engage in factual and credibility determinations as to whether Grant's medical records support Plaintiffs' allegations, which Defendants certainly know is improper at this stage of the proceedings. Plaintiffs will, nonetheless, address Defendants' contrived interpretation of the medical records in the event the Court decides to engage in a review of the medical records. Plaintiffs, however, are not waiving their argument that these factual determinations are improper at this stage of the proceedings, and, once again, simply cannot allow the proverbial bell that has been improperly rung by Defendants to go unaddressed.

Defendants urge the Court to treat the medical records as the ***sole*** determinative measure of whether Plaintiffs have pled actual malice and to hold that, absent a direct contradiction in those records, Callis could not have known her statements were false. As previously demonstrated, Defendants clearly ignore – and improperly ask the Court to ignore – Plaintiffs' other allegations that support and establish actual malice.

Defendants' tactic, nonetheless, rings hollow given that even a cursory review of the medical records supports the notion of patient-initiated, informed, and consented treatments of Grant by Plaintiffs, which flies in the face of the abhorrent unethical and criminal conduct that Defendants falsely accuse Plaintiffs of. In direct contravention of Defendants' argument that the medical records do not "disprove" Callis' *false and defamatory* statements that Dr. Colker: (a)

"injected unknown substances," (b) "forced [Grant] to accept intravenous infusions of unknown contents," (c) "directed [Grant] to take unlabeled pills or mystery pills," and that (d) Grant was "getting progressively worse,"  the medical records *repeatedly:*



---
[4]    *See, e.g.,* Godek Aff., Ex. A at 23–24, 26, 29, 31–32, 106, 121, 128, 140, 152, 154–55, 181, 186, 191, 195–200, 206, 220, and 264.

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071



**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071



18





**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

In short, the medical records certainly do not substantiate Defendants' loathsome defamatory statements. On the contrary, the information contained in the medical records, ***which Defendants were in possession of prior to making the defamatory statements***, is materially and fundamentally contrary to the ethical and criminal misconduct Defendants falsely accuse Plaintiffs of. Indeed, the mere possession of the medical records by Defendants, which they attached to their Motion to Dismiss, entirely belies and demonstrates the falsity and actual malice of the statements made by Callis, including, without limitation, the false and defamatory statement that Plaintiffs wrongfully withheld medical records from Grant and Defendants. Ultimately, Defendants' vastly different – albeit, wholly tortured and demonstrably false – interpretation of the medical records, along with the credibility determinations that ultimately need to be made, is for the jury to decide.

## III.    REQUEST FOR LEAVE TO AMEND.

Assuming, *arguendo*, that this Court is considering granting Defendants' Motion, Plaintiffs respectfully request leave to amend the Complaint to provide further particularized allegations of facts supportive of Plaintiffs' claim, including additional allegations fleshing out the red flags raised by the medical records that dispel any notion that Plaintiffs coerced or concealed Grant's medical treatment, or otherwise violated any ethical or professional duties. *See Stiller v. Colangelo*, 221 F.R.D. 316 (D. Conn. 2004) (pursuant to Fed. R. Civ. P. 15(a), leave to amend "shall be freely given when justice so requires" and a court "may not deny leave to amend absent good cause."); *Davis v. Goord,* 320 F.3d 346, 352 (2d Cir. 2003) ("additional factual allegations regarding the nature of the interference could possibly establish that Davis' rights were violated and he should be given an opportunity to allege those facts.")); *Sorbera v. New York Life Ins. Co.,* No. 3:17-CV-01653 (AVC), 2018 WL 3814522, at *4 (D. Conn. Aug. 1, 2018) ("Because evaluating contractual provisions is a fact-intensive endeavor, it is inappropriate to dismiss Sorbera's claims at this

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

preliminary stage without granting an opportunity to amend. Thus, the court grants leave to amend the complaint only to enable Sorbera to cure deficiencies with respect to his allegations of bad faith)); *Yeboah v. U.S. Bank, N.A.*, No. 3:24-CV-351 (AWT), 2025 WL 101575, at *8 (D. Conn. Jan. 15, 2025) ("[only] where there is no indication that pleading additional facts would resuscitate a claim that has been dismissed, the Court need not grant leave to amend.)); *Gayle v. Hoffman*, No. 18-CV-3772 (CM), 2018 WL 11016521, at *3 (S.D.N.Y. June 25, 2018) ("the Court grants Plaintiff leave to amend his complaint to allege any additional facts to support his trademark infringement claim.")); *Hickman v. Harvey*, No. 24-CV-2721 (LTS), 2024 WL 4635339, at *4 (S.D.N.Y. Oct. 28, 2024) ("The Court grants Plaintiff leave to amend his complaint to allege additional facts regarding his claims of being subjected to unlawful searches.")).

## CONCLUSION

**WHEREFORE**, Plaintiffs CARLON M. COLKER, M.D. and PEAK WELLNESS, INC. respectfully request that the Court enter an Order: (a) denying Defendants' Motion to Dismiss, and (b) granting Plaintiffs any additional relief that this Court deems just and proper. Alternatively, in the event that the Court grants any portion of Defendants' Motion to Dismiss, Plaintiffs respectfully request that the Court grant Plaintiff leave to amend their Complaint in order to cure any pleading deficiencies.

Respectfully submitted,

By: /s/ *Alejandro Brito*

**Alejandro Brito**
Florida Bar No. 098442
*Pro Hac Vice Admitted*
**Lara Juliette Fernandez**
Florida Bar No. 1059162
*Pro Hac Vice Admitted*
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office: 305-614-4071

**Dennis M. Durao**
KARSTEN & TALLBERG, LLC
500 Enterprise Drive
Suite 4B
Rocky Hill, CT 06067

*Counsel for Plaintiffs*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

## <u>CERTIFICATE OF SERVICE</u>

This certifies that on August 20, 2025, a copy of the foregoing was filed electronically on

the Court's CM/ECF system to all counsel of record:

Timothy Gondek, Esq.
Hannah Meyers, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
185 Asylum Street
Suite 2603
Hartford, Connecticut 06103
Timothy.Gondek@LewisBrisbois.com
Hannah.Meyers@LewisBrisbois.com
hartfordeservice@lewisbrisbois.com
*Counsel for Defendants*

William S. Fish, Jr., Esq.
Alexa T. Millinger, Esq.
Hinckley, Allen & Snyder, LLP
20 Church Street
18th Floor
Hartford, Connecticut 06103
wfish@hinckleyallen.com
amillinger@hinckleyallen.com

By: /s/ *Alejandro Brito*

**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071