UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLON M. COLKER, M.D., an individual, and PEAK WELLNESS, INC., a Connecticut corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ANNE CALLIS, an individual, and HOLLAND LAW FIRM LLC, a Missouri limited liability company,<br><br>Defendants. | Case No.: 3:25-cv-00711-RNC |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY DISCOVERY**

Plaintiffs, CARLON M. COLKER, M.D. ("Dr. Colker"), and PEAK WELLNESS, INC. ("Peak Wellness") (collectively, the "Plaintiffs"), by and through the undersigned counsel, hereby file this Memorandum of Law in Opposition to Defendants, ANNE CALLIS ("Callis"), and HOLLAND LAW FIRM LLC's ("Holland Law") (collectively, the "Defendants") Motion to Stay Discovery [ECF No. 43], and in support thereof, state as follows:

**INTRODUCTION**

This action arises from Defendants' malicious and extrajudicial defamation of Dr. Colker and Peak Wellness, falsely accusing them of unethical and unlawful medical practices in their treatment of Defendants' client, Janel Grant ("Grant"). For decades, Dr. Colker has maintained a reputation as a respected physician and Peak Wellness has served as a trusted medical practice. Yet in 2024, without warning and despite Plaintiffs' full compliance with Defendants' repeated demands for Grant's medical records, Callis, as an agent of Holland Law, issued a press release and hosted a press conference broadcasted to national and international audiences wherein she

falsely accused Plaintiffs of administering unidentified substances to Grant, coercing her into ingesting unlabeled medication, and wrongfully withholding her medical records. These knowingly false statements, made outside any judicial proceeding, have caused Plaintiffs severe harm, including reputational damage, loss of professional standing, and financial injury. Plaintiffs are entitled to proceed expeditiously toward redress of their injuries.

Defendants' Motion to Dismiss [ECF No. 36] (the "Motion to Dismiss"), primarily argued, as do most motions directed at defamation claims, that Plaintiffs failed to state a plausible claim for defamation per se because Plaintiffs purportedly did not adequately plead facts suggesting Defendants acted with actual malice. Defendants have failed to carry their burden of showing that a stay is necessary, reasonable, or appropriate pending resolution of their Motion to Dismiss. Nor can they ultimately carry that burden, given that Plaintiffs submit that the Motion to Dismiss should be denied, and because the Motion to Dismiss is not case-dispositive. Indeed, in the event that this Court grants any part of the Motion to Dismiss, Plaintiffs have sought leave to amend the Complaint to cure any alleged pleading defects identified in Defendants' Motion to Dismiss[1]. A stay under these circumstances would serve only to delay the litigation, increase expense, and prejudice Plaintiffs, while benefiting no one except Defendants. Accordingly, this Court should deny Defendants' Motion to Stay Discovery.

---

[1] Within Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss [ECF No. 47], Plaintiffs opposed the Motion on the merits and, in the alternative, requested leave to amend.

## ARGUMENT

I.    **Legal Standard For Staying Discovery**

As Magistrate Judge Thomas O. Farrish explained:

> Courts in this district do not typically stay discovery upon the filing of a dispositive motion. *Covenant Imaging, LLC v. Viking Rigging & Logistics, Inc.*, No. 3:20-cv-593 (KAD), 2020 WL 5411484, at *1 (D. Conn. Sept. 9, 2020) ("Generally, it is not the practice of this Court to stay discovery upon the filing of a dispositive motion."). It is well established that "[t]he filing of a dispositive motion in and of itself does not halt discovery obligations," and "a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion." *Ruocchio v. Panera LLC*, No. 2:20-cv-2564 (DG) (JMW), 2023 WL 2403627, at *2 (E.D.N.Y. Mar. 8, 2023). Put differently, "while discovery may in a proper case may be stayed pending the outcome" of such a motion, "the issuance of a stay is by no means automatic." *Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 3:17-CV-01765 (CSH), 2018 WL 1960112, at *2 (D. Conn. Apr. 26, 2018) (quoting *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)) (brackets omitted).

*Conservation Law Found., Inc. v. Shell Oil Co.,* No. 3:21-cv-00933 (JAM), 2023 WL 4706815, at *3 (D. Conn. July 24, 2023). See also *Morien v. Munich Reinsurance America, Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010) (citing *Josie–Delerme v. Am. Gen. Fin. Corp.,* No. CV 2008–3166(NG), 2009 WL 497609, at *1 (E.D.N.Y. Feb.26, 2009) ("The pendency of a dispositive motion is not, in itself, an automatic ground for a stay").

Indeed, a stay of discovery pending the determination of a motion to dismiss is the *exception* rather than the rule. See *Kollar v. Allstate Ins. Co.*, No. 3:16-CV-1927 (VAB), 2017 WL 10992213, at *1 (D. Conn. Nov. 6, 2017) ("[T]his Court's regular practice normally requires the parties to commence discovery, even while a motion to dismiss is pending."). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, they would contain such a provision." *Moss v. Hollis*, No. CIV. B-90-177 (PCD), 1990 WL 138531 (D. Conn. June 29, 1990). Instead, the rules only permit a court to stay discovery upon a showing of "good cause." Fed. R. Civ. P. 26(c)(1)(A).

In determining whether there is "good cause," the court considers "(1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Lithgow v. Edelmann*, 247 F.R.D. 61, 62 (D. Conn. 2007) (citation

3

omitted). See also *Johnson v. Gonzalez* 2023 WL 2770684, at *3 (D. Conn. April 4, 2023); *Commc'ns Gateway Co., Ltd. v. Gartner, Inc.*, No. 3:20-cv-700 (VAB), 2021 WL 1222198, at *5 (D. Con. Mar. 31, 2021); *Morien v. Munich Reins. Am., Inc.,* 270 F.R.D. at 67 (D. Conn. 2010).

## II. Defendants' Motion to Dismiss Is Not "Clearly Meritorious and Truly Case Dispositive."

District courts in this Circuit evaluating the first factor—the strength of the dispositive motion—have not applied a uniform test. *Metzner v. Quinnipiac Univ.*, No. 3:20-cv-784 (KAD), 2020 WL 7232551, at *3 n.2 (D. Conn. Nov. 12, 2020). Some decisions hold that a stay may be warranted where the motion to dismiss appears to have "substantial grounds" or is "not without foundation in law." See, e.g., *Brown v. Katz*, No. 3:18-cv-279 (VLB), 2018 WL 11486500, at *1 (D. Conn. July 24, 2018); *ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 3:12-cv-38 (RNC), 2012 WL 2944357, at *2 (D. Conn. July 18, 2012). Other courts, however, have criticized that formulation as too lenient, warning that it risks granting stays even where a motion has little chance of success. *Metzner v. Quinnipiac Univ.*, No. 3:20-cv-784 (KAD), 2020 WL 7232551, at *3 n.2 (D. Conn. Nov. 12, 2020) (citing *Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). See also *Conservation Law Found., Inc. v. Shell Oil Co.*, No. 3:21-cv-00933 (JAM), 2023 WL 4706815, at *3 (D. Conn. July 24, 2023).

Even under the more 'stay-friendly' approach, courts emphasize that a stay is unwarranted unless the dispositive motion, if granted, would dispose of the case in its entirety. *Conservation Law Found., Inc. v. Shell Oil Co.,* No. 3:21-cv-00933 (JAM), 2023 WL 4706815, at *4 (D. Conn. July 24, 2023); *Johnson v. Gonzalez*, No. 3:21-cv-585 (CSH), 2023 WL 2770684, at *3 (D. Conn. Apr. 4, 2023). This is because if dismissal would not terminate the case in full, discovery will proceed regardless of the outcome, and a stay serves only to create unnecessary delay. *Hachette Distrib., Inc. v. Hudson Cnty. News Co.,* 136 F.R.D. 356, 358–59 (S.D.N.Y. 1991) (noting that the

4

dispositive motion "would not result in the termination of this action," and emphasizing that "discovery will proceed in the case whether or not the ... motion is granted").

Even where a motion to dismiss raises arguments grounded in law and is potentially dispositive, a stay remains improper if the plaintiff has opposed the motion with substantial arguments that likewise have a foundation in law. In such circumstances, it cannot be said that the claims are "wholly unmeritorious." See *Johnson v. Gonzalez*, No. 3:21-cv-585 (CSH), 2023 WL 2770684, at *3 (D. Conn. Apr. 4, 2023) ("Plaintiff has opposed that motion, and Defendants have replied. Both sides strongly insist that their adversary's position has no merit. The Court will not attempt to predict the outcome of the motion to dismiss. It is sufficient for these purposes to state that both parties have raised arguments, founded in law, and while Defendants' motion to dismiss is potentially dispositive, it is not at all clear that Plaintiff's claims are wholly unmeritorious.") (discussing *Stanley Works Israel Ltd. v. 500 Grp., Inc.*, No. 3:17-CV-01739 (JAM), 2018 WL 1960112, at *3 (D. Conn. Apr. 26, 2018)) (factor did not favor stay because both parties presented substantial legal arguments and "while Defendants' motion to dismiss [was] potentially dispositive, it [was] not at all clear that Plaintiff's claims [were] wholly unmeritorious"); *Levinson v. Pscc Servs., Inc.*, No. 3:09-CV-00269 (PCD), 2009 WL 10690157, at *2 (D. Conn. Sept. 16, 2009) ("[I]t is clear that none of the claims is so frivolous or glaringly deficient as to warrant a stay of discovery."). Moreover, where a motion to dismiss turns on the sufficiency of factual allegations, it cannot be deemed "clearly meritorious," and a stay of discovery is improper. See *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991) ("Stay of discovery pending determination of dispositive motion should occur only if there are no factual issues in need of further immediate exploration and if issues before the court are purely questions

of law that are potentially dispositive"); *Sharma v. Open Door NY Home Care Servs., Inc.,* 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (same).

Here, the Motion to Dismiss is not truly case-dispositive. It does not raise a pure question of law. It rests instead on the contention that Plaintiffs failed to plead sufficient facts to establish actual malice. Plaintiffs have opposed the Motion with substantial legal arguments and by incorporating Grant's medical records that directly contradict the grounds articulated by Defendants as the basis for dismissal. Those records introduce factual issues that require further exploration, making dismissal and a stay at this stage unwarranted.

### III.     Defendants' Discovery Requests Do Not Impose Undue Burden

Further, Defendants have failed to make a specific showing of burdensomeness to warrant any stay of discovery. Defendants generally contend that they will raise objections under the attorney–client privilege and work-product doctrine because Plaintiffs' discovery requests seek Callis's communications with her client, Grant. But such anticipated objections do not constitute the type of particularized burden required to justify halting discovery.

As the court explained in *Kollar v. Allstate Ins. Co.,* No. 3:16-cv-01927 (VAB), 2017 WL 10992213, at *2 (D. Conn. Nov. 6, 2017), discovery should ordinarily proceed even while a motion to dismiss is pending, and "to the extent that Defendants have concerns about the scope and proportionality of [Plaintiff's] discovery requests, they may seek to address those concerns in the appropriate way: by seeking a discovery conference with the Court." *Kollar v. Allstate Ins. Co.,* No. 3:16-cv-01927 (VAB), 2017 WL 10992213, at 2 (D. Conn. Nov. 6, 2017) (rejecting request for stay where defendants characterized discovery as wide-ranging and burdensome, explaining that scope and proportionality concerns should be addressed through objections or discovery conferences, not by halting discovery). Here, Defendants are free to raise privilege objections,

move for a protective order, or request a discovery conference, but they should not invoke routine discovery disputes as grounds to stay discovery entirely.

### IV. Staying Discovery Unfairly Prejudices Plaintiffs.

Just as in *Weber v. McCormick,* No. 3:06-cv-2009 (PCD), 2007 WL 9754633 (D. Conn. Apr. 23, 2007), "under the totality of circumstances presented here, a stay of all discovery as to [Defendants] would effectively impede the just and speedy administration of the progress of this lawsuit. The fact that [Defendants] filed a potentially dispositive motion to dismiss does not in and of itself give rise to justification to warrant a stay." *Weber v. McCormick,* No. 3:06-cv-2009 (PCD), 2007 WL 9754633, at *2 (D. Conn. Apr. 23, 2007). Plaintiffs have already sustained significant injury as a result of Defendants' actions, and further delay would only compound that harm. In light of this prejudice, the Motion to Stay should be denied.

### CONCLUSION

For the reasons described above, Defendants' Motion to Stay should be denied.

WHEREFORE, Plaintiffs CARLON M. COLKER, M.D. and PEAK WELLNESS, INC. respectfully request that the Court enter an Order: (a) denying Defendants' Motion to Stay, and (b) granting Plaintiffs any additional relief that this Court deems just and proper.

Dated September 5, 2025                    Respectfully submitted,


                                           By: /s/ *Alejandro Brito*

                                           **Alejandro Brito**
                                           Florida Bar No. 098442
                                           *Pro Hac Vice Admitted*
                                           **Lara Juliette Fernandez**
                                           Florida Bar No. 1059162
                                           *Pro Hac Vice Admitted*
                                           BRITO, PLLC
                                           2121 Ponce de Leon Boulevard
                                           Suite 650
                                           Coral Gables, FL 33134
                                           Office: 305-614-4071

                                           **Dennis M. Durao**
                                           KARSTEN & TALLBERG, LLC
                                           500 Enterprise Drive
                                           Suite 4B
                                           Rocky Hill, CT 06067

                                           *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

This certifies that on September 5, 2025, a copy of the foregoing was filed electronically on the Court's CM/ECF system to all counsel of record:

Timothy Gondek, Esq.
Hannah Meyers, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
185 Asylum Street
Suite 2603
Hartford, Connecticut 06103
Timothy.Gondek@LewisBrisbois.com
Hannah.Meyers@LewisBrisbois.com
hartfordservice@lewisbrisbois.com
*Counsel for Defendants*

William S. Fish, Jr., Esq.
Alexa T. Millinger, Esq.
Hinckley, Allen & Snyder, LLP
20 Church Street
18th Floor
Hartford, Connecticut 06103
wfish@hinckleyallen.com
amillinger@hinckleyallen.com

By: /s/ *Alejandro Brito*