UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLON M. COLKER, M.D., ET AL<br>       Plaintiff<br><br>v.<br><br>ANN CALLIS, ET AL<br>           Defendant | CASE No.: 3:25-cv-00711<br><br><br>SEPTEMBER 19, 2025 |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
TO MOTION TO STAY DISCOVERY**

The Defendants Ann Callis and the Holland Law Firm, LLC (collectively the "Defendants") file this Reply to Plaintiffs Carlon Colker and Peak Wellness, Inc.'s (collectively the "Plaintiffs") Opposition to Defendants' Motion to Stay Discovery. (Dkt. No. 54)(the "Opposition" or "Opp."). The Plaintiffs have not made any showing within the Opposition to refute the Defendants' valid arguments warranting a stay in this case.

The Plaintiffs' Opposition does not show that the Motion to Stay failed to establish (1) a "strong showing" that their claim is unmeritorious; (2) that the discovery requests impose a "substantial burden" on the Defendants; or (3) that there is any risk whatsoever of "unfair prejudice" to the Plaintiffs if discovery were stayed. *See United States ex rel. Ameti v. Sikorsky Aircraft Corp.,* No. 3:14-CV-1223(VLB), 2016 WL 10490528, at *1 (D. Conn. Nov. 28, 2016). All three factors this Court considers in determining whether a stay is appropriate lean in favor of the Defendants' request for a stay.

1

## The Defendants' Motion to Dismiss makes a strong showing that the Plaintiffs' Complaint is unmeritorious.

First, the Plaintiffs have not shown that the Defendants' Motion to Dismiss is so weak as to mitigate against a stay. The Plaintiffs argue that the "unfounded" standard for the granting of a stay that the Defendants cite in the Motion is "too lenient" given that some judges have chosen to apply a more strict standard. But what Plaintiffs fail to mention is that even this stricter standard merely requires that the Motion to Dismiss in question present "substantial arguments for dismissal,' or, stated differently, whether 'there has been a strong showing that the plaintiff's claim is' without merit." *Metzner v. Quinnipiac Univ.,* No. 3:20-CV-00784 (KAD), 2020 WL 7232551, at *3 (D. Conn. Nov. 12, 2020)(quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). The Defendants have met this standard. The Defendants have certainly made a "strong showing that [the Plaintiffs] claim is without merit." The Plaintiffs do not raise and do not even attempt to raise any argument that the Defendants have not made this "strong showing" in their Motion to Dismiss. Even using the stricter standard endorsed by the Plaintiffs, the Opposition does not provide sufficient basis to satisfy this factor of consideration.

The Plaintiffs also argue that the Motion to Dismiss is not case-dispositive because if it were granted, the Plaintiffs would amend their Complaint. (Opp. at 2). In so doing, Plaintiffs ignore the fact that they <u>have no right</u> to amend their Complaint under Rule 15 as all applicable time periods have lapsed.  As set forth in Defendants' Reply to Plaintiff's Opposition to the Motion to Dismiss, this Court previously provided the Plaintiffs with the opportunity to either amend their Complaint by August 19, 2025, or to otherwise file a response to the Motion to Dismiss.  Plaintiffs chose to file a brief in opposition to the Motion to Dismiss, eschewing the opportunity to amend

as provided by the Court. Therefore, Plaintiffs would only be permitted to amend their Complaint if the Court grants them leave – which the Defendants would oppose and object to.

### The Plaintiffs do not refute that the Discovery Requests raise extensive privilege issues that will impose an undue burden on the Defendants

Next, Plaintiffs attempt to argue that their discovery requests do not impose an undue burden thus negating the need for a stay. However, the Plaintiffs do not refute the Defendants' argument that the Plaintiffs' requests implicate extensive privilege issues. (Opp. at 6-7). Instead, Plaintiffs simply state that the Defendants are free to raise any issues about the "scope" of discovery through the proper channels with the Court. But this does not address the underlying issue raised by the Defendants within the Motion for Stay. As nearly all of the discovery implicates some sort of privilege given that the Defendants are an attorney and a law firm and this case arises out of the Defendants' representation of a client, any potential dispute regarding this issue is not likely to be resolved with a simple court conference. Rather, such a dispute would inevitably require extensive motion practice on the part of both Plaintiffs and Defendants, motion practice which would almost certainly be unnecessary if the case were dismissed. The Plaintiffs do not refute this argument within their Opposition. Plaintiffs similarly make no attempt to address the law cited by the Defendants in which courts have considered the potential litigation of privilege issues when determining and assessing the burden posed by discovery requests. Nor do Plaintiffs cite to any legal support of their own which would suggest that this Court should not consider litigation over a complicated dispute regarding privilege when evaluating the burden of the pending discovery requests. In sum, the *uniquely* extensive privilege issues in this case create an undeniable burden on the Defendants, one which could and should be avoided until the Motion to Dismiss is ruled upon, and Plaintiffs have failed to provide a compelling argument in opposition.

### The Plaintiffs have not offered any reason they would be harmed by a stay of discovery

Finally, the Plaintiffs make no attempt to support their conclusory argument that they are prejudiced by a stay of discovery. (Opp. at 7). They state only that "further delay would only compound [the harm Plaintiffs have sustained]." *Id.* They do not offer any details whatsoever expanding on this claim – because there are none. Plaintiffs cannot articulate any harm they would suffer from a brief stay of discovery while the court adjudicates the pending Motion to Dismiss, which has been fully briefed.

For all the foregoing reasons, and those set forth in the Defendants' Motion to Stay, the Defendants ask this Court to issue an order staying discovery pending resolution of the Defendants' Motion to Dismiss.

Respectfully submitted,
ANNE CALLIS
HOLLAND LAW FIRM LLC

By: */s/   William S. Fish, Jr.*
William S. Fish, Jr.
Alexa T. Millinger
HINCKLEY ALLEN & SNYDER LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
amillinger@hinckleyallen.com
wfish@hinckleyallen.com
Tel: (860) 725-6200
Fax: (860) 278-3802

Timothy Gondek
Hannah Meyers
LEWIS BRISBOIS BISGAARD & SMITH, LLP
185 Asylum Street
Suite 2603
Hartford, Connecticut 06103
Timothy.Gondek@LewisBrisbois.com
Hannah.Meyers@LewisBrisbois.com
hartfordservice@lewisbrisbois.com
Tel: (860) 748-4806
Fax: (860) 748-4857

## **CERTIFICATE OF SERVICE**

       This is to certify that on September 19, 2025, a copy of the foregoing was filed electronically on the Court's CM/ECF system.  Notice of this filing will be sent to all counsel of record for viewing via the Court's ECF system.

                                        */s/   William S. Fish, Jr.*
                                        William S. Fish, Jr.