**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CARLON M. COLKER, M.D., ET AL<br>          Plaintiff<br><br>v.<br><br>ANN CALLIS, ET AL<br>                    Defendant | CASE #: 3:25-cv-00711-RNC<br><br><br>APRIL 6, 2026 |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants ANN CALLIS ("Callis") and HOLLAND LAW FIRM LLC ("Holland Law") (collectively, the "Defendants") provide the following responses and affirmative defenses to Plaintiffs' Complaint filed May 2, 2025:

**NATURE OF THE ACTION**

1. Admitted that Callis is an attorney and former judge. Denied that Callis has ever "engage[ed] in an extrajudicial campaign to disseminate false and defamatory statements concerning Plaintiffs, Dr. Colker and Peak Wellness (collectively, the 'Plaintiffs')."

2. Denied that Callis or Holland Law "disseminated false and defamatory statements about Plaintiffs." As to all other allegations included in Paragraph 2, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

3. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 3 and leave Plaintiffs to their proof.

4. Defendants do not respond to the allegations set forth in Paragraph 4 as they call for a legal conclusion.

5. Denied that Callis made any false statements regarding Plaintiffs. Denied that Callis "was undeniably aware of their falsity." As to all other allegations included in Paragraph 5,

173845998.1                                                                                    Page **1** of **16**

Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

6. Admitted that Callis is an attorney and former judge who understands the legal and ethical implications of her assertions. Denied that Callis made any statements with actual malice.

7. Denied.

8. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 8 and leave Plaintiffs to their proof.

9. Denied that Callis made any defamatory statements. As to all other allegations set forth in Paragraph 9, lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

## THE PARTIES

10. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 10 and leave Plaintiffs to their proof.

11. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 11 and leave Plaintiffs to their proof.

12. Admitted.

13. Admitted.

## JURISDICTION AND VENUE

14. Defendants do not respond to the allegations set forth in Paragraph 14 as they call for a legal conclusion.

15. Defendants do not respond to the allegations set forth in Paragraph 15 as they call for a legal conclusion.

16. Defendants do not respond to the allegations set forth in Paragraph 16 as they call for a

legal conclusion.

## STATEMENT OF FACTS

### *Patient's Treatment at Peak Wellness*

17. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 17 and leave Plaintiffs to their proof.

18. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 18 and leave Plaintiffs to their proof.

19. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 19 and leave Plaintiffs to their proof.

20. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 20 and leave Plaintiffs to their proof.

21. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 21 and leave Plaintiffs to their proof.

22. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 22 and leave Plaintiffs to their proof.

23. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 23 and leave Plaintiffs to their proof.

24. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 24 and leave Plaintiffs to their proof.

25. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 25 and leave Plaintiffs to their proof.

26. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 26 and leave Plaintiffs to their proof.

27. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 27 and leave Plaintiffs to their proof.

28. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 28 and leave Plaintiffs to their proof.

29. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 29 and leave Plaintiffs to their proof.

30. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 30 and leave Plaintiffs to their proof.

31. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 31 and leave Plaintiffs to their proof.

***The WWE and McMahon Litigation Matter***

32. Admitted.

33. Defendants do not respond to the allegations set forth in Paragraph 33 as they call for a legal conclusion.

34. Admitted that Callis represents Patient in the referenced lawsuit in the U.S. District Court for the District of Connecticut against McMahon.

35. The allegations of the lawsuit speak for themselves.

36. The allegations of the lawsuit speak for themselves.

37. Admitted.

38. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 38 and leave Plaintiffs to their proof.

39. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 39 and leave Plaintiffs to their proof.

173845998.1

40. Defendants lack knowledge sufficient to to respond to the allegations set forth in Paragraph 40 and leave Plaintiffs to their proof.

41. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 41 and leave Plaintiffs to their proof.

42. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 42 and leave Plaintiffs to their proof.

43. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 43 and leave Plaintiffs to their proof.

44. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 44 and leave Plaintiffs to their proof.

45. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 45 and leave Plaintiffs to their proof.

### *The Pre-Suit Discovery Action*

46. Admitted that the Defendants commenced a bill of discovery action against Colker in Connecticut Superior Court

47. Admitted.

48. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 48 and leave Plaintiffs to their proof.

49. Denied that Callis or Holland Law made any false allegations. As to all other allegations presented in Paragraph 49, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

50. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 50 and leave Plaintiffs to their proof.

51. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 51 and leave Plaintiffs to their proof.

52. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 52 and leave Plaintiffs to their proof.

53. Denied that Callis made any defamatory statements. As to all other allegations in Paragraph 53, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

### *The Press Release and Press Conference*

54. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 54 and leave Plaintiffs to their proof.

55. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 55 as they call for a legal conclusion.

56. Denied that Callis or Holland Law made any false or defamatory statements. As to all other allegations in Paragraph 56, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

57. Denied that Callis "escalated her extrajudicial defamatory campaign." Denied that Callis or Holland Law made any false or defamatory statements. As to all other allegations in Paragraph 57, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

58. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations. Denied that "Callis reiterated and expanded upon her prior false accusations." As to all other allegations in Paragraph 58, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

59. Denied that Callis or Holland Law made any false accusations regarding the Plaintiffs. As to all other allegations in Paragraph 59, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

60. Denied.

61. Denied as phrased.

62. Denied

63. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 63 as they call for a legal conclusion.

64. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 64, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

65. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs and that Callis was in possession of the Plaintiffs' complete medical records. As to all other allegations in Paragraph 65, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

66. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 66, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

67. Denied.

68. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 68 as they call for a legal conclusion.

69. Denied.

70. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph

70 and leave Plaintiffs to their proof.

71. Denied as phrased.

72. Denied that Callis or Holland Law made any statements designed solely to harm Plaintiffs reputations. Denied that Callis or Holland Law made any statements in bad faith. As to all other allegations in Paragraph 72, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

73. Denied.

74. Admitted that Callis possesses the legal training and professional responsibility to distinguish between permissible legal advocacy and reckless public defamation. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding the Plaintiffs.

75. Denied that Callis engaged in any misconduct. Denied that Callis "knowingly disregarded the truth."

### The Defamatory Statements Were Not Privileged

76. Defendants do not respond to the allegations set forth in Paragraph 76 as they call for a legal conclusion.

77. Defendants do not respond to the allegations set forth in Paragraph 77 as they call for a legal conclusion.

78. Defendants do not respond to the allegations set forth in Paragraph 78 as they call for a legal conclusion.

79. Defendants do not respond to the allegations set forth in Paragraph 79 as they call for a legal conclusion.

80. Denied that Callis engaged in any "intentional dissemination of inflammatory and false

claims."

81. Denied that Callis engaged in any "deliberate" or "improper" conduct. Denied that Callis made any false or defamatory statements.

82. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations. Denied that "Holland Law knew of Callis's conduct and failed to take timely and reasonable remedial action." As to all other allegations in Paragraph 82, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

83. Denied that Callis made any statements "solely to damage Plaintiffs' reputations in a forum where they had no opportunity to formally respond." Denied that Holland Law "failed to mitigate or address" Callis's statements. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 83, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

*The Aftermath of Defendant's October 15, 2024, Press Release and Press Conference*

84. Denied that Callis or Holland Law ever made any false, malicious, or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 84, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

85. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 85, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

86. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 86, Defendants

lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

87. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 87, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

88. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 88, Defendants lack knowledge sufficient e to respond to the allegations and leave Plaintiffs to their proof.

89. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 89, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

90. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 90, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

91. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 91, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

92. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 92, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

93. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. Denied that Callis made "knowingly false claims despite clear documentary evidence to the contrary." As to all other allegations in Paragraph 93, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to

173845998.1

their proof.

94. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 94, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

95. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 95, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

96. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 96, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

97. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 97, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

98. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. Denied that there is a "lack of any legal or evidentiary basis for Callis's claims." As to all other allegations in Paragraph 98, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

99. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 99, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

100. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 100, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

101. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 101, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

102. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 102, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

103. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. Denied that Callis engaged in any wrongful conduct or malice. As to all other allegations in Paragraph 103, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

104. Defendants do not respond to the allegations set forth in Paragraph 104 as they call for a legal conclusion.

105. Denied that Defendants engaged in any wrongful conduct. As to all other allegations in Paragraph 105, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

## CAUSE OF ACTION
## COUNT I – DEFAMATION PER SE

106. Defendants repeat and reincorporate responses contained within paragraphs 1 though 104, *supra*, as if set forth herein.

107. Defendants do not respond to the allegations set forth in Paragraph 107 as they call for a legal conclusion.

108. Denied that Callis made any false or defamatory statements regarding Plaintiffs. Regarding the allegation that Callis made statements which were unprivileged, Defendants do not provide a response because such allegation calls for a legal conclusion.

109. Denied.

110. Denied.

111. Denied that Callis engaged in any defamatory conduct. Denied that Holland Law "should have known" of any defamatory conduct by Callis. As to all other allegations in Paragraph 111, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

112. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. As to all other allegations in Paragraph 112, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

113. Defendants lack knowledge sufficient to respond to the allegations set forth in Paragraph 113 as they call for a legal conclusion.

114. Denied.

115. Denied.

116. Denied.

117. Denied that Callis or Holland Law ever made any false or defamatory statements or accusations regarding Plaintiffs. Denied that Callis or Holland Law engaged in defamation per se. As to all other allegations in Paragraph 117, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

118. Denied that Callis engaged in "maliciously false and defamatory publication of statements to third parties." As to all other allegations in Paragraph 118, Defendants lack knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

119. Denied that Callis made any defamatory statements. Denied that Callis acted with actual malice towards Plaintiffs. As to all other allegations in Paragraph 119, Defendants lack

knowledge sufficient to respond to the allegations and leave Plaintiffs to their proof.

## **AFFIRMATIVE DEFENSES (As to all counts)**

### **DEFENSE NO. 1**

Plaintiff Carlon Colker is a public figure.

### **DEFENSE NO. 2**

Plaintiffs fail to demonstrate the necessary element of actual malice required for a claim of defamation per se brought by a public figure.

### **DEFENSE NO. 3**

The statements at issue in Plaintiffs' Complaint were and are substantially true.

### **DEFENSE NO. 4**

The statements at issue in Plaintiffs' Complaint were statements of opinion and not fact.

### **DEFENSE NO. 5**

The statements at issue were privileged.

### **DEFENSE NO. 6**

The statements at issue were fair and accurate reports of ongoing judicial proceedings.

### **DEFENSE NO. 7**

The statements at issue involved matters of public concern.

### **DEFENSE NO. 8**

Plaintiffs have failed to mitigate their damages.

Respectfully submitted,
DEFENDANT
**ANN CALLIS**
**HOLLAND LAW FIRM LLC**

By:  */s/ Timothy Gondek /*
Timothy Gondek
LEWIS BRISBOIS BISGAARD & SMITH, LLP
185 Asylum Street, Suite 2603
Hartford, CT 06103
HartfordEService@LewisBrisbois.com
Timothy.Gondek@LewisBrisbois.com
Direct:  860.566.8049
Fax: 860.748.4857

173845998.1                                                      Page **15** of **16**

## CERTIFICATE OF SERVICE

This is to certify that on April 6, 2026, a copy of the foregoing was filed electronically on the Court's CM/ECF system.  Notice of this filing will be sent to all counsel of record for viewing via the Court's ECF system.

*/s/ Timothy Gondek*
Timothy Gondek