**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| CARLON M. COLKER, M.D., an individual, and PEAK WELLNESS, INC., a Connecticut corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ANN CALLIS, an individual, and HOLLAND LAW FIRM LLC, a Missouri limited liability company,<br><br>Defendants. | Case No.: 3:25-cv-00711-RNC |

## SUPPLEMENTAL REPORT OF PARTIES' PLANNING MEETING

Date Complaint Served:                 May 12, 2025, and June 4, 2025

Date of Defendants' Counsel's Appearance:  June 10, 2025

Date of Defendants' Answer:           April 6, 2026

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on April 20, 2026. The participants were:

Alejandro Brito for Plaintiffs

Timothy Gondek for Defendants

## I.     CERTIFICATION

Undersigned counsel further certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     JURISDICTION

### A.     Subject Matter Jurisdiction

The parties agree that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as the parties are diverse, and the amount in controversy is greater than seventy-five thousand dollars ($75,000.00).

### B.     Personal Jurisdiction

Personal jurisdiction is not contested.

## III.     BRIEF DESCRIPTION OF CASE

### A.     Plaintiffs' Claims

Plaintiffs, Dr. Carlon M. Colker and Peak Wellness, Inc., bring claims for defamation per se against Defendants Ann Callis and Holland Law Firm, LLC, arising from a calculated and malicious public campaign to damage their reputation through the dissemination of knowingly false statements. On October 15, 2024, Defendants issued a press release and held a YouTube-broadcast press conference, accusing Dr. Colker of violating medical ethics and injecting a patient with unknown substances, directing her to ingest unlabeled pills, and coercing her into unwanted treatment. Defendants also falsely stated that Peak Wellness withheld medical records and implied that the clinic was complicit in unethical or illegal conduct. These statements were published extrajudicially, were not protected by privilege, and were made despite Defendants' actual possession of complete, contradictory medical records. As a result, Plaintiffs suffered severe reputational harm, loss of business goodwill, and financial injury. Plaintiffs seek compensatory and punitive damages.

**B.     Defendants' Defenses and Claims**

Defendants Ann Callis and the Holland Law Firm deny the substance of plaintiffs' allegations. Defendants deny that the alleged statements made by Callis were made with actual malice, and assert that the statements were not defamatory because they were truthful based on her client's firsthand experiences with Dr. Colker. Defendants further deny that the plaintiffs provided to the defendants "complete" medical records or records which would contradict or disprove the alleged statements. Defendants contest that the plaintiffs have suffered harm as a result of the alleged statements. Defendants reserve the right to assert additional defenses.

**C.     Third Party Defendant's Defenses and Claims**

N/A.

## IV.     STATEMENT OF UNDISPUTED FACTS

The undersigned counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. At this time, the following facts are not in dispute:

a.     Plaintiff Dr. Carlon M. Colker is a licensed physician and the founder of Peak Wellness, Inc., a medical practice located in Greenwich, Connecticut.

b.     Defendant Ann Callis is an attorney who is a partner at Holland Law Firm, LLC.

c.     On October 15, 2024, Defendant Callis issued a press release and held a YouTube-broadcast press conference in which she made public statements referencing Dr. Colker and Peak Wellness.

d.     The press release and press conference were issued after Callis filed an opposition to a motion in a Connecticut state court proceeding styled as a Bill of Discovery on behalf of a client referred to in this case as "Patient."

e.   In connection with that proceeding, Plaintiffs produced Patient's medical records to Defendants on multiple occasions, including March 5, 2024; April 17, 2024; and August 30, 2024. The Parties are in disagreement as to whether those medical records were complete.

f.   Defendants' local co-counsel confirmed receipt of the medical records, which were provided by the Plaintiffs, including in electronic format, on at least one occasion.

g.   The public statements were subsequently reported by multiple media outlets, including Forbes, Sports Illustrated, and WrestleView.

## V.   CASE MANAGEMENT PLAN

### A.   Initial Disclosures

Plaintiffs served their Initial Disclosures on September 8, 2025. Defendants agree to serve their Initial Disclosures by May 4, 2026.

### B.   Scheduling Conference

1.   The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.   The parties prefer that a scheduling conference, if held, be conducted by telephone.

### C.   Early Settlement Conference

1.   The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.   The parties do not request an early settlement conference.

3.     The parties prefer a settlement conference, if such a conference is held, with a United States Magistrate Judge.

4.     At this time, the parties do not request a referral for alternative dispute resolution pursuant to Local Rule 16.

**D.     Joinder of Parties and Amendment of Pleadings**

The parties have discussed any perceived defects in the pleadings and reached the following agreement for resolution of any issues related to the sufficiency of the pleadings.

1.     Plaintiffs should be allowed until June 15, 2026, to file motions to join additional parties and to file motions to amend the pleadings.  Motions filed after the foregoing date will require, in addition to any other requirements under the applicable rules, a showing of good cause of the delay.

**E.     Discovery**

1.     Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).  At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

The parties will require written discovery and depositions on the subjects listed in subsection (2) below.

2.     The parties anticipate that discovery will be needed on the following subjects:

a.     Plaintiffs' Complaint allegations;

b.     Any defenses asserted by the defendants; and

c.      All aspects of Plaintiffs' claimed damages.

The parties reserve the right to conduct discovery based upon any additional facts discovered.  The parties also reserve the right to make appropriate objections to any discovery requests with respect to the aforementioned subjects or otherwise in accordance with the Federal Rules of Civil Procedure and applicable case law.

3.      All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), may be commenced immediately and will be completed (not propounded) by January 15, 2027.

4.      Discovery will not be conducted in phases.

5.      N/A.

6.      The parties anticipate that they will each require a total of 3-5 depositions of fact witnesses.  The depositions will be commenced immediately and be completed by January 15, 2027.

7.      The parties may request permission to serve more than 25 interrogatories.

8.      The plaintiffs intend to call expert witnesses at trial.  The defendants may call expert witnesses at trial.

9.      Plaintiffs will designate all trial experts and provide defendants' counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by November 15, 2026.  Depositions of any such experts will be completed by January 15, 2027.

10.      The defendants will designate all trial experts and provide plaintiffs' counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they

do not bear the burden of proof by January 15, 2027.  Depositions of such experts will be completed by March 15, 2027.

11.     A damages analysis will be provided by any party who has a claim or counterclaim for damages by September 15, 2026.

12.     The undersigned counsel, after consultation with their clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved, have discussed the disclosure and preservation of electronically stored information including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information:

To the extent that the parties find any responsive ESI, they shall produce such ESI in paper form, unless the need arises to produce ESI in electronic form or unless the parties agree otherwise on a document-by-document basis.  The parties do not anticipate the need to utilize search terms in the retrieval and production of such documents.  The parties shall search for ESI wherever they deem reasonable in their search for responsive information and shall preserve all possible sources of responsive information throughout the pendency of this litigation.  The parties agree that each party will bear the costs of assembling and producing such information.

13.     The undersigned counsel, after consultation with their clients, have also discussed the location, volume, organization, and costs of retrieval of information stored in paper

or other non-electronic forms.  The parties agree to the following procedures for the preservation, disclosure, and management of such information:

To the extent that the parties find any responsive documents, they shall produce such documents in paper form, unless the need arises to produce the documents in electronic form or unless the parties agree otherwise on a document-by-document basis.  The parties shall search for documents wherever they deem reasonable in their search for responsive information and shall preserve all possible sources of responsive information throughout the pendency of this litigation.  The parties agree that each party will bear the costs of assembling and producing such information.

14.    Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree that Fed. R. Civ. P. Rule 26(b)(5)(B) shall control such issues.

**F.    Other Scheduling Issues**

The parties propose the following schedule for addressing other issues pertinent to this case:  **None at this time.**

**G.    Summary Judgment Motions**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before March 15, 2027.

**H.    Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by April 15, 2027, or thirty days after this court rules on any summary judgment motion, whichever is later.

## VI.    Trial Readiness

This case will be ready for trial by May 15, 2027, or thirty days after the filing of the Joint Trial Memorandum, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Date: April 20, 2026          Respectfully submitted,

| | |
|---|---|
| By:    /s/ *Dennis M. Durao*<br>**Dennis M. Durao**<br>KARSTEN & TALLBERG, LLC<br>500 Enterprise Drive<br>Suite 4B<br>Rocky Hill, CT 06067<br><br>By:    /s/ *Alejandro Brito*<br>**Alejandro Brito**<br>Florida Bar No. 098442<br>*Pro Hac Vice Admitted*<br>**Jalaine Garcia**<br>Florida Bar No. 58632<br>*Pro Hac Vice Admitted*<br>BRITO, PLLC<br>2121 Ponce de Leon Boulevard<br>Suite 650<br>Coral Gables, FL 33134<br>Tel: 305-614-4071<br>*Counsel for Plaintiffs* | By:    /s/ *Timothy Gondek*<br>Juris #ct29190<br>**Timothy Gondek**<br>**Hannah Meyers**<br>LEWIS BRISBOIS BISGAARD & SMITH, LLP<br>185 Asylum Street, Suite 2603<br>Hartford, Connecticut 06103<br>Timothy.Gondek@LewisBrisbois.com<br>Hannah.Meyers@LewisBrisbois.com<br>hartfordeservice@lewisbrisbois.com<br>Tel: 860-748-4806<br>Fax: 860-748-4857<br><br>Alexa T. Millinger<br>William S. Fish, Jr.<br>HINCKLEY ALLEN & SNYDER LLP<br>20 Church Street, 18th Floor<br>Hartford, Connecticut 06103<br>amillinger@hinckleyallen.com<br>wfish@hinckleyallen.com<br>Tel: 860-725-6200<br>Fax: 860-278-3802<br><br>*Counsel for Defendants* |