**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CARLON M. COLKER, M.D., ET AL<br>Plaintiff<br><br>v.<br><br>ANNE CALLIS, ET AL<br>Defendant | CASE #: 3:25-cv-00711<br><br><br><br>MAY 19, 2026 |

**<u>DEFENDANT ANN CALLIS' RESPONSES TO</u>**
**<u>PLAINTIFFS' FIRST SET OF INTERROGATORIES</u>**

Defendant Ann Callis ("Callis") hereby provides the following responses to Plaintiffs' First Set of Interrogatories.

**<u>INTERROGATORIES</u>**

**<u>GENERAL OBJECTIONS</u>**

Defendant objects, generally, to the "definitions" and "instructions" sections of the Plaintiff's First Set of Interrogatories to the extent that those sections expand the scope of discovery beyond that allowed either by the Federal Rules of Civil Procedure (with specific reference to Rule 26) or Local Rule 26. Defendant further objects to the extent that the "definitions" and "instructions" assume the existence of facts not yet established or which are in dispute, and that the "definitions" and "instructions" used by the Plaintiff seek to impose an undue burden upon the Defendant.

**<u>RESPONSES</u>**

1. Identify all statements You made about the Plaintiffs that were published or disseminated in the Press Release or Press Conference.

**<u>OBJECTION:</u> Defendant objects to this interrogatory on the grounds that it is vague or unclear, and is confusingly written. Without waiving that objection, both the Press Release and the Press Conference speak for themselves.**

2. Identify all dates on which You received or reviewed any of Patient's medical records from Plaintiffs or their counsel.

**<u>RESPONSE:</u> Defendant cannot recall with specificity the exact date or dates upon which she reviewed Patient's medical records. Defendant first requested copies of Patient's medical records in electronic format pursuant to the Health Information Technology for Economic and Clinical Health Act by way of letters to the plaintiff dated February 5, 2024, March 20, 2024 and May 23, 2024. Copies of Patient's medical records were received from plaintiffs, or their counsel, on or about March 5, 2024; April 17, 2024, July 16, 2024 and August 30, 2024. Defendant contends that the records received on these dates were incomplete as they did not contain all of the information requested.**

3. State whether You reviewed Patient's medical records prior to any public statements made about Plaintiffs, and if so, identify the specific documents reviewed.

**<u>RESPONSE:</u> As of the date of the Public Statement in question (October 15, 2024), defendant had reviewed the medical records of Patient which had been provided to date by plaintiff.**

4. Identify all persons involved in the preparation, review, or approval of the Press Release or Press Conference.

**<u>RESPONSE:</u> Jade Klain, SKDK Public Affairs; Kendra Barkoff, SKDK Public Affairs; Kevin Gerson, SKDK Public Affairs; Erica Nolan, Hurwitz Sagarin Slossberg & Knuff, LLC; David Slossberg, Hurwitz Sagarin Slossberg & Knuff, LLC; Charles Munn, Nelson Mullins LLP; Jaclyn Hall, Nelson Mullins LLP; Ziggy Andrijauskaite, Nelson Mullins LLP; Ann Callis, Holland Trial Lawyers; Greg Jones, Holland Trial Lawyers; Janel Grant.**

5. Identify all persons, other than the Patient, whom You interviewed, consulted, or otherwise relied upon to verify the accuracy of the statements made about Plaintiffs in the Press Release or Press Conference.

**<u>OBJECTION:</u> Defendant objects to this interrogatory on the grounds that it seeks information protected by the work-product doctrine. Specifically, it seeks the disclosure of the results of any investigation conducted by defendant in both this and other legal matters where defendant is counsel of record and the information obtained therefrom, as well as the mental impressions, legal theories and opinions prompted or generated by any such investigation. Without waiving that objection, defendant did not interview, consult, or rely upon any other such person as contemplated by this interrogatory.**

6. Describe in detail all independent research or investigation You conducted to verify the accuracy of the statement You made about Plaintiffs in the Press Release or Press Conference, including the nature of the research, the sources consulted, the dates of such efforts, and the identities of all persons involved.

**<u>OBJECTION:</u> Defendant objects to this interrogatory on the grounds that it seeks information protected by the work-product doctrine. The statement at issue was made in connection with the filing of a brief in the matter of *Grant v. Colker, et al.*, FST-CV24-**

**6068091-S. The interrogatory therefore directly seeks an inquiry into defendant attorney's work product, and is impermissible on its face.**

7. Identify all media outlets, reporters, or third parties to whom You or anyone acting on Your behalf sent or made available the Press Release or a recording of the Press Conference.

**RESPONSE:** **To the best of defendant's knowledge, neither defendant nor anyone on defendant's behalf either "sent" or "made available" a recording of the Press Conference. The following media outlets and reporters were sent copies of the Press Release and were invited to the Press Conference:**

| | |
|---|---|
| **ABC** | **Jaclyn Skurie** |
| **ABC** | **Jason Volack** |
| **ABC News Nightline** | **Kyle Rollins** |
| **AP** | **Eric Tucker** |
| **AP** | **Dave Collins** |
| **AP** | **Michelle Chapman** |
| **AP** | **David Caruso** |
| **AP** | **Ruth Brown** |
| **CNBC** | **Alex Sherman** |
| **CNBC** | **Dan Mangan** |
| **CNN** | **Meg Tirrell** |

| | |
|---|---|
| **Connecticut Post** | **Daniel Tepfer** |
| **Connecticut Public** | **Jim Haddadin** |
| **CT - Channel 3 Eyewitness News - WFSB** | **Jay Kenney** |
| **CT Capitol Report** | **Tom Dudchik** |
| **CT Mirror** | **Dave Altimari** |
| **CT News 12** | **John Craven** |
| **Cultaholic** | **Adam Pacitti** |
| **Deadline Hollywood** | **Dominic Patten** |
| **Forbes** | **Alfred Konuwa** |
| **Fox 61** | **Skylar Haines** |
| **Fox 61** | **Kelly Grant** |
| **Fox News Channel** | **Henry Naccari** |
| **Freelance; formerly The Independent** | **Emily Shugerman** |
| **Gannett** | **Jonathan Limehouse** |
| **Hartford Courant** | **Christopher Keating** |
| **Hearst CT Media (Connecticut Post and New Haven Register)** | **Ken Dixon** |
| **LA Times** | **Christi Carras** |
| **Law 360** | **Aaron Keller** |
| **Law 360** | **Brian Steele** |

| | |
|---|---|
| **Law 360** | **Stewart Bishop** |
| **Law and Crime** | **Matt Naham** |
| **NBC Connecticut** | **Keegan Brown** |
| **NBC Connecticut** | **Danielle Poulin** |
| **NBC Connecticut** | **Len Besthoff** |
| **NBC News (National)** | **Tyler Kingkade** |
| **NBC News (National)** | **Chloe Melas** |
| **NBC News (National)** | **Candace Kuo** |
| **New Haven Register** | **Brian Zahn** |
| **News12 CT** | **Frank Recchia** |
| **NewsNation** | **Jacqueline Hughes** |
| **Post Wrestling** | **John Pollock** |
| **Pro Wrestling Torch** | **Brian ZIlem** |
| **PWInsider.com** | **Mike Johnson** |
| **RINGMASTER** | **Josie Riesman** |
| **Rolling Stone** | **Jason Newman** |
| **Rolling Stone** | **Miles Klee** |
| **Rolling Stone** | **Liz Garberpaul** |
| **SEScoops (wrestling news site)** | **B.J. Bethel** |
| **Sports Illustrated** | **Justin Barrasso** |

| | |
|---|---|
| **Sports Illustrated** | **Steven Muehlhausen** |
| **Stamford Advocate** | **Paul Schott** |
| **The Athletic** | **Chris Vannini** |
| **The Wrap** | **Benjamin Lindsay** |
| **TMZ** | **Lucas Widman** |
| **USA Today Sports** | **Jordan Mendoza** |
| **Wall Street Journal** | **Khadeeja Safdar** |
| **Washington Post** | **Herb Scribner** |
| **WFSB (CBS - Connecticut )** | **Luke Hajdasz** |
| **WFSB (CBS - Connecticut)** | **Matt Macfarland** |
| **Wired** | **Timothy Marchman** |
| **Women's Health** | **Charlotte Walsh** |
| **Women's Health** | **Currie Engel** |
| **Wrestlenomics/Post Wrestling** | **Brandon Thurston** |
| **Wrestling Inc.** | **Miles Schneiderman** |
| **Wrestling Inc.** | **Kevin Tall** |
| **Wrestling Observer** | **Ian Carey** |
| **WTIC (FOX)** | **Jim Altman** |
| **WTNH (ABC)** | **Ken Houston** |
| **WVIT (NBC)** | **Matt Austin** |

| | |
|---|---|
| **NBC CT** | **Keegan Brown** |
| **RINGMASTER** | **Josie Reisman** |
| **Pro Wrestling Torch** | **Brian Zilem** |
| **Post Wrestling** | **John Pollock** |
| **SEScoops** | **BJ Bethel**<br>**Sam Schipman**<br>**Mike Shalik** |
| **Wrestlenomics/Post Wrestling** | **Brandon Thurston** |
| **Wrestling Observer** | **Dave Meltzer** |
| **NBC** | **Chloe Melas** |
| **PWI Insider** | **Mike Johnson** |
| **CT News 12** | **John Craven** |
| **WJXT** | **Janis Harper** |
| **CT Capitol Report** | **Tom Dudchik** |
| **Connecticut Law Tribune** | **Emily Cousins** |
| **Fox 61** | **News Team** |
| **Inside Edition** | **Sheryll Lamothe**<br>**Ann Mercogliano** |
| **Sportskeeda** | **Phillipa Hopwood** |
| **Freelance; Babyfacv. Heel wrestling substack** | **David Bixenspan** |

| | |
|---|---|
| **Inside the Ropes** | **Alex Hunt** |
| **Wrestling Today & Powerbombshells Podcast** | **Samantha Schipman** |
| **AP** | **Eric Tucker** |
| **USA Today Sports** | **Jordan Mendoza** |
| **Wrestling Observer** | **Ian Carey** |

8. Describe in detail the factual basis for Your statement that Plaintiffs forced Patient to accept intravenous infusions of unknown contents.

**OBJECTION:** **Defendant objects to this interrogatory on the grounds that it directly requests information protected by both the work-product doctrine as well as the attorney-client privilege. Without waiving the foregoing objection, defendant's statement was based upon information relayed to the defendant by Patient, as well as a review of Patient's medical records from Peak Wellness.**

9. Describe in detail the factual basis for Your statement that Plaintiffs allowed unauthorized access to Patient's medical records.

**OBJECTION:** **Defendant objects to this interrogatory on the grounds that it seeks information protected by the work-product doctrine as well as the attorney-client privilege. Without waiving the foregoing objection, defendant's statement was based upon information relayed to the defendant by Patient.**

10. Describe in detail the factual basis for Your statement that Plaintiffs improperly withheld medical records from Patient.

**<u>OBJECTION:</u> Defendant objects to this interrogatory on the grounds that it seeks information protected by the work-product doctrine. Without waiving that objection, defendant's statement was based upon defendant's personal experience attempting to retrieve Patient's medical records from Plaintiffs on Patient's behalf.**

11. Describe in detail the factual basis for Your statement that Plaintiffs routinely broke doctor-patient trust.

**<u>OBJECTION:</u> Defendant objects to this interrogatory on the grounds that it seeks information protected by the work-product doctrine as well as the attorney-client privilege. Without waiving that objection, defendant's statement was based upon information relayed to the defendant by Patient.**

12. Describe in detail the factual basis for Your statement that Plaintiffs injected unknown substances into Patient.

**<u>OBJECTION:</u> Defendant objects to this interrogatory on the grounds that it seeks information protected by the work-product doctrine as well as the attorney-client privilege. Without waiving that objection, defendant's statement was based upon information relayed to the defendant by Patient, as well as a review of Patient's medical records from Peak Wellness.**

13. Describe in detail the factual basis for Your statement that Plaintiffs directed Patient to take unlabeled pills and dismissed her questions about them.

**<u>OBJECTION:</u> Defendant objects to this interrogatory on the grounds that it seeks information protected by the work-product doctrine as well as the attorney-client privilege. Without waiving that objection, defendant's statement was based upon information relayed to the defendant by Patient, as well as a review of Patient's medical records from Peak Wellness.**

14. Describe in detail the factual basis for Your statement that Dr. Colker violated ethical and medical standards.

**<u>OBJECTION:</u> Defendant objects to this interrogatory on the grounds that it seeks information protected by the work-product doctrine as well as the attorney-client privilege. Without waiving that objection, defendant's statement was based upon information relayed to the defendant by Patient, as well as a review of Patient's medical records from Peak Wellness.**

15. Describe in detail the factual basis for Your statement that Dr. Colker was on McMahon's payroll and obtained access to Patient's medical records.

**<u>OBJECTION:</u> Defendant objects to this interrogatory on the grounds that it seeks information protected by the work-product doctrine as well as the attorney-client privilege. Without waiving that objection, defendant's statement was based upon information relayed to the defendant by Patient.**

16. Describe in detail the factual basis for Your statement that Dr. Colker coerced Patient into continuing treatment at Peak Wellness.

**<u>OBJECTION:</u> Defendant objects to this interrogatory on the grounds that it seeks information protected by the work-product doctrine as well as the attorney-client privilege. Without waiving that objection, defendant's statement was based upon information relayed to the defendant by Patient.**

17. Describe in detail the factual basis for Your statement that Patient was getting progressively worse during her treatment at Peak Wellness.

**<u>OBJECTION:</u> Defendant objects to this interrogatory on the grounds that it seeks information protected by the work-product doctrine as well as the attorney-client privilege. Without waiving that objection, defendant's statement was based upon information relayed to the defendant by Patient, as well as a review of Patient's medical records from Peak Wellness.**

18. State whether You have ever issued a retraction, correction, or clarification of any public statements made concerning Plaintiffs, and if so, describe the content, date, and manner of publication.

**<u>RESPONSE:</u> No.**

## ACKNOWLEDGMENT

By: Ann Callis

Print Name: Ann Callis

Title: ______________________

STATE OF CONNECTICUT

COUNTY OF HARTFORD

BEFORE ME, the undersigned authority personally appeared Ann Callis, who, being by me duly sworn, deposes and says under the penalty of perjury that they executed the foregoing answers to interrogatories and that they are true and correct.

Sworn to and subscribed before me this 19 day of May, 2026

"OFFICIAL SEAL"
KRISTEN D. RIPPEE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES AUG. 22, 2027

Kristen D. Rippee

My commission expires: 08/22/2027

Respectfully submitted,
ANN CALLIS
HOLLAND LAW FIRM LLC

By: */s/ Timothy Gondek / Juris #ct29190*
Timothy Gondek
Hannah Meyers
LEWIS BRISBOIS BISGAARD & SMITH, LLP
185 Asylum Street
Suite 2603
Hartford, Connecticut 06103
Timothy.Gondek@LewisBrisbois.com
Hannah.Meyers@LewisBrisbois.com
hartfordeservice@lewisbrisbois.com
Tel: (860) 748-4806
Fax: (860) 748-4857

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2026, a true and correct copy of the foregoing was served upon the following via electronic mail with confirmation copy by regular mail:

Alejandro Brito, Esq.
Lara Juliette Fernandez, Esq.
Brito, PLLC
2121 Ponce de Leon Boulevard, Suite 650
Coral Gables, FL 33134
Tel: (305) 614-4071
Fax: (305) 440-4385
abrito@britopllc.com
lfernandez@britopllc.com
(Counsel for Plaintiffs – Peak Wellness, Inc. and Carlon M. Colker)

Dennis M. Durao, Esq.
Karsten & Tallberg LLC
500 Enterprise Drive, Suite 4B
Rocky Hill, CT 06067
Tel: (860) 233-5600
Fax: (860) 233-5800
ddurao@kt-lawfirm.com
(Counsel for Plaintiffs – Peak Wellness, Inc. and Carlon M. Colker)

Alexa T. Millinger, Esq.
William S. Fish, Jr., Esq.
Hinckley Allen & Snyder LLP
20 Church Street, 18th Floor
Hartford, CT 06103
amillinger@hinckleyallen.com
wfish@hinckleyallen.com
kalbino@hinckleyallen.com
(Counsel for Defendants – Holland Law Firm LLC and Ann Callis)

*/s/ Timothy Gondek*
Timothy Gondek