**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CARLON M. COLKER, M.D., an individual, and PEAK WELLNESS, INC., a Connecticut corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ANNE CALLIS, an individual, and HOLLAND LAW FIRM LLC, a Missouri limited liability company,<br><br>Defendants. | Case No.: 3:25-cv-00711-RNC |

**PLAINTIFFS CARLON M. COLKER, M.D. AND PEAK WELLNESS, INC'S FIRST SET OF INTERROGATORIES TO DEFENDANT HOLLAND LAW FIRM LLC**

Plaintiffs CARLON M. COLKER, M.D. and PEAK WELLNESS, INC., ("Plaintiffs") by and through undersigned counsel and under Fed. R. Civ. P. 33, propounds this First Set of Interrogatories to Defendant, HOLLAND LAW FIRM, LLC., as follows:

**DEFINITIONS AND INSTRUCTIONS**

1. "You," "Your" or "Holland Law" refers to Defendant Holland Law Firm LLC, and any person or entity who was, or purported to be, acting on its behalf, including, but not limited to, its attorneys, paralegals, employees, agents, media representatives, public relations consultants, co-counsel, and any related or affiliated entity or person.

2. "Callis" refers to Defendant Anne Callis, and any person or entity who was, or purported to be, acting on her behalf, including, but not limited to, her attorneys, paralegals, employees, agents, media representatives, public relations consultants, co-counsel, and any related or affiliated entity or person.

3. “Dr. Colker” refers to Plaintiff Carlon M. Colker, M.D., and any person or entity who was, or purported to be, acting on his behalf, including, but not limited to, his attorneys, employees, agents, representatives, and any related or affiliated entity or person.

4. “Peak Wellness” refers to Plaintiff Peak Wellness, Inc., and any person or entity who was, or purported to be, acting on its behalf, including, but not limited to, its attorneys, employees, agents, representatives, and any related or affiliated entity or person.

5. The term “Plaintiffs” refers to Dr. Colker and Peak Wellness and any of their agents or representatives.

6. “WWE Litigation” means the civil action filed on or about January 25, 2024, by Callis, on behalf of Patient, in the United States District Court for the District of Connecticut, styled *Grant v. World Wrestling Entertainment, Inc., et al.,* Case No. 3:24-cv-00090, and any related filings, pleadings, communications, or proceedings.

7. The term “Patient” means the individual treated by Plaintiffs and referenced under pseudonym in the WWE Litigation, and on whose behalf Holland Law Firm acted in related legal proceedings.

8. “Patient’s medical records” means all documents or data created or maintained by Plaintiffs concerning the diagnosis, care, or treatment of Patient, including clinical notes, prescriptions, lab results, infusion logs, billing records, and documents stored in the DrChrono electronic medical records system, along with any associated metadata.

9. “McMahon” refers to Vince McMahon, the individual named as a defendant in the WWE Litigation and referenced throughout the Complaint, including any agents, representatives, or persons acting on his behalf.


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

10. “Pre-Suit Discovery Action” means the petition filed on or about July 1, 2024 by Callis, on behalf of Patient, in Connecticut Superior Court seeking pre-suit discovery from Plaintiffs, including but not limited to the Bill of Discovery and any related filings, correspondence, or proceedings.

11. “Press Release” means the October 15, 2024 written statement issued by Defendants to the media concerning Plaintiffs.

12. “Press Conference” refers to the October 15, 2024 video presentation on YouTube or any similar public broadcast made by Callis or Holland Law referring to Plaintiffs.

13. The term “Media” means any journalist, reporter, press outlet, blogger, podcaster, or publisher, whether print, television, radio, online, or social media-based.

14. The term “Person” means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

15. The term “document” means any medium upon which intelligence or information can be recorded or retrieved and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, article, publication, brochure, manual, periodical, letter, correspondence, journal, memorandum (including any memorandum of report of a meeting or conversation), invoice, bill, order form, receipt, voucher, check, financial statements, accounting entry, instruction, schedule, shop order, diary, calendar, telex, telegram, cable, report, record, minutes, notice, contract, agreement, study, work paper, handwritten note, draft, demand, chart, paper, print, laboratory record, drawing sketch, diagram, form, graph, index list, tape, photograph, microfilm, videotape, motion picture, model, map, plat, data sheet, data proceeding,


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

card, emails, computer files, back-up tapes, hard disks, litigation data bases, communication, digital message, voice message, voicemail, direct message, WhatsApp message, WeChat message, Facebook message, X/Twitter direct message, iMessage, text message, oral, written or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, email messages, conferences, seminars, or notes, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however, produced and reproduced, that is in your possession, custody or control.

16. The terms “and” and “or” as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information which otherwise might be construed to be outside its scope.

17. The terms “relating to” and “concerning” means containing, constituting, comprising, showing, evidencing, mentioning, reflecting, pertaining to, or referring to in any way, directly or indirectly, and is meant to include, without limitation, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by the request.

18. “Identify,” when used in reference to an individual person, shall be read to call for the following information with regarding to him or her: the full name, including any other names by which such person has been known, the present address, the present business address, the present or last known relationship, association or affiliation with this answering Defendant and, if different, the relationship, association or affiliation at the time referred to in the Complaint.

19. “Identify,” when used in reference to a document, shall be read to call for the following:


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 │ Coral Gables, Florida 33134
Telephone: (305) 614-4071

A. The date and general nature of the document, *i.e.*, whether it is a letter, a memorandum, a report, etc.

B. The subject matter(s) of the document's content;

C. The date the document was executed if different from the date it bears;

D. The name, address and position or business affiliation of the following:
   (a) the original author(s);
   (b) each person who edited, corrected, revised, or amended the document;
   (c) each person who entered initials, comments or notations on such document; and
   (d) each recipient of a copy of the document;

E. The place where any negotiations or conversations leading up to the execution of such document took place;

F. The place(s) at which the document was negotiated and executed;

G. The present location of the document and the name, present address and position of person or persons having present custody thereof;

H. The name, address, and position or business affiliation of any addressee or designated recipient;

I. Whether the document has been destroyed and, if so, with regard to such destruction, the following:

   (a) the date thereof;
   (b) the reason therefor; and
   (c) the identity of the person or persons who either destroyed the document or directed its destruction; and

J. A statement as to whether you are willing, upon receipt of a Request for Production, to voluntarily produce such document for inspection and copying by Plaintiff.

20. "Communication" shall mean any method by which ideas or expressions, whether articulated or nonverbal, are transmitted between persons or entities and shall include by way of


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

illustration, and not by way of limitation, oral statements, conversations, conferences, signs, gestures, and other, non-verbal transmissions of ideas.

21. "Identify," when used in reference to a communication (as defined herein), shall be read to call for the following information:

A. The date and place it was made;

B. The identity of each and every person who participated in such conversation or made such oral communication;

C. The manner of such conversation or oral communication (i.e., whether by telephone, face-to-face, etc.);

D. The verbatim content of or a detailed description of what each person said during the conversation or oral communication; and

E. The name, address, and telephone number of each person who overheard or was present to hear such conversation or communication.

22. "Describe in detail" means to give a full and complete narrative account of the information requested without omission of any relevant facts, whether deemed material by the Plaintiff or not, and without omission of information which could lead to relevant facts, all within the spirit of the discovery rules.

23. The term "any" means one or more.

24. The term "Action" shall mean the case identified in the caption herein.

25. The term "person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

26. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

27. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

**INTERROGATORIES**

1. Identify all statements made by You, or on Your behalf, about Plaintiffs that were published or disseminated in the Press Release or Press Conference.

**Answer:**

2. Identify all dates on which You, or anyone acting on Your behalf, received or reviewed any of Patient's medical records from Plaintiffs or their counsel.

**Answer:**

3. State whether You, or anyone acting on Your behalf, reviewed Patient's medical records prior to any public statements made about Plaintiffs, and identify all such records.

**Answer:**

4. Identify all persons, other than the Patient, whom You interviewed, consulted, or otherwise relied upon to verify the accuracy of the statements made about Plaintiffs in the Press Release or Press Conference.


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

**Answer:**

5. Describe in detail all independent research or investigation You conducted to verify the accuracy of the statements You made about Plaintiffs in the Press Release or Press Conference, including the nature of the research, the sources consulted, the dates of such efforts, and the identities of all persons involved.

**Answer:**

6. Identify all persons affiliated with You who were involved in the preparation, review, authorization, or approval of the Press Release or Press Conference.

**Answer:**

7. Identify all media outlets, reporters, or third parties to whom You, or anyone acting on Your behalf, sent or made available the Press Release or a recording of the Press Conference.

**Answer:**

8. Describe in detail the factual basis for any statement made by You, or on Your behalf, that Plaintiffs forced Patient to accept intravenous infusions of unknown contents.

**Answer:**

9. Describe in detail the factual basis for any statement made by You, or on Your behalf, that Plaintiffs allowed unauthorized access to Patient's medical records.

**Answer:**


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

10. Describe in detail the factual basis for any statement made by You, or on Your behalf, that Plaintiffs improperly withheld medical records from Patient.

**Answer:**

11. Describe in detail the factual basis for any statement made by You, or on Your behalf, that Plaintiffs routinely broke doctor-patient trust.

**Answer:**

12. Describe in detail the factual basis for any statement made by You, or on Your behalf, that Plaintiffs injected unknown substances into Patient.

**Answer:**

13. Describe in detail the factual basis for any statement made by You, or on Your behalf, that Plaintiffs directed Patient to take unlabeled pills and dismissed her questions about them.

**Answer:**

14. Describe in detail the factual basis for any statement made by You, or on Your behalf, that Dr. Colker violated ethical and medical standards.

**Answer:**

15. Describe in detail the factual basis for any statement made by You, or on Your behalf, that Dr. Colker was on McMahon's payroll and obtained access to Patient's medical records.

**Answer:**

16. Describe in detail the factual basis for any statement made by You, or on Your behalf, that Dr. Colker coerced Patient into continuing treatment at Peak Wellness.

**Answer:**

17. Describe in detail the factual basis for any statement made by You, or on Your behalf, that Patient was getting progressively worse during her treatment at Peak Wellness.

**Answer:**

18. State whether You, or anyone acting on Your behalf, has ever issued, or directed the issuance of, any retraction, correction, or clarification concerning public statements made about Plaintiffs, and if so, describe the content, date, and manner of publication.

**Answer:**


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

**ACKNOWLEDGMENT**

By:_________________________________________

Print Name:__________________________________

Title [if applicable]:_________________________________

STATE OF __________________________________

COUNTY OF _________________________

BEFORE ME, the undersigned authority personally appeared _______________________ _________________________, who, being by me duly sworn, deposes and says under the penalty of perjury that he/she executed the foregoing answers to interrogatories and that they are true and correct.

Sworn to and subscribed before me this ___day of ____________, 2025.

____________________________________

My commission expires:


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

Date: August 7, 2025

Respectfully submitted,

By: /s/ *Alejandro Brito*

**Alejandro Brito**
Florida Bar No. 098442
*Pro Hac Vice Admitted*
**Lara Juliette Fernandez**
Florida Bar No. 1059162
*Pro Hac Vice Admitted*
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office: 305-614-4071

**Dennis M. Durao**
KARSTEN & TALLBERG, LLC
500 Enterprise Drive
Suite 4B
Rocky Hill, CT 06067

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2025, a true and correct copy of the foregoing was served upon the following via electronic mail with confirmation copy by regular mail:

Timothy Gondek, Esq.
Hannah Meyers, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP
185 Asylum Street
Suite 2603
Hartford, Connecticut 06103
Timothy.Gondek@LewisBrisbois.com
Hannah.Meyers@LewisBrisbois.com
hartfordeservice@lewisbrisbois.com
*Counsel for Defendants*

Alexa T. Millinger
William S. Fish, Jr.
HINCKLEY ALLEN & SNYDER LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
amillinger@hinckleyallen.com
wfish@hinckleyallen.com
*Counsel for Defendants*

By: /s/ *Alejandro Brito*


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071