UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARLON M. COLKER, M.D., an individual, and PEAK WELLNESS, INC., a Connecticut corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ANNE CALLIS, an individual, and HOLLAND LAW FIRM LLC, a Missouri limited liability company,<br><br>Defendants. | Case No.: 3:25-cv-00711-RNC |

**PLAINTIFFS CARLON M. COLKER, M.D. AND PEAK WELLNESS, INC'S**
**FIRST REQUEST FOR PRODUCTION TO DEFENDANT ANNE CALLIS**

Plaintiffs, CARLON M. COLKER, M.D., ("Dr. Colker"), and PEAK WELLNESS, INC. ("Peak Wellness"), by and through undersigned counsel and under Federal Rule of Civil Procedure 34, propounds their First Request for Production to Defendant, ANNE CALLIS ("Defendant") and requests that the following documents be produced.

**DEFINITIONS**

The following Definitions shall apply to this Request for Production of Documents:

1. "You," "Your" or "Callis" refers to Defendant Anne Callis, and any person or entity who was, or purported to be, acting on her behalf, including, but not limited to, her attorneys, paralegals, employees, agents, media representatives, public relations consultants, co-counsel, and any related or affiliated entity or person.

2. "Holland Law" refers to Defendant Holland Law Firm LLC, and any person or entity who was, or purported to be, acting on its behalf, including, but not limited to, its attorneys,

employees, partners, agents, co-counsel, public relations consultants, media representatives, and any related or affiliated entity or person.

3. "Dr. Colker" refers to Plaintiff Carlon M. Colker, M.D., and any person or entity who was, or purported to be, acting on his behalf, including, but not limited to, his attorneys, employees, agents, representatives, and any related or affiliated entity or person.

4. "Peak Wellness" refers to Plaintiff Peak Wellness, Inc., and any person or entity who was, or purported to be, acting on its behalf, including, but not limited to, its attorneys, employees, agents, representatives, and any related or affiliated entity or person.

5. The term "Plaintiffs" refers to Dr. Colker and Peak Wellness and any of their agents or representatives.

6. "WWE Litigation" means the civil action filed on or about January 25, 2024, by Callis, on behalf of Patient, in the United States District Court for the District of Connecticut, styled *Grant v. World Wrestling Entertainment, Inc., et al.,* Case No. 3:24-cv-00090, and any related filings, pleadings, communications, or proceedings.

7. The term "Patient" means the individual treated by Plaintiffs and referenced under pseudonym in the WWE Litigation, and on whose behalf Holland Law Firm acted in related legal proceedings.

8. "Patient's medical records" means all documents or data created or maintained by Plaintiffs concerning the diagnosis, care, or treatment of Patient, including clinical notes, prescriptions, lab results, infusion logs, billing records, and documents stored in the DrChrono electronic medical records system, along with any associated metadata.

9. "McMahon" refers to Vince McMahon, the individual named as a defendant in the WWE Litigation and referenced throughout the Complaint, including any agents, representatives, or persons acting on his behalf.

10. "Pre-Suit Discovery Action" means the petition filed on or about July 1, 2024 by Callis, on behalf of Patient, in Connecticut Superior Court seeking pre-suit discovery from Plaintiffs, including but not limited to the Bill of Discovery and any related filings, correspondence, or proceedings.

11. "Press Release" means the October 15, 2024 written statement issued by Defendants to the media concerning Plaintiffs.

12. "Press Conference" refers to the October 15, 2024 video presentation on YouTube or any similar public broadcast made by Callis or Holland Law referring to Plaintiffs.

13. The term "Media" means any journalist, reporter, press outlet, blogger, podcaster, or publisher, whether print, television, radio, online, or social media-based.

14. The term "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

15. The term "document" means any medium upon which intelligence or information can be recorded or retrieved and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, article, publication, brochure, manual, periodical, letter, correspondence, journal, memorandum (including any memorandum of report of a meeting or conversation), invoice, bill, order form, receipt, voucher, check, financial statements, accounting entry, instruction, schedule, shop order, diary, calendar, telex, telegram, cable, report,


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

record, minutes, notice, contract, agreement, study, work paper, handwritten note, draft, demand, chart, paper, print, laboratory record, drawing sketch, diagram, form, graph, index list, tape, photograph, microfilm, videotape, motion picture, model, map, plat, data sheet, data proceeding, card, emails, computer files, back-up tapes, hard disks, litigation data bases, communication, digital message, voice message, voicemail, direct message, WhatsApp message, WeChat message, Facebook message, X/Twitter direct message, iMessage, text message, oral, written or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, memoranda, letters, telecopies, telexes, email messages, conferences, seminars, or notes, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however, produced and reproduced, that is in your possession, custody or control.

16. The terms "and" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information which otherwise might be construed to be outside its scope.

17. The terms "relating to" and "concerning" means containing, constituting, comprising, showing, evidencing, mentioning, reflecting, pertaining to, or referring to in any way, directly or indirectly, and is meant to include, without limitation, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by the request.

18. The term "any" means one or more.

19. The term "Action" shall mean the case identified in the caption herein.

20. The term "person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

21. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

22. Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

**INSTRUCTIONS**

1. In complying with this Request for Production of Documents, you are required to produce all documents specified herein which are in your possession, custody, or control, including documents in the possession of your attorneys, accountants, advisors or other persons directly or indirectly employed by or connected with you, or your attorneys, and/or anyone else otherwise subject to your control.

2. Each document produced should be specifically identified with the specific request made herein and should be produced in a form which renders the document susceptible to copying.

3. If any request cannot be complied with in full, it should be complied with to the extent possible and an explanation provided as to why full compliance is not possible.

4. If any claim of privilege is asserted as to any requested documents (or any portion thereof), you shall furnish in lieu of any documents withheld, a schedule which specifically states the following information for each document (or portion) withheld:

a. The type of document (*i.e.,* letter, notes, memorandum, work paper);

b. The date;


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

c. The author;

d. The subject matter of the document;

e. The basis on which the privilege is claimed;

f. All persons to whom the document or its contents have been disclosed;

g. The names and addresses of all persons who received copies of the documents, as reflected on the documents;

h. The number of pages; and

i. The number of attachments or appendices.

5. If you assert the attorney-client privilege, you should also state the name and address of the law firm, if applicable, and identify the attorneys involved, and furnish all bills for legal services (if appropriate), time records, payment ledgers, retainer agreements and all other documents which establish the existence of the attorney-client privilege and describe the scope of the legal services furnished. All segregable portions of any document, as to which no claim of privilege is being asserted, should be produced in redacted form, clearly identifying the portion redacted and the basis for the redaction.

6. If you assert the work product doctrine, you should state the name(s) of the person(s) who prepared the document, the litigation in anticipation of which the document was prepared, who ordered or requested that the document be prepared and the persons for whom the document was prepared.

7. The source of each document shall be specifically identified.

8. Unless otherwise agreed upon, all documents shall be produced in their original form and in the form in which they are maintained in the ordinary course of business, and should identify the current and any former custodian(s) of such records.


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

9. These requests and all subsequent requests shall be deemed to be continuing until and during the course of trial. Documents that you obtain or discover after you serve your answers must be disclosed by supplementary answers to the Plaintiff without further request.

10. Each request shall be responded to separately. Requests shall not be combined for the purpose of supplying a common response thereto, nor shall portions of one response be incorporated by reference into another response.

11. In the event that any document called for by this Request has been discarded or destroyed, placed beyond your control or otherwise disposed of, that document shall be identified as follows: (a) preparer(s); (b) addressee(s); (c) recipient(s) of indicated or blind copies; (d) date; (e) type of document; (f) subject matter; (g) number of pages; (h) number and identity of attachments or appendices; (i) all persons to whom distributed, shown or explained; (j) date of disposal or destruction; (k) reason for disposal or destruction; (l) person(s) authorizing disposal or destruction; and (m) person(s) discarding or destroying the document.

12. Whenever a request is stated in the conjunctive, it shall also be taken in the disjunctive, and vice versa.

13. Whenever a request is stated in the singular, it shall also be taken in the plural, and vice versa.

14. The use of any gender includes the other gender, except where circumstances make it inappropriate.

15. The use of any tense of any verb includes all other tenses of the verb so used, except where circumstances make it inappropriate.

16. Unless otherwise stated, the timeframe for the below document requests is from November 2019 until present.


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

## REQUESTS FOR PRODUCTION

1. Any documents and communications concerning the receipt, review, or discussion of Patient's medical records received from Plaintiffs.

**Response:**

2. Any documents and communications between You and any person, other than the Patient, whom You interviewed, consulted, or otherwise relied upon concerning the accuracy of any statements made about Plaintiffs in the Press Release or Press Conference.

**Response:**

3. Any documents and communications concerning any complaint, inquiry, or comment received from a third party relating to the content, accuracy, or impact of the Press Release or Press Conference.

**Response:**

4. Any documents and communications reflecting Your knowledge that statements made in the Press Release or Press Conference were inconsistent with Patient's medical records.

**Response:**

5. Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs forced Patient to accept intravenous infusions of unknown contents.

**Response:**


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

6. Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs allowed unauthorized access to Patient's medical records.

**Response:**

7. Any documents and communications concerning allegations that Plaintiffs withheld medical records.

**Response:**

8. Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs routinely broke doctor-patient trust.

**Response:**

9. Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs injected unknown substances into Patient.

**Response:**

10. Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs directed Patient to take unlabeled pills and dismissed her questions about them.

**Response:**

11. Any documents and communications exchanged between You and any Person concerning allegations that Dr. Colker violated ethical and medical standards.


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

**Response:**

12. Any documents and communications exchanged between You and any Person concerning allegations that Dr. Colker was on McMahon's payroll and accessed Patient's private medical records.

**Response:**

13. Any documents and communications exchanged between You and any Person concerning allegations that Dr. Colker coerced Patient into continuing treatment at Peak Wellness.

**Response:**

14. Any documents and communications exchanged between You and any Person concerning allegations that Patient was getting progressively worse during her treatment at Peak Wellness.

**Response:**

15. Any documents and communications between You and any Media referencing Plaintiffs.

**Response:**

16. Any documents and communications related to statements made about Plaintiffs in the WWE litigation.

**Response:**


**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

17. Any documents and communications related to Your preparation for the Press Release and Press Conference.

**Response:**

18. Any communications with Patient or co-counsel concerning the public dissemination, media coverage, or reputational impact of the Pre-Suit Discovery Action.

**Response:**



**Brito, PLLC**
2121 Ponce De Leon Boulevard, Suite 650 | Coral Gables, Florida 33134
Telephone: (305) 614-4071

Date: August 7, 2025

Respectfully submitted,

By: /s/ *Alejandro Brito*

**Alejandro Brito**
Florida Bar No. 098442
*Pro Hac Vice Admitted*
**Lara Juliette Fernandez**
Florida Bar No. 1059162
*Pro Hac Vice Admitted*
BRITO, PLLC
2121 Ponce de Leon Boulevard
Suite 650
Coral Gables, FL 33134
Office: 305-614-4071

**Dennis M. Durao**
KARSTEN & TALLBERG, LLC
500 Enterprise Drive
Suite 4B
Rocky Hill, CT 06067

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on August 7, 2025 upon:

Timothy Gondek, Esq.
Hannah Meyers, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP
185 Asylum Street
Suite 2603
Hartford, Connecticut 06103
Timothy.Gondek@LewisBrisbois.com
Hannah.Meyers@LewisBrisbois.com
hartfordeservice@lewisbrisbois.com
*Counsel for Defendants*

Alexa T. Millinger
William S. Fish, Jr.
HINCKLEY ALLEN & SNYDER LLP
20 Church Street, 18th Floor
Hartford, Connecticut 06103
amillinger@hinckleyallen.com
wfish@hinckleyallen.com
*Counsel for Defendants*

By: /s/ *Alejandro Brito*