**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CARLON M. COLKER, M.D., ET AL<br>Plaintiff<br><br>v.<br><br>ANNE CALLIS, ET AL<br>Defendant | CASE #: 3:25-cv-00711<br><br><br><br>MAY 19, 2026 |

**DEFENDANT ANN CALLIS' RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION**

Defendant Ann Callis ("Callis") hereby provides the following objections and responses to Plaintiffs' First Requests for Production. A privilege log will be provided in accordance with Fed. R. Civ. P. 26(b) and Local Rule 26(e) with respect to any documents being withheld subject to either the attorney-client privilege or work-product doctrine by way of objections raised below.

**REQUESTS FOR PRODUCTION**

**GENERAL OBJECTIONS**

Defendant objects, generally and in full, to the "definitions" and "instructions" sections of the Plaintiff's First Set of Interrogatories to the extent that those sections expand the scope of discovery beyond that allowed either by the Federal Rules of Civil Procedure (with specific reference to Rule 26) or Local Rule 26. Defendant further objects to the extent that the "definitions" and "instructions" assume the existence of facts not yet established or which are in dispute, and that the "definitions" and "instructions" used by the Plaintiff seek to impose an undue burden upon the Defendant. Defendant further objects to the burden imposed by the

Plaintiff's "definitions" and "instructions" in that those sections of the discovery requests impermissibly expand the scope of discovery to a time period approximately five years prior to the making of the alleged defamatory statements at issue within the Complaint. Defendant also objects to the "definitions" and "instructions" as they seek to impose upon the Defendant certain rules of Plaintiff's own construction as to both the attorney-client privilege and the work-product doctrine which place upon the Defendant an undue burden designed to undermine and curtail the protections afforded by both privileges.

**RESPONSES**

1. Any documents and communications concerning the receipt, review, or discussion of Patient's medical records received from Plaintiffs.

**OBJECTION: Defendant objects to this request for production on the grounds that it specifically seeks documents and communications protected by the work-product doctrine, as Patient's medical records were sought in connection with multiple legal actions where defendant was acting as counsel of record. Any internal discussion between defendant and her staff, colleagues, co-counsel, collaborating counsel or associates regarding defendant's attempts to retrieve Patient's medical records, receive those records, review or discuss those records speak directly to defendant's mental impressions and attorney opinion. Without waiving the foregoing objection, any documents and communications which exist concerning the "receipt, review or discussion of Patient's medical records" not subject to the work-product doctrine have been produced herewith.**

2. Any documents and communications between You and any Person, other than the Patient, whom You interviewed, consulted, or otherwise relied upon concerning the accuracy of any statements made about Plaintiffs in the Press Release or Press Conference.

**<u>OBJECTION</u>: Defendant objects to this request for production on the grounds that it specifically seeks documents and communications protected by the work-product doctrine; the statements in question arose out of and related directly to at least one, if not multiple legal actions in which defendant was counsel of record. Any evaluation of the accuracy of those statements, including interviews, consults, or investigations thereto, represent attorney work product in the form of attorney opinion and mental impressions. Without waiving the foregoing objection, no such documents exist other than documents and communication reflecting attorney work product.**

3. Any documents and communications concerning any complaint, inquiry, or comment received from a third party relating to the content, accuracy, or impact of the Press Release or Press Conference.

**<u>RESPONSE:</u> No complaints were received regarding the Press Release or Press Conference other than those raised by the Plaintiffs. Produced herewith is a copy of the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois' letter enclosing Dr. Colker's complaint against defendant Callis and declining to initiate an inquiry into that complaint.**

4. Any documents and communications reflecting Your knowledge that statements made in the Press Release or Press Conference were inconsistent with patient's medical records.

**<u>OBJECTION</u>: Defendant objects to this request for production on the grounds that it specifically seeks documents and communications protected by the work-product doctrine, as Patient's medical records were sought in connection with multiple legal actions where defendant was counsel of record. This interrogatory therefore specifically seeks**

**information related to attorney opinion and mental impression formed in evaluating or analyzing those records in the context of those actions. Without waiving the foregoing objection, no such documents or communications exist.**

5. Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs forced patient to accept intravenous infusions of unknown contents.

**<u>OBJECTION</u>: Defendant objects to this request for production on multiple grounds. First, the use of the term "allegations" is misleading. Defendant further objects to this request for production on the grounds that it specifically seeks documents and communications protected by the work-product doctrine, as well as those protected by the attorney-client privilege. Without waiving that objection, provided herewith is a copy of Patient's medical records as provided by Plaintiffs.**

6. Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs allowed unauthorized access to patient's medical records.

**<u>OBJECTION</u>: Defendant objects to this request for production on multiple grounds. First, the use of the term "allegations" is misleading. Defendant further objects to this request for production on the grounds that it specifically seeks documents and communications protected by the work-product doctrine, as well as those protected by the attorney-client privilege.**

7. Any documents and communications concerning allegations that Plaintiffs withheld medical records.

**<u>OBJECTION</u>: Defendant objects to this request for production on multiple grounds. First, the use of the term "allegations" is misleading. Defendant further objects to this request for production on the grounds that it specifically seeks documents and communications protected by the work-product doctrine, as well as those protected by the attorney-client privilege.**

8. Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs routinely broke doctor-patient trust.

**<u>OBJECTION</u>: Defendant objects to this request for production on multiple grounds. First, the use of the term "allegations" is misleading. Defendant further objects to this request for production on the grounds that it specifically seeks documents and communications protected by the work-product doctrine, as well as those protected by the attorney-client privilege.**

9. Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs injected unknown substances into Patient.

**<u>OBJECTION</u>: Defendant objects to this request for production on multiple grounds. First, the use of the term "allegations" is misleading. Defendant further objects to this request for production on the grounds that it specifically seeks documents and communications protected by the work-product doctrine, as well as those protected by the attorney-client privilege. Without waiving that objection, provided herewith is a copy of Patient's medical records, provided by Plaintiffs.**

10. Any documents and communications exchanged between You and any Person concerning allegations that Plaintiffs directed Patient to take unlabeled pills and dismissed her questions about them.

**<u>OBJECTION</u>: Defendant objects to this request for production on multiple grounds. First, the use of the term "allegations" is misleading. Defendant further objects to this request for production on the grounds that it specifically seeks documents and communications protected by the work-product doctrine, as well as those protected by the attorney-client privilege.**

11. Any documents and communications exchanged between You and any Person concerning allegations that Dr. Colker violated ethical and medical standards.

**<u>OBJECTION</u>: Defendant objects to this request for production on multiple grounds. First, the use of the term "allegations" is misleading and not reflective of the claims made within the complaint. Defendant further objects to this request for production on the grounds that it specifically seeks documents and communications protected by the work-product doctrine, as well as those protected by the attorney-client privilege. Without waiving that objection, provided herewith is a copy of Patient's medical records, provided by Plaintiffs.**

12. Any documents and communications exchanged between You and any Person concerning allegations that Dr. Colker was on McMahon's payroll and accessed Patient's private medical records.

**<u>OBJECTION</u>: Defendant objects to this request for production on multiple grounds. First, the use of the term "allegations" is misleading and not reflective of the claims made within the complaint. Defendant further objects to this request for production on the grounds**

**that it specifically seeks documents and communications protected by the work-product doctrine, as well as those protected by the attorney-client privilege.**

13. Any document and communications exchanged between You and any Person concerning allegations that Dr. Colker coerced Patient into continuing treatment at Peak Wellness.

**OBJECTION: Defendant objects to this request for production on multiple grounds. First, the use of the term "allegations" is misleading and not reflective of the claims made within the complaint. Defendant further objects to this request for production on the grounds that it specifically seeks documents and communications protected by the work-product doctrine, as well as those protected by the attorney-client privilege.**

14. Any documents and communications exchanged between You and any Person concerning allegations that Patient was getting progressively worse during her treatment at Peak Wellness.

**OBJECTION: Defendant objects to this request for production on multiple grounds. First, the use of the term "allegations" is misleading and not reflective of the claims made within the complaint. Defendant further objects to this request for production on the grounds that it specifically seeks documents and communications protected by the work-product doctrine, as well as those protected by the attorney-client privilege. Without waiving that objection, provided herewith is a copy of Patient's medical records, provided by Plaintiffs.**

15. Any documents and communications between You and any Media referencing Plaintiffs.

**<u>OBJECTION:</u> Defendant objects to this request on the ground that it is vague and unclear, as well as irrelevant to the claims made by Plaintiffs within the pending action. A blanket request for any communications or documents which merely refer to the Plaintiffs is irrelevant to Plaintiffs' claims regarding the statements at issue as raised within the complaint. Without waiving the foregoing objection, Defendant received a handful of inquiries from members of the media regarding filings in the Discovery Action, copies of which have been provided herewith. No other such documents or communications exist to the defendant's knowledge other than the Press Release and Press Conference.**

16. Any documents and communications related to statements made about Plaintiffs in the WWE litigation.

**<u>OBJECTION:</u> Defendant objects to this request on the ground that it is vague and unclear, as well as irrelevant to the claims made by Plaintiffs within the pending action. Specifically, it is not understood what is meant by "statements made about Plaintiffs in the WWE litigation." Further, the blanket request for "any documents and communications" related to a litigation in which defendant is counsel of record necessarily implicates the work-product doctrine and potentially the attorney-client privilege, though to what degree the defendant is uncertain given the unclear manner in which this request is phrased. Finally, defendant objects on the ground that this request is irrelevant to the claims raised in Plaintiffs' complaint, which do not concern any statements made within the WWE litigation.**

17. Any documents and communications related to Your preparation for the Press Release and Press Conference.

**<u>OBJECTION:</u> Defendant objects to this request for production on the grounds that it specifically seeks documents and communications protected by the work-product doctrine, as well as those protected by the attorney-client privilege. The Press Release and Press Conference were both inextricably intertwined with the filing of a brief in the Discovery Action. Any documents and communications related to preparation for the same necessarily implicate both privileges as they reflect sensitive discussion of attorney opinion, mental impression, strategy, as well as the privileged exchange of information with Defendant's client, and as such is not subject to discovery or disclosure.**

18. Any communications with Patient or co-counsel concerning the public dissemination, media coverage, or reputational impact of the Pre-Suit Discovery Action.

**<u>OBJECTION:</u> Defendant objects to this request for production on the grounds that it specifically seeks documents and communications protected by the work-product doctrine, as well as those protected by the attorney-client privilege. Any discussion with Defendant's client or co-counsel regarding the "impact" of the Discovery Action necessarily implicates either privileged information exchanged with client, or reflects attorney opinion, mental impression, or legal strategy, and as such is not subject to discovery or disclosure.**

Respectfully submitted,
ANN CALLIS
HOLLAND LAW FIRM LLC

By: */s/ Timothy Gondek / Juris #ct29190*

Timothy Gondek
Hannah Meyers
LEWIS BRISBOIS BISGAARD & SMITH, LLP
185 Asylum Street
Suite 2603
Hartford, Connecticut 06103
Timothy.Gondek@LewisBrisbois.com
Hannah.Meyers@LewisBrisbois.com
hartfordeservice@lewisbrisbois.com
Tel: (860) 748-4806
Fax: (860) 748-4857

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2026, a true and correct copy of the foregoing was served upon the following via electronic mail with confirmation copy by regular mail:

Alejandro Brito, Esq.
Lara Juliette Fernandez, Esq.
Brito, PLLC
2121 Ponce de Leon Boulevard, Suite 650
Coral Gables, FL 33134
Tel: (305) 614-4071
Fax: (305) 440-4385
abrito@britopllc.com
lfernandez@britopllc.com
(Counsel for Plaintiffs – Peak Wellness, Inc. and Carlon M. Colker)

Dennis M. Durao, Esq.
Karsten & Tallberg LLC
500 Enterprise Drive, Suite 4B
Rocky Hill, CT 06067
Tel: (860) 233-5600
Fax: (860) 233-5800
ddurao@kt-lawfirm.com
(Counsel for Plaintiffs – Peak Wellness, Inc. and Carlon M. Colker)

Alexa T. Millinger, Esq.
William S. Fish, Jr., Esq.
Hinckley Allen & Snyder LLP
20 Church Street, 18th Floor
Hartford, CT 06103
amillinger@hinckleyallen.com
wfish@hinckleyallen.com
kalbino@hinckleyallen.com
(Counsel for Defendants – Holland Law Firm LLC and Ann Callis)

*/s/ Timothy Gondek*
Timothy Gondek