**RETURN DATE: JULY 23, 2024**

| | | |
|---|---|---|
| JANEL GRANT, | : | SUPERIOR COURT |
| Plaintiff, | : | JUDICIAL DISTRICT OF STAMFORD |
| v. | : | AT STAMFORD |
| CARLON M. COLKER, M.D. and PEAK WELLNESS, INC. | : | |
| Defendants. | : | JULY 1, 2024 |

**COMPLAINT – BILL OF DISCOVERY**

1. This is a pre-action discovery petition brought forth pursuant to Connecticut General Statutes § 52-156a.

2. Plaintiff Janel Grant ("Plaintiff" or "Ms. Grant") is a resident of Stamford, Connecticut.

3. Upon information and belief, Defendant Carlon M. Colker, M.D. ("Dr. Colker") resides at 8 Wildcat Road, Darien, CT 06820.

4. At all times relevant to this action, Dr. Colker has been a physician licensed to practice medicine in the State of Connecticut.

5. Defendant Peak Wellness, Inc. ("Peak Wellness," and together with Dr. Colker, "Defendants") is a Connecticut corporation with a principal place of business located at 195 Field Point Road, Greenwich, CT 06830.

6. Upon information and belief, Peak Wellness is wholly owned by Dr. Colker, who serves as the Director.

7. Peak Wellness operates a medical center that markets itself as providing traditional medical care along with advanced diagnostics, functional medicine, naturopathy, physical

medicine, anti-aging, and aesthetics. Among the services offered are private concierge medicine, customized vitamin protocols, medical cannabis, weight loss counseling, physical performance testing, facial injectables, and an I.V. drip lounge.

8. Dr. Colker is Chief Executive Officer and Medical Director of the medical center. Upon information and belief, Dr. Colker routinely treats employees and talent of World Wrestling Entertainment, Inc. n/k/a World Wrestling Entertainment, LLC ("WWE"), headquartered in Stamford, Connecticut.

9. In a federal complaint dated January 25, 2024, Ms. Grant brought, *inter alia*, sex trafficking and sexual assault claims against the WWE, its Founder and Executive Chairman Vincent K. McMahon ("McMahon"), and its former executive John Laurinaitis, which are currently pending in the United States District Court, District of Connecticut.[1]

10. Ms. Grant is a former employee of the WWE, having worked there from June 2019 through March 2022.

11. In or about November 2019, McMahon arranged that Ms. Grant see Dr. Colker to treat her fatigue and insomnia.

12. At McMahon's direction, Ms. Grant began seeing Dr. Colker regularly. From November 22, 2019 through April 15, 2022, Ms. Grant saw Dr. Colker or another practitioner at Peak Wellness on at least 60 occasions.

13. On multiple visits, Dr. Colker prescribed Ms. Grant with "adrenal trays" or "adrenal supplement trays," provided by his office and instructed her to take the unmarked pills daily. Dr. Colker did not explain the substances, dosages, or purpose of the pills to Ms. Grant beyond

[1] *See Janel Grant v. World Wrestling Entertainment, Inc. n/k/a World Wrestling Entertainment, LLC, et al.*, Docket No. 3:24-cv-00090-JAM (D. Conn. January 25, 2024) (the "Federal Action"). A copy of the Complaint is appended hereto as **Exhibit A**.

purportedly addressing her symptoms of fatigue. When Ms. Grant asked Dr. Colker about the substance of the supplement trays, and specifically which substance(s) caused her to experience nausea, he responded with pushback about trust, including, "If you don't trust me, we have bigger problems."

14. Dr. Colker also prescribed weekly I.V. infusions, and similarly did not disclose the substance of the infusions to Ms. Grant, other than a generalized description in a "drip lounge" menu. These treatments caused Ms. Grant to feel unwell during the I.V. sessions, which Dr. Colker attributed to individual "tolerance."

15. Additionally, an employee of Peak Wellness also was involved in several instances of sexual abuse against Ms. Grant by McMahon as further described in Ms. Grant's federal complaint.

16. On Ms. Grant's last visit to Peak Wellness in April 2022, Dr. Colker demanded that she sign a statement that required her to provide a credit card to pay for her visits to the clinic. When Ms. Grant refused, Dr. Colker berated her and asked, "What's the matter, Janel – is there a problem with money? Is this about the NDA?"

17. By letters dated February 5, 2024 and March 20, 2024, Ms. Grant, through counsel, requested her medical records from Peak Wellness in electronic format pursuant to the Health Information Technology for Economic and Clinical Health Act ("HITECH Act").

18. In response to each letter, Dr. Colker and Peak Wellness provided records to Ms. Grant's counsel in paper copies only. Peak Wellness used electronic recordkeeping for Ms. Grant's medical records, as she was instructed to utilize an iPad for administrative purposes, such as patient intake, in the Peak Wellness office. To date, despite repeated requests, Dr. Colker

and Peak Wellness has failed or refused to provide Ms. Grant's electronic medical records, including any associated metadata.

19. Upon review, Ms. Grant and her counsel noticed that the provided paper records are incomplete and inaccurate. For example, there are billing records that do not have a corresponding medical record, medical records that do not have a corresponding billing record, inconsistent billing rates, and double charges.

20. The medical records provided by Peak Wellness also do not contain a copy of Peak Wellness' Privacy Policy, despite the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") requirement that covered entities distribute a plain-language Notice of Privacy Practices to all patients describing their policies for using and distributing protected health information.

21. Additionally, each of the "Patient Receipts" Defendants provided itemize the charges for each service provided and indicate that "Patient Paid" the full amount. However, Ms. Grant never received or paid a single medical bill from either Peak Wellness or Dr. Colker.

22. Upon information and belief, McMahon and/or WWE paid each of Ms. Grant's medical bills from Peak Wellness and Dr. Colker, totaling over $51,000.

23. Further, Dr. Colker had personal knowledge of the circumstances surrounding a purported non-disclosure agreement at issue in the Federal Action. Specifically, during the negotiation of the purported non-disclosure agreement, McMahon approved of Ms. Grant asking Dr. Colker for an attorney referral. Dr. Colker recommended Defendants' attorney to Ms. Grant and, upon McMahon's approval, Ms. Grant engaged that attorney to represent her in the negotiation of the purported non-disclosure agreement.

24. Plaintiff seeks records and testimony from Defendants regarding:

a. Plaintiff's electronic medical records, including all associated metadata;

b. Defendants' recordkeeping and billing procedures;

c. Payment records relating to Ms. Grant;

d. Defendants' payment arrangements with McMahon and/or the WWE;

e. The purpose of Ms. Grant's prescribed treatments;

f. The substance of Ms. Grant's prescribed treatments;

g. Any communications between Dr. Colker and McMahon relating to Ms. Grant; and

h. Dr. Colker's involvement in recommending Ms. Grant's attorney for negotiation of the purported non-disclosure agreement.

25. The information that Ms. Grant has requested is material and necessary to determine whether Defendants were civil conspirators in her pending claims against McMahon and the WWE.

26. The information is also material and necessary to determine whether Defendants have engaged in falsifying medical records, Racketeer Influenced and Corrupt Organizations Act ("RICO") violations, RICO conspiracy, assault, battery, and/or breaches of fiduciary against Ms. Grant.

27. Plaintiff has potential causes of action sounding in civil conspiracy, aiding and abetting, fraud, assault, battery, RICO, RICO conspiracy, and/or breach of fiduciary duty that will be supported by the materials sought.

28. As the parties in control of Ms. Grant's medical records, Defendants are the sole parties in possession of the information in question.

29. Plaintiff has no other adequate remedy at law to obtain the materials requested.

30. As this petition is the sole remedy at law that allows Plaintiff to determine the existence of a cause of action against Dr. Colker and/or Peak Wellness, granting this petition will prevent a failure or delay in justice.

**PLAINTIFF JANEL GRANT**

By: Erica O. Nolan

David A. Slossberg, Esq.
Erica O. Nolan, Esq.
HURWITZ, SAGARIN, SLOSSBERG & KNUFF, LLC
135 Broad Street
Milford, CT 06460
Tel: 203-877-8000/Fax: 203-878-9800
Juris No. 026616
DSlossberg@hssklaw.com
ENolan@hssklaw.com

Ann E. Callis*
HOLLAND LAW FIRM, LLC
6181 Bennett Drive, Suite 210
Edwardsville, IL 62025
Tel: 618-452-1323/Fax: 618-452-8024
acallis@hollandtriallawyers.com

**Seeking admission pro hac vice*

**RETURN DATE: JULY 23, 2024**

| | |
|---|---|
| JANEL GRANT,<br><br>Plaintiff,<br><br>v.<br><br>CARLON M. COLKER, M.D. and<br>PEAK WELLNESS, INC.<br><br>Defendants. | SUPERIOR COURT<br><br>JUDICIAL DISTRICT OF STAMFORD<br><br>AT STAMFORD<br><br><br><br><br><br>JULY 1, 2024 |

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests an order from the Court:

1. Discovery of records and/or correspondence in the Defendants' possession and control pertaining to the medical treatment provided by Defendants to Plaintiff;

2. Allowing subpoenas to be issued such that depositions of the Defendants may be taken by the undersigned to ascertain, among other things, Dr. Colker's knowledge of the facts underlying Ms. Grant's federal claims; and

3. Any and all other relief at law or equity that the Court deems just or proper.

**PLAINTIFF JANEL GRANT**

By: Erica O. Nolan

David A. Slossberg, Esq.
Erica O. Nolan, Esq.
HURWITZ, SAGARIN, SLOSSBERG & KNUFF, LLC
135 Broad Street
Milford, CT 06460
Tel: 203-877-8000/Fax: 203-878-9800
Juris No. 026616
DSlossberg@hssklaw.com
ENolan@hssklaw.com

Ann E. Callis*
HOLLAND LAW FIRM, LLC
6181 Bennett Drive, Suite 210
Edwardsville, IL 62025
Tel: 618-452-1323/Fax: 618-452-8024
acallis@hollandtriallawyers.com

**Seeking admission pro hac vice*